IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ROBBIE MOORE, | ) | |
| | ) | |
| Petitioner, | ) | No. 07 C 2062 |
| | ) | |
| v. | ) | The Honorable |
| | ) | Michael P. McCuskey, |
| TERRY McCANN, Warden, | ) | Judge Presiding. |
| Stateville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and this Court's order dated April 11, 2007, to answer or otherwise plead to the petition for writ of habeas corpus filed in the above-captioned cause, respondent TERRY MCCANN files this Answer, and states as follows:

1.    Petitioner, Robbie Moore, identified as prisoner #B16483, is incarcerated at the Stateville Correctional Center in Joliet, Illinois, where he is in the custody of the warden of that facility, Terry McCann.

2.    In 1997, following a bench trial in the Circuit Court of Vermilion County, petitioner was convicted of three counts of predatory criminal sexual assault of a child and one count of aggravated criminal sexual abuse. He was sentenced to three 20-year terms of imprisonment and one 7-year term of imprisonment, to be served consecutively. (Exh. J). On appeal, the Supreme Court

1

of Illinois reversed petitioner's predatory criminal sexual assault convictions,

holding that the crime did not exist at the time of the offense, since predatory

criminal sexual assault was created as part of an unconstitutional public act. (Exh.

J). Petitioner's aggravated criminal sexual abuse conviction was unaffected by the

state supreme court's judgment. In 2000, petitioner was recharged with three

counts of aggravated criminal sexual assault and retried by a jury in the Circuit

Court of Vermilion County. (Exh. A at 6). Among other sexual assaults involving

two victims (Exh. A at 6-9), petitioner sexually assaulted a minor, J.G., by sticking

his finger in J.G.'s anus. (Exh. C. at 5). He was found guilty after a jury trial and

the court imposed three consecutive 30-year terms of imprisonment. (Exh. A at 9;

Exh. C at 1).

     3.     Petitioner appealed to the Appellate Court of Illinois, Fourth District,

claiming that:

     1.     the State's failure to notify him of its intent to admit statements
under section 115-10 of the Code of Criminal Procedure required
a new hearing to determine the admissibility of those
statements;

     2.     he was not proven guilty beyond a reasonable doubt of sexually
assaulting victim J.G.;

     3.     he was entitled to a new sentencing hearing because, after his
retrial, he received a sentence longer than his previous sentence;
and

     4.     he was entitled to additional days of sentencing credit.

(Exh. A at 1-2).

On December 12, 2002, the state appellate court affirmed petitioner's convictions, but remanded with directions to modify his sentence from 30 to 20 years' imprisonment for each count, to be served consecutively.  (Exh. C).

    4.     Petitioner did not file a petition for leave to appeal (PLA) in the state supreme court.

    5.     On May 27, 2003, petitioner filed a pro se petition for postconviction relief in the Circuit Court of Vermilion County regarding his first and second trials (only his second trial is relevant here) pursuant to the Illinois Post-Conviction Hearing Act.  *See* 725 ILCS 5/122-1, *et. seq.*  (Exh. F).  Petitioner claimed that:

1. the state appellate court did not properly consider relevant case law;

2. the State did not prove all elements of his guilt beyond a reasonable doubt regarding victim J.G.;

3. the trial court denied his Sixth Amendment right to confront his accuser;

4. his trial counsel was ineffective for failing to object to the placement of the child-victim out of petitioner's line of sight as the child was testifying;

5. his trial counsel and appellate counsel were ineffective for failing to impeach all of the State's witnesses;

6. trial counsel should have tendered a "lesser offence [sic] instruction"; and

7. his appellate counsel was ineffective for failing to raise the above issues on direct appeal.

(Exh. D).

On June 19, 2003, the state postconviction trial court denied all of the claims in petitioner's postconviction petition as forfeited or not supported by affidavit or other material, except the allegation regarding the victim's physical placement during the victim's in-court testimony. (Exh. E). Through counsel, petitioner filed an amended postconviction petition arguing that, during the victim's testimony, petitioner's view of the witness was obstructed, impeding his ability to aid his attorney during cross-examination, and that his trial counsel was ineffective for failing to object to the obstruction. (Exh. F). The trial court held an evidentiary hearing on petitioner's amended petition, and ultimately denied him relief. (Exh. J at 3-5).

6.    Petitioner appealed to the state appellate court and his attorney filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley,* 481 U.S. 551 (1987). (Exh. G). Petitioner filed a response, and claimed:

1.    during his first and second trials, his charging instruments were unlawful because he was improperly charged by information;

2.    during his first trial, the trial court erroneously granted the State leave to amend his charges;

3.    during his first and second trials, he was not proven guilty beyond a reasonable doubt;

4.    during his first trial, his trial counsel was ineffective;

5.    he was erroneously held after the reversal of his predatory criminal sexual assault convictions;

6.    during his second trial, his attorney was ineffective for stating during closing arguments that petitioner may have just "goosed" the victim;

4

7.    during his second trial, the State attempted to manipulate the law at his sentencing hearing; and

8.    during his direct appeal from his second trial, he asked his public defender to file a PLA in the supreme court and his public defender did not, an omission that constituted ineffective assistance of appellate counsel.

(Exh. H).

On July 11, 2006, the appellate court affirmed.  (Exh. J).

7.    Petitioner filed a PLA in the state supreme court  (Exh. K), arguing that:

1.    his constitutional right to confront his accuser was violated by the court's, the State's Attorney's, and his attorney's actions when the victim was placed out of petitioner's line of sight as the child was testifying in court;

2.    the State's failure to notify petitioner of its intent to admit statements under section 115-10 of the Code of Criminal Procedure requires a new hearing to determine the admissibility of those statements;

3.    he was denied the effective assistance of trial counsel "(3 times)" (Affidavit);

4.    the trial court erred in denying part of petitioner's postconviction petition while allowing part of it to advance;

5.    the State violated section 115-10 of the Code of Criminal Procedure when details were revealed and an in-court identification was made before the minor testified;

6.    he was denied the effective assistance of appellate counsel "(2 times)" (Affidavit);

7.    the language in the aggravated criminal sexual assault statute was unconstitutional; and

8.    the evidence was insufficient because there were inconsistencies in J.G.'s testimony.

(Exh. K).

On November 29, 2006, the state supreme court denied petitioner's PLA.  (Exh. L).

8.    On March 22, 2007, petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254(d), arguing that:

1.    the evidence was insufficient because there were inconsistencies in victim J.G.'s testimony;

2.    trial counsel was ineffective (unspecified grounds);

3.    appellate counsel was ineffective (unspecified grounds);

4.    his double jeopardy rights were violated when he was recharged following reversal by the state supreme court; and

5.    the charging instrument was unconstitutional.

Doc. 4, p. 9.

9.    Petitioner has exhausted his state court remedies in that no such remedies remain available to him for the claims he has raised in his habeas petition.

10.    Under Rule 5, respondent files the following state court materials under separate cover, in support of this answer, as exhibits:

Exh. A:    Pet. Br., *People v. Moore*, No. 4-00-0890 (Ill.App. 4th Dist.);

Exh. B:    State Br., *People v. Moore*, No. 4-00-0890 (Ill.App. 4th Dist.);

Exh. C:    *People v. Moore*, No. 4-00-0890 (Ill.App. 4th Dist. 2000) (Rule 23 Order);

6

Exh. D:   Pro Se Petition for Postconviction Relief, *People v. Moore*, No. 00 CF 246;

Exh. E:   Trial Court Order Denying Part of Postconviction Petition, *People v. Moore*, No. 00 CF 246;

Exh. F:   Amended Petition For Postconviction Relief, *People v. Moore*, No. 00 CF 246;

Exh. G:   Motion to Withdraw As Counsel On Appeal, *People v. Moore*, No. 4-05-0325 (Ill. App. 4th Dist.);

Exh. H:   Pet. Resp., *People v. Moore*, No. 4-05-0325 (Ill.App. 4th Dist.);

Exh. I:   State Br., *People v. Moore*, No. 4-05-0325 (Ill.App. 4th Dist.);

Exh. J:   *People v. Moore*, No. 4-05-0325 (Ill.App. 4th Dist. 2005) (Rule 23 Order);

Exh. K:   PLA, *People v. Moore*, No. 103157; and

Exh. L:   Order Denying PLA, *People v. Moore*, No. 103157.

The state court record is not being filed, as the petition can be disposed of based upon the filed pleadings. *See Kines v. Godinez*, 7 F.3d 574, 577 (7th Cir. 1993) (where federal habeas petitioner does not "identify any inaccuracies or incompleteness" in the appellate court factual summaries, a federal habeas court may exclusively rely on those factual summaries in adjudicating the claims contained in the habeas petition); *see also Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004) (decision of whether transcripts are necessary left to discretion of the district court; review of state court transcripts in habeas proceeding is "rare"). The state court record from petitioner's direct appeal consists of 5 volumes and 13

7

supplemental volumes and is located in the Circuit Court of Vermilion County. The record from his postconviction appeal consists of 4 volumes and is located in the state appellate court.

## ARGUMENT

## I.    Procedural Default

A federal court cannot address the merits of constitutional claims brought in a habeas petition unless the state courts have had a full and fair opportunity to review them. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001). Procedural default can occur in several ways. A federal court is not permitted to reach the merits of a habeas claim when the state court bases its judgment on an independent finding of procedural default, or forfeiture under state law grounds, where such grounds are "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991)*; Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999). Additionally, a petitioner must give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," either on direct appeal or postconviction review. *Boerckel*, 526 U.S. at 845; *Lewis v. Sternes*, 390 F.3d 1019, 1027 (7th Cir. 2004)*; White v. Godinez.* 192 F.3d 607, 608 (7th Cir. 1999). Further, a claim is procedurally defaulted where the petitioner failed to fairly present his

claim in federal constitutional terms to the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

If a petitioner has procedurally defaulted a claim, this Court can reach its merits, only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *Steward v. Gilmore*, 80 F.3d 1205, 1211-1212 (7th Cir. 1996). Cause sufficient to excuse procedural default has been defined as "some objective factor external to the defense" that precludes a petitioner's ability to pursue the claims in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The "fundamental miscarriage of justice" pathway is limited to the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *see also House v. Bell*, 126 S.Ct. 2064, 2077 (2006). A petitioner who asserts actual innocence to excuse a default "must *demonstrate* innocence; the burden is his, not the state's, for the state has the benefit of the jury's verdict." *Buie v. McAdory*, 341 F.3d 623, 627 (7th Cir. 2003) (emphasis in original).

1.    **Rule 2(c)**

Petitioner argues that he received ineffective assistance of counsel. *See* Claims 2 & 3. But this claim is impermissibly vague and undeveloped. Rule 2(c) of the Rules Governing Section 2254 cases requires that the petition "set forth in

summary form the facts supporting each of the grounds" specified.  A statement of "generalizations and conclusions" is not sufficient, and "notice" pleadings are also not sufficient.  *United States ex rel. Smith v. Page*, 1999 WL 977066, *2 (N.D.Ill. 1999) (*citing Aubut v. Maine,* 431 F.2d 688, 689 (1st Cir. 1970)); s*ee also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (a conclusory allegation of ineffectiveness raises no constitutional issue because a petitioner must show how counsel was deficient and how there was prejudice).  Here the petitioner states only that he received "ineffective assistance of council [sic]," but does not specify further.  Doc. 4, p. 9.  At the end of his habeas petition, petitioner attaches a "case rundown" in which he summarizes the claims that he made at the different levels of his appeals.  However, he does not expand on his "ineffective assistance of council [sic]" habeas claim.  Because petitioner failed to set forth the nature of any of the errors trial or appellate counsel committed and failed to assert any resulting prejudice, these conclusory allegations are insufficient, under Rule 2(c), for respondent to respond to them or for this Court to adjudicate them.  But to the extent that this Court wishes to construe this claim as encompassing those raised in petitioner's postconviction litigation, respondent addresses them as follows.

## 2. <u>Ineffective Assistance of Trial Counsel Defaulted On Two Grounds</u>

In his pro se petition for state postconviction relief, petitioner claimed that his trial counsel was ineffective for: (1) failing to object to the victim's physical placement in the courtroom during the victim's testimony; (2) failing to impeach all

the witnesses; and (3) not tendering a lesser included offense instruction. (Exh. D). In his *Finley* response on postconviction appeal, petitioner argued that his trial counsel was ineffective for stating during closing arguments that petitioner may have just "goosed" the victim. (Exh. H). In his PLA in the state supreme court, petitioner stated that he was denied the effective assistance of trial counsel (3 times), but he did not specify any grounds. (Exh. K). All of these claims are procedurally defaulted.

### A.    Independent and Adequate State Ground

The postconviction trial court found that "none of the issues raised in the Petition were raised by trial counsel in the written post-trial motion of August 7, 2000, nor were they raised on appeal." (Exh. E at 2). However, the trial court also stated that petitioner "alleges at least one issue which could possibly be of constitutional dimension regarding the manner in which the child victim was questioned at trial, which does not appear in the record." (Exh. E at 2). In other words, the postconviction trial court found all petitioner's claims of ineffective assistance of counsel forfeited under governing state rules of procedure, except for the claim regarding counsel's failure to object to the victim's physical placement. (Exh. E at 2).

To enforce a procedural default under the "adequate and independent" doctrine, this Court must ensure that the state court "actually . . . relied on the procedural bar as an independent basis for its disposition of the case." *Harris v. Reed*, 489 U.S. 255, 261-62 (1989). In finding that petitioner had forfeited these

issues, the state postconviction trial court held that petitioner failed to comply with two procedural requirements: (1) that all objections be specific and be included in a posttrial motion; and (2) that issues that could have been raised on direct appeal, but were not are forfeited. (Exh. E at 2). These dual findings of forfeiture were based on an independent and adequate state procedural bar. *See Wright v. Walls*, 288 F.3d 937, 944 (7th Cir. 2002) (under Illinois law, forfeiture is an independent and adequate state law ground); *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997) (forfeiture under Illinois' dual objection/post-trial motion requirement adequate for enforcing procedural default); *Schaff v. Snyder*, 190 F.3d 513, 524-25 (7th Cir. 1999) (forfeiture based on failure to raise available claims on direct appeal constitutes adequate default on federal habeas review). Accordingly, petitioner's federal habeas Claim 2 is procedurally defaulted with respect to counsel's alleged ineffectiveness for: (2) failing to impeach all of the witnesses; and (3) failing to tender a lesser included offense instruction.

These sub-parts of Claim 2 are procedurally defaulted on the additional ground that the state postconviction trial court found that they were not supported by affidavit or other material, as mandated by the Illinois Post-Conviction Hearing Act. (Exhibit E at 2). This omission constitutes a further independent and adequate state law ground, barring substantive federal review. *Spreitzer*, 219 F.3d at 647.

### B.    Claims Not Raised Through One Round Of Review

As discussed, petitioner also argued in his postconviction petition that trial counsel was ineffective because he failed to object to the victim's placement during the victim's testimony.  In his *Finley* response on postconviction appeal, petitioner argued only that trial counsel was ineffective for stating during closing arguments that petitioner may have just "goosed" the victim.  (Exh. H).  In his PLA to the state supreme court, petitioner asserted that he was denied the effective assistance of trial counsel "(3 times)", but he did not specify any grounds.  (Exh. K at Affidavit). In other words, petitioner failed to raise these instance of ineffective assistance of trial counsel throughout the state postconviction review process.  Although these claims are not defaulted on any of the grounds discussed by respondent in the previous subsection, they are still defaulted on a different, but equally dispositive, ground.  Issues raised in state court must submit to "one complete round" of the state appellate review process to be considered in the habeas forum.  *Boerckel,* 526 U.S. at 845; *White v. Godinez*, 192 F.3d at 608.  Because these claims of ineffective assistance of trial counsel were not raised throughout one complete round of state postconviction review, these claims are defaulted.

### 3.    Ineffective Assistance of Appellate Counsel Not Raised Through One Complete Round of Review

The same fate befalls petitioner's claims of ineffective assistance of appellate counsel.  In his postconviction petition, petitioner argued that appellate counsel was ineffective for failing to raise the issues in the postconviction petition on direct

13

appeal.[1]  (Exh. D).  In petitioner's postconviction appeal, petitioner claimed that,

after his direct appeal, he asked his public defender to file a PLA in the supreme

court but counsel did not.[2]  (Exh. H).  In petitioner's postconviction PLA, he claimed

that he was denied the effective assistance of appellate counsel "(2 times)", but did

not specify the alleged deficiencies.  (Exh. K at Affidavit).  Petitioner has defaulted

his ineffective assistance of appellate counsel claims because he did not raise any of

them throughout one complete round of the state postconviction process.  As stated

above, issues raised in state court must submit to "one complete round" of the state

appellate review process to be considered in the habeas forum.  *Boerckel,* 526 U.S.

at 845; *White*, 192 F.3d at 608.  Accordingly, all of petitioner's ineffective of

appellate counsel claims are defaulted.

### 4.    Claim Never Raised Before

Petitioner's Claim 4 — that his rights against double jeopardy were violated

when he was recharged following reversal by the state supreme court — was never

raised in state court, and therefore, is procedurally defaulted; petitioner has never

given the state courts the opportunity to address this claim.  Claims that are raised

---

[1]  Although the trial court found that the issue regarding appellate counsel's ineffectiveness was forfeited because it was not raised in a posttrial motion or on direct appeal (Exh. E at 1-2), petitioner's postconviction petition was the first time the issue could have been raised because it related to appellate counsel's performance.

[2]  Even if petitioner's counsel had filed a PLA in connection with petitioner's direct appeal, it would not have made a difference in terms of petitioner's procedurally defaulted claims except for possibly his claim attacking the sufficiency of the evidence because that was the only claim raised in the appellate court on petitioner's direct appeal that is also raised in his habeas petition.

for the first time on federal habeas review are not reviewable by a federal habeas

court. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Also, issues raised in

state court must submit to "one complete round" of the state appellate review

process to be considered in the habeas forum. *Boerckel,* 526 U.S. at 845; *White,* 192

F.3d at 608. Therefore, this claim is procedurally defaulted and should be denied on

that basis.

## 5.  **Independent and Adequate State Law Ground**

Petitioner's Claim 5 — that his charging instrument is unconstitutional — is

procedurally defaulted because the state postconviction appellate court found that

the argument was forfeited due to petitioner's failure to comply with Illinois

procedural requirements.

The state postconviction appellate court found that petitioner's claim was

"forfeited on review as it could have been raised on direct appeal and was not."

(Exh. J at 6). In finding that petitioner had forfeited this issue, the state appellate

court held that petitioner failed to comply with Illinois' well-established procedural

requirement that issues that could have been raised on direct appeal, but were not,

are forfeited on postconviction review. (Exh. J at 6). Thus, it "actually . . . relied on

the procedural bar as an independent basis for its disposition of the case." *Harris*,

489 U.S. 255 at 261-62. This decision serves as an "independent and adequate"

state law ground to enforce procedural default. *See Wright*, 288 F.3d at 944 (under

Illinois law, forfeiture is an independent and adequate state law ground); *Schaff*,

15

190 F.3d at 524-25 (forfeiture based on failure to raise available claims on direct appeal constitutes adequate default on federal habeas review).

Moreover, this claim is procedurally defaulted because petitioner failed to raise it in one complete round of Illinois court review, either on direct appeal or during postconviction proceedings. *Boerckel*, 526 U.S. at 845. Accordingly, petitioner's Claim 5 is procedurally defaulted.

### 6. Petitioner's Sufficiency Claim Was Not Raised Through The Round Of Review Prescribed by Illinois For Assertion Of Such A Claim

Petitioner's Claim 1 — that the proof of evidence regarding his sexual assault of J.G. was insufficient because there were inconsistencies in J.G.'s testimony — is procedurally defaulted because he failed to raise it through the round of review prescribed by Illinois for assertion of such a claim. Petitioner raised this contention in the appellate court on direct review. (Exh. A at 1-2). However, he did not file a PLA from the appellate court's affirmance of his conviction (and also did not appeal from the imposition of sentence after its remand). So, petitioner failed to present this issue to the Illinois Supreme Court on direct review. Although petitioner raised this claim throughout the postconviction process, the state postconviction appellate court — the last state court to deal with the issue — held that petitioner's "claim that he was not proven guilty beyond a reasonable doubt was decided on direct appeal and is barred by the doctrine of *res judicata*." (Exh. J at 6). In other words, the appellate court declined to review the claim because it had already been decided by that court on direct appeal. Generally, such a ruling on res judicata

16

grounds has no relevance to whether a claim is procedurally defaulted. *Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004) (because a res judicata determination is merits based, it is not a bar to consideration of a claim in a federal habeas action; federal review is precluded by procedural forfeiture, not by res judicata concerns); *Page v. Frank*, 343 F.3d 901, 907 (7th Cir. 2003) (same).   But the import of the appellate court's holding in this case is that petitioner's opportunity to raise his sufficiency contention was on direct review and that he did so [although incompletely because he failed to file a PLA in the Illinois Supreme Court].  The procedural default here occurred not because the appellate court declined to consider petitioner's sufficiency claim on res judicata grounds but when petitioner failed to raise it in his PLA in the Illinois Supreme Court in the round of review Illinois prescribed as his opportunity to do so — petitioner's direct appeal. *See Hogan v. McBride*, 74 F.3d 144, 146, *modified*, 79 F.3d 578 (7th Cir. 1996) (failure to present a claim at the time and in the way required by the State bars review in federal court); *see also Boerckel*, 526 U.S. at 845.  Alternatively, as subsequently explained, this claim has no merit.

### 7. <u>Cause and Prejudice</u>

There are two exceptions to procedural default — cause and prejudice and fundamental miscarriage of justice. *Bell*, 126 S.Ct. at 2076.  Petitioner has not argued either exception, and the Seventh Circuit has declined to analyze an

exception when it is not invoked by the petitioner. *See, e.g., Franklin*, 188 F.3d at

884-85. Thus, neither exception applies to these defaulted claims.

## II.    **The Merits Under the AEDPA**

The sole claim that was possibly preserved and adjudicated on the merits in

state court — Claim 1 — is examined under the lens of AEDPA. AEDPA requires

that this Court deny habeas relief unless the state court decision is either "contrary

to" or employs an "unreasonable application of" United States Supreme Court

precedent, or was premised on an unreasonable determination of facts. 28 U.S.C.

§2254(d)(1)-(2). In these proceedings, the burden falls squarely on petitioner to show

that he is entitled to relief under any of these theories. *Woodford v. Visciotti*, 537

U.S. 19, 25 (2002). Further, this Court must apply the presumption that the state

courts know and follow the rules of federal constitutional law. *Visciotti*, 537 U.S. at

24.

A state court's decision is "contrary to" clearly established federal law "if the

state court arrives at a conclusion opposite to that reached by [the United States

Supreme] Court on a question of law; [or] if the state court confronts facts that are

materially indistinguishable from a relevant Supreme Court precedent and arrives

at a result opposite to [the United States Supreme Court]." *Williams v. Taylor*, 529

U.S. 362, 405 (2000). A federal court should deny habeas relief under the "contrary

to" clause even if the state court's decision is not an exemplar of good legal drafting:

"[a]voiding these pitfalls does not require citation of [Supreme Court] cases –

indeed, it does not even require *awareness* of [Supreme Court] cases, so long as

18

neither the reasoning nor the result of the state-court decision contradicts them."
*Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original).

With respect to the "unreasonable application" prong, the Court instructed that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.*" Williams,* 529 U.S. at 409. The Court cautioned that "an unreasonable application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court has explicitly held that passage of AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law.*" Bell v. Cone*, 535 U.S. 685, 693 (2002). AEDPA placed "new constraints on the power of a federal habeas court" to grant habeas relief for claims adjudicated on the merits in state court; this heightened standard safeguards "the principles of comity, federalism, and finality." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003). Thus, merits determinations by state courts are not open to plenary review in the habeas forum, as AEDPA "leaves primary responsibility to the state courts for these judgments, and authorizes federal-court

intervention only when a state-court decision is objectively unreasonable." *Visciotti,* 537 U.S. at 27. This view, as one appeals court noted, "is premised on the fact that the state courts, as part of a co-equal judiciary, are competent interpreters of federal law deserving our full respect." *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003).

State court findings of fact, whether developed in state trial or summarized on appellate review, are presumed to be correct. §2254(e)(1); *Rice v. Collins*, 126 S.Ct. 969, 974 (2006); *Badelle v. Correll*, 452 F.3d 648, 659 (7th Cir. 2006). A petitioner contesting findings of fact bears the burden of rebutting this presumption of correctness with clear and convincing evidence. §2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). Therefore, all facts developed in the state courts must be presumed to be correct for purposes of these collateral proceedings, absent a showing by petitioner by clear and convincing evidence that they are incorrect based on the record.

### A.    <u>Petitioner's Sufficiency of the Evidence Claim</u>

Procedural default aside, petitioner's Claim 1 — that the proof of evidence regarding his sexual assault of J.G. was insufficient (Count III) because there were inconsistencies in J.G.'s testimony — was considered and rejected by the state appellate court on direct appeal, and that court's decision was neither contrary to

nor an unreasonable application of United States Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).[3]

First, the appellate court applied the correct standard to analyze this claim: "[w]hen a defendant challenges the sufficiency of the evidence to support a finding of guilt beyond a reasonable doubt, the test is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." (Exh. C at 4) (citation omitted). Although the state court did not cite to federal law, the state court's language and reasoning is consistent with — indeed, virtually identical to — United States Supreme Court precedent, and therefore it is proper. *See Early v. Packer,* 537 U.S. at 8. In *Jackson v. Virginia*, the Supreme Court stated the standard of review of sufficiency of the evidence claims: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Because the statements of the tests are substantively identical, the appellate court's decision is clearly not contrary to *Jackson. Williams*, 529 U.S. at 405; *Early,* 537 U.S. at 8; 28 U.S.C. § 2254(d)(1).

In addition, the appellate court's decision is a reasonable application of *Jackson.* Petitioner challenges the sufficiency of the evidence by arguing that J.G.'s

_____

[3] Of course, this challenge does not affect petitioner's conviction on the remaining counts.

testimony regarding the location of the incident at petitioner's second trial was inconsistent with that given at the first.  During the second trial, J.G. testified that while his was in petitioner's trailer, petitioner stuck his finger "in" his "butt."  (Exh. C at 5).  "J.G., who was 10 years old at the time of the second trial, testified that the incident took place in the living room."  (Exh. C at 5).  J.G. could not remember whether, during the first trial, three years earlier, he testified that the incident took place in the kitchen.  (Exh. C at 5).  J.G. further stated that this was the only time he was alone in a room with petitioner.  (Exh. C at 5).  After the incident, J.G. immediately ran and told his mother, and later told the police.  (Exh. C. at 5).  These inconsistencies are insignificant.  As the appellate court explained: "It is the function of the trier of fact to assess witness credibility, weigh the evidence, resolve conflicts in the evidence, and draw reasonable inferences therefrom; and this court will not substitute its judgment for that of the trier of fact on these matters." (Exh. G at 4).  The jurors obviously found this potential inconsistency unimportant by convicting petitioner on this count, a result demonstrating they found J.G. credible on the essential elements of the crime.  *See United States v. Wilson*, 31 F.3d 510, 514 (7th Cir. 1994) (inconsistencies in a witness' testimony do not make it legally incredible).

This Court need not be concerned with the minor inconsistency in J.G.'s testimony regarding the location of the incident because a "federal habeas court[ ] [has] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by [it]."  *Marshall v. Lonberger*, 459 U.S.

422, 434 (1983). The jurors considered the testimony of J.G. and found him credible. Because this Court is not permitted to reevaluate witness credibility, the appellate court's affirmance of petitioner's guilt, premised on this testimony, is certainly reasonable. *Marshall*, 459 U.S. at 434; *Kines v. Godinez*, 7 F.3d at 678; *United States ex rel. Wandick v. Chrans,* 869 F.2d 1084, 1089 (7th Cir. 1989).

Moreover, as explained by the Seventh Circuit, on habeas review, "a state court's decision 'minimally consistent with the facts and circumstances of the case' is not unreasonable, [citation], while a determination 'lying well outside the boundaries of permissible opinion' is [citation]." *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004). Viewing the evidence in the light most favorable to the prosecution, the state appellate court reasonably concluded that petitioner was properly found guilty beyond a reasonable doubt of the aggravated criminal sexual assault of J.G., given that the factfinder credited J.G.'s testimony. The appellate court, faced with J.G.'s differing testimony about the location of the incident, properly credited the jury's resolution of J.G.'s credibility. The appellate court's credibility determination should not be overturned, and its ultimate decision was certainly reasonable under § 2254(d).

## **CONCLUSION**

This Court should deny petitioner's petition with prejudice because his claims are procedurally defaulted or without merit. If this Court determines that the claims addressed by respondent only on procedural grounds warrant substantive review, respondent requests an opportunity to address the merits of these claims in a subsequent submission.

July 3, 2007                                    Respectfully submitted,

                                                LISA MADIGAN
                                                Attorney General of Illinois

                                  By:     /s/ ANNE S. BAGBY
                                          ANNE S. BAGBY, Bar Number: 6243847
                                          Assistant Attorney General
                                          100 West Randolph Street, 12th Floor
                                          Chicago, Illinois 60601
                                          Telephone: (312) 814-8811
                                          Fax: (312) 814-2253
                                          E-mail: abagby@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2007, I electronically filed the attached ANSWER with the Clerk of the United States District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the ANSWER to the following non-CM/ECF participant:

Robbie Moore, #B16483
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

LISA MADIGAN
Attorney General of Illinois

By: /s/ ANNE S. BAGBY
ANNE S. BAGBY, Bar Number: 6243847
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
Telephone: (312) 814-8811
Fax: (312) 814-2253
E-mail: abagby@atg.state.il.us

FILE COPY

E-FILED
Tuesday, 3 July, 2007 02:49:19 PM
Clerk, U.S. District Court, ILCD

NO. 4-00-0890

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT



RECEIVED
AUG 1 2 2002
SAAP FOURTH DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Fifth Judicial Circuit, Vermilion County, Illinois. |
|     Plaintiff-Appellee, | ) ) | |
| vs. | ) ) | No. 00-CF-246 |
| ROBBIE J. MOORE, | ) ) | Honorable Claudia S. Anderson, |
|     Defendant-Appellant. | ) ) | Judge Presiding. |

## Brief and Argument for Defendant-Appellant

DANIEL D. YUHAS
Deputy Defender
Office of the State Appellate Defender
Fourth Judicial District
400 S. 9th Street, Suite 102
P.O. Box 5750
Springfield, IL 62705-5750
(217) 782-3654

ROBERT N. MARKFIELD
Assistant Defender

COUNSEL FOR DEFENDANT-APPELLANT

EXHIBIT A

NO.  4-00-0890

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br><br>　　　Plaintiff-Appellee,<br><br>　　　　　　vs.<br><br>ROBBIE J. MOORE,<br><br>　　　Defendant-Appellant. | ) Appeal from the Circuit Court of<br>) the Fifth Judicial Circuit<br>) Vermilion County, Illinois<br>)<br>) No.  00-CF-246<br>)<br>) Honorable<br>) Claudia S. Anderson<br>) Judge Presiding. |

---

<u>BRIEF AND ARGUMENT FOR PLAINTIFF-APPELLEE</u>

Frank Young
State's Attorney
Vermilion County Courthouse
7 North Vermilion
Danville, Illinois  61832

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
Linda Susan McClain
Staff Attorney
State's Attorneys Appellate
　　　　Prosecutor
725 South Second Street
Springfield, Illinois  62704
(217) 782 - 8076

COUNSEL FOR PLAINTIFF-APPELLEE

# Points and Authorities

## I.

**Robbie Moore Is Entitled to a New Sentencing Hearing Because He Received a Longer Term of Imprisonment Upon Retrial After a Successful Appeal.**

*North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072
(1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*People v. Reedy*, 186 Ill.2d 1, 708 N.E.2d 1114 (1999) . . . . . . . . . . . . . . . . 12

*People v. Tellez-Vallencia & Moore*, 188 Ill.2d 523, 723 N.E.2d 223
(1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v. Hall*, 311 Ill.App.3d 905, 726 N.E.2d 213 (4th Dist. 2000) . . . . . . . . 10

*Worcester v. C.I.R.*, 370 F.2d 713 (1st Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . 11

730 ILCS 5/5-5-4 (West 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

## II.

**The State Did Not Comply With Its Statutory Obligation to Notify the Defendant of Its Intent to Ask the Court to Allow Hearsay Statements Under 725 ILCS 5/115-10(d) (West 1996); Therefore, the Cause Should Be Remanded for a New "115-10" Hearing.**

*Jarvis v. South Oak Dodge Inc.*, __ Ill.2d __, __ N.E.2d __ (No. 91354)
(June 20, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*People v. Burrell*, 228 Ill.App.3d 133, 592 N.E.2d 453 (1st Dist. 1992) . . . . . . 13

*People v. Carter*, 244 Ill.App.3d 792, 614 N.E.2d 452
(1st Dist. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

134 Ill.2d R. 615(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

725 ILCS 5/115-10(d) (West 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## III.

**The State Failed to Prove Beyond a Reasonable Doubt That Robbie Moore Penetrated J.G.**

*People v. Schott*, 145 Ill.2d 188, 582 N.E.3d 690 (1991) . . . . . . . . . . . . . . 16

*People v. Garrett*, 281 Ill.App.3d 535, 667 N.E.2d 130 (5th Dist. 1996) . . . . . . 17

*People v. Moore*, 295 Ill.App.3d 676, 694 N.E.2d 184 (4th Dist. 1998),
    *rev'd on other grounds*, 188 Ill.2d 523, 723 N.E.2d 223 (1999) . . . . . . 16

134 Ill.2d R. 615(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

720 ILCS 5/12-12(f) (West 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

720 ILCS 5/12-14(b)(1) (West 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## IV.

**The Defendant Is Entitled to an Additional 1,439 Days of Sentence Credit.**

*Pierce v. Underwood*, 487 U.S. 522, 108 S.Ct. 2541, 101 L.Ed.2d 490
    (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*People v. Latona*, 184 Ill.2d 260, 703 N.E.2d 901 (1998) . . . . . . . . . . . . . . . 19

*In re E.C.*, 297 Ill.App.3d 177, 696 N.E.2d 846 (4th Dist. 1998) . . . . . . . . . . . 19

*People v. Baldwin*, 256 Ill.App.3d 536, 627 N.E.2d 1228
    (2nd Dist. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*People v. Turner*, 325 Ill.App.3d 185, 757 N.E.2d 658 (5th Dist. 2001) . . . . . . 20

730 ILCS 5/5-8-7(b) (West 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## Nature of the Case

The defendant appeals his conviction and sentence for three counts of aggravated criminal sexual assault.

# Issues Presented for Review

## I.

Whether Robbie Moore is entitled to a new sentencing hearing because he received a longer term of imprisonment upon retrial after a successful appeal.

## II.

Whether the State did not comply with its statutory obligation to notify the defendant of its intent to ask the court to allow hearsay statements under 725 ILCS 5/115-10(d) (West 1996); therefore, the cause should be remanded for a new "115-10" hearing.

## III.

Whether the State failed to prove beyond a reasonable doubt that Robbie Moore penetrated J.G.

## IV.

Whether the defendant is entitled to an additional 1,439 days of sentence credit.

# Jurisdiction

The defendant's appeal is from a final judgment of conviction, entered pursuant to article VI, section 6 of the Illinois Constitution and Illinois Supreme Court Rules 603 and 606.

The defendant was convicted of three counts of aggravated criminal sexual assault and sentenced on July 28, 2000. (Supp. Vol. II, R. 39) On September 5, 2000, the defendant's post-trial motion was rejected and he was sentenced to three consecutive thirty-year terms of imprisonment. (Vol. IV, R. 5-6, 29) On October 4, 2000, the defendant's motion to reconsider sentence was rejected. (Vol. V, R. 3)

Notice of appeal was timely filed on October 11, 2000. (C. 121)

## Statement of Facts

In 1997, Robbie Moore was convicted following bench trial of three counts of predatory criminal sexual assault of a child and one count of aggravated sexual abuse. The predatory criminal sexual assault convictions were based on two acts of oral sexual penetration with eleven-year-old T.C. and one act of digital sexual penetration with six-year-old J.G. The aggravated sexual abuse conviction was based on the alleged fondling of a 13-year-old girl. Robbie Moore received three consecutive terms of twenty years for his predatory criminal sexual assault convictions and a consecutive seven-year sentence for aggravated sexual abuse. *See People v. Moore*, 295 Ill.App. 3d 676, 694 N.E.2d 184 (4th Dist. 1998), *rev'd* 188 Ill.2d 523, 723 N.E.2d 223 (1999).

In 1999, the Illinois Supreme Court reversed the defendant's three predatory criminal sexual assault convictions. *See People v. Tellez-Vallencia & Moore*, 188 Ill. 2d 523; 723 N.E.2d 223 (1999) (convictions were improper as the crime of predatory criminal sexual assault did not exist at the time of Mr. Moore's alleged sexual misconduct since that offense was created as part of an unconstitutional public act). The Court left untouched the conviction and sentence for aggravated sexual abuse.

On May 24, 2000, Robbie Moore was charged again, this time with three counts of aggravated criminal sexual assault. He was alleged, on or about March 30, 1996, to have placed his penis in the mouth of the child T.C. He was alleged to have done so again between May 1 and May 8, 1996. He was also alleged to have placed his finger in the anus of the child J.G. between January 1, 1996 and June 13, 1996. Robbie Moore opted for trial by jury. (Vol. I, C. 1-2)

-6-

Hearing on Admissible Hearsay

On July 27, 2000, just prior to trial, the court held a "115-10" hearing on admissible hearsay. The State wished to present statements made by the child complainants to Vermillon County police officer John Howard and Vermillon County sheriff Jerry Davis. Defense counsel objected to the hearing, noting that he had not been given written notice of the State's intent to offer hearsay statements. (Supp. R. 15) However, the court overruled the objection. (Supp. R. 19)

Officer Howard testified that he spoke to six-year-old J.G. on June 14, 1996. J.G. was accompanied by his mother and brother and appeared nervous and abashed. J.G. told Officer Howard that he had been sitting on the couch at Diane Rockwood's trailer and that Robbie Moore had placed his finger in J.G.'s butt. (Supp. R. 20-24) Officer Jerry Davis spoke to eleven-year-old T.C. on June 14, 1996 concerning allegations of sexual assault by Robbie Moore. T.C. also stated that Robbie Moore had given him, as a present, a knife with a compass on it. (Supp. R. 35) The conversation was tape recorded in part. (Supp. R. 30) T.C. appeared nervous and scared. (Supp. R. 28-29, 33) Even prior to this conversation, T.C. was known to Officer Davis for "minor stuff, juvenile stuff." (Supp. R. 33)

The court deemed the complainants' hearsay statements to Officers Davis and Howard to be sufficiently reliable to be admissible under 725 ILCS 5/115-10(d) (West 1996). (Supp. R. 26, 36-37)

Trial

In the spring of 1996, Robbie Moore lived in a trailer with his girlfriend, Kim Harris. (Supp. Vol. II, R. 6-7, 11) Residing in a nearby trailer were Tammy

Griffon, her husband, and her two sons. (Supp. R. 72-73)  Another nearby trailer was occupied by Ms. Griffon's uncle Ted Campbell, Mr. Campbell's wife Diana Rockwood, and Mr. Campbell's two sons.  (Supp. R. 49-50, 73)  The children of Ms. Griffon and Ms. Campbell liked to play together and sometimes visited Robbie Moore. (Supp. R. 74)

The child T.C. and several other neighborhood children began to visit Robbie Moore and Kim Harris.  Mr. Moore was considered good company and his trailer was a place they could talk, smoke, and be away from parents.  (Supp. R. 51-53)  Mr. Moore and Ms. Harris talked about an "Inner Circle" club that dabbled in the black arts.  (Supp. R. 53, 7-8, 13-14)  T.C. thought that was "cool" and wanted to join.  (Supp. R. 53-54)  T.C. testified that Mr. Moore required him to pass a test in order to join the club.  Mr. Moore gave T.C. a piece of paper containing instructions to fondle Mr. Moore.  (Supp. R. 55)  T.C. recalled that Mr. Moore undressed and "made me suck his penis and he sucked mine. (Supp. R. 55)  T.C. also stated that Mr. Moore had anal intercourse with him. (Supp. R. 55-56)  T.C. was then admitted to the club.  Mr. Moore and T.C. signed an agreement obliging T.C. to remain silent about the rituals of the Inner Circle. (Supp. R. 58-59, 66; Supp. Vol. II, R. 8, 12)

T.C. did not tell his parents about the sexual encounters, but he was grounded for a month for staying out until 3:00 a.m. that night.  (Supp. R. 57-58, 64, 66-67)  When the month-long grounding was complete, T.C. returned to visit Mr. Moore.  (Supp. R. 59-60, 63)  According to T.C., he once again had oral sex with Mr. Moore.  "It was basically the same thing.  I sucked his penis and he sucked mine."  (Supp. R. 60)  T.C. did not return to visit Mr. Moore after that. (Supp. R. 60)

J.G., aged 10, recalled his acquaintanceship with Robbie Moore (whom he knew by the nickname "Rat") four years earlier. (Supp. R. 78-79) J.G. recalled accompanying other children on a visit to Mr. Moore's trailer. (Supp. R. 84) J.G. testified that Mr. Moore stuck his finger in J.G's butt. (Supp. R. 81-82) J.G. was wearing his pants and underpants and was standing up. J.G. thereupon ran away and told his mother. J.G.'s mother contacted police but did not take her son to the hospital. (Supp. R. 88)

Officers John Howard and Jerry Davis offered testimony consistent with the testimony that they gave at the 115-10 hearing. Officer Howard recalled that J.G. told him that Mr. Moore placed his finger in J.G.'s butt while he and Mr. Moore were sitting on the couch. (Supp. R. 92-93)

Robbie Moore declined to testify, though at his first trial he took the stand and denied having sexual relations with T.C. or J.G. (Supp. Vol. II, R. 16-18; 4-97-0413, Supp. Vol. II, R. 124) The jury returned verdicts of guilty on all three counts of aggravated sexual assault. (Supp. Vol. II, R. 38)

At sentencing, the court imposed three consecutive 30-year terms. (Vol. IV, R. 29) The court did so over vigorous protest from defense counsel, who noted that Mr. Moore had previously been sentenced to three 20-year terms and that a judge is not authorized to impose a longer term after successful appeal. (Vol. I, C. 119; Vol. IV, R. 12-15, 19-22; Vol. V, R. 2) The court reasoned that the initial sentence of three consecutive 20-year terms was imposed in the belief that the truth-in-sentencing law would require the defendant to serve 85 percent of the sentence imposed. Therefore, the intent of the initial sentencing judge was that the defendant serve 51 years and that 51 years of actual imprisonment is longer than 45 years (three consecutive 30-year terms with day-for-day credit.) (Vol. IV, R. 14, 20-21)

-9-

# Argument

## I.

### Robbie Moore Is Entitled to a New Sentencing Hearing Because He Received a Longer Term of Imprisonment Upon Retrial After a Successful Appeal.

*Standard of Review*

A trial court's legal conclusions should be reviewed *de novo*. *People v. Hall*, 311 Ill.App.3d 905, 910, 726 N.E.2d 213 (4th Dist. 2000).

*Substantive Argument*

Robbie Moore was sentenced to three consecutive terms of 30 years' imprisonment for aggravated criminal sexual assault. (Vol. IV, R. 29) The court's sentence was imposed over vigorous protest from defense counsel. Defense counsel noted that Mr. Moore had previously been convicted and sentenced to three consecutive 20-year terms for predatory criminal sexual assault based on the same underlying allegations and that Mr. Moore had successfully appealed and received a new trial. See *People v. Tellez-Vallencia & Moore*, 188 Ill.2d 523, 723 N.E.2d 223 (1999). Defense counsel argued that a judge is not authorized to impose a longer term after a successful appeal. (Vol. I, C. 119; Vol. IV, R. 12-15, 19-22; Vol. V, R. 2) The court disagreed, reasoning that the initial sentence of three consecutive 20-year terms was imposed in the belief that the truth-in-sentencing law would require the defendant to serve 85 percent of the sentence imposed. The court reasoned that the intent of the initial sentencing judge was that the defendant serve 51 years and that 51 years of actual imprisonment is longer than 45 years (three consecutive 30-year terms

with day-for-day credit).  (Vol. IV, R. 14, 20, 29)  The court's determination was incorrect as a matter of law and should be reversed.

In *North Carolina v. Pearce*, 395 U.S. 711, 723-726, 23 L.Ed.2d 656, 89 S.Ct. 2072 (1969), the United States Supreme Court held that the Fourteenth Amendment to the United States Constitution strictly limits a judge's ability to impose a longer term of imprisonment upon conviction after successful appeal of the original conviction or sentence.  *Pearce* held that if an increased sentence is imposed following a retrial, reasons for the increased sentence must appear on the record and be based on objective information regarding the defendant's conduct subsequent to the imposition of the original sentence.  *Pearce*, 395 U.S. at 726. The *Pearce* mandate has been enacted into Illinois statutory law.  *See* 730 ILCS 5/5-5-4 (West 1996) ("Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing.").

The *Pearce* ruling was based on the compelling need to avoid judicial vindictiveness in re-sentencing and to free a defendant from the apprehension of such a retaliatory motive.  The Supreme Court noted that even the fear of such vindictiveness could unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction.  *Pearce*, 395 U.S. at 723-726. *See also Worcester v. C.I.R.*, 370 F.2d 713, 718 (1st Cir. 1966) ("A defendant's exercise of a right of appeal must be free and unfettered. . . .  It is unfair to use

the great power given to the court to determine sentence to place a defendant in the dilemma of making an unfree choice.").

This case involves a very clear violation of the *Pearce* principle and of 730 ILCS 5/5-5-4 (West 1996). The defendant was re-sentenced to a longer term upon conviction after successful appeal. Had the defendant not successfully appealed, he would be serving consecutive sentences of 20 years (*i.e.*, a 60-year sentence with a requirement of at least 30 years' actual imprisonment). However, the defendant did successfully appeal and was then convicted on retrial. He was given a much more severe sentence than the sentence originally imposed – three consecutive terms of 30 years' imprisonment (*i.e.*, a 90-year sentence with a requirement of at least 45 years' actual imprisonment).

A more severe sentence on retrial after successful appeal is only authorized where that sentence is based upon conduct on the part of the defendant occurring after the original sentencing. However, the State did not present any evidence of such conduct nor was the new sentence imposed on that basis. The longer term was imposed because the trial court wished to adjust Robbie Moore's sentence to compensate for the sentencing relief that he had obtained when the public act authorizing truth-in-sentencing, P.A. 89-404, was held to be unconstitutional. (Vol. IV, R. 14, 20, 29) *See People v. Reedy*, 186 Ill.2d 1, 708 N.E.2d 1114 (1999). Under the trial court's reasoning, defendants whose terms of actual imprisonment were reduced due to the unconstitutionality of Public Act 89-404 are essentially outside the protection of *Pearce* and 730 ILCS 5/5-5-4.

The defendant believes otherwise and asks that this Court remand the cause for a new sentencing hearing with instructions that Robbie Moore receive a sentence of no more than twenty years for each count.

## II.

### The State Did Not Comply With Its Statutory Obligation to Notify the Defendant of Its Intent to Ask the Court to Allow Hearsay Statements Under 725 ILCS 5/115-10(d) (West 1996); Therefore, the Cause Should Be Remanded for a New "115-10" Hearing.

*Standard of Review*

At issue is the scope of the notice requirement set forth in 115-10. This is question of law rather than fact and merits *de novo* review. *See Jarvis v. South Oak Dodge Inc.*, ___ Ill.2d ___, ___ N.E.2d ___ (No. 91354) (June 20, 2002) (the proper interpretation of a mandatory notice provision is an issue of statutory construction requiring *de novo* review).

Though defense counsel made a contemporaneous objection, he did not preserve this issue in his post-trial motion. The issue is therefore waived but can be reached as matter of plain error if fundamental rights are affected or if the evidence is closely balanced. 134 Ill.2d R. 615(a), *People v. Burrell*, 228 Ill.App.3d 133, 142, 592 N.E.2d 453 (1st Dist. 1992). The defendant believes that both of these exceptions to waiver apply. Compliance with the mandatory notice provision of 115-10 is an essential component of a fair trial in order that the defendant be protected from "surprise, unfairness, and inadequate preparation." *People v. Carter*, 244 Ill.App.3d 792, 614 N.E.2d 452 (1st Dist. 1993). Moreover, the evidence must be deemed closely balanced given the lack of medical evidence corroborating the alleged sexual assault of either of the complainant children and given the contradictory statements made by J.G. (*See* Argument III)

-13-

*Substantive Argument*

Shortly before trial, the State requested that the court hold a "115-10" hearing in order to admit hearsay statements of the child complainants to police officers John Howard and Jerry Davis. Defense counsel objected on the grounds that he had not been provided with written notice of the State's intent to use these statements, though he acknowledged that they had been included in discovery. (Supp. R. 15-19) Based on the inclusion of the statements in discovery, the court allowed the hearing to proceed and ultimately ruled that the statements were admissible. (Supp. R. 19)

The statute governing potential admission of a child's hearsay statements includes a notice provision. 725 ILCS 5/115-10(d) (West 1996). The statute reads, in relevant part, that:

> (a) In a prosecution for a sexual act perpetrated upon a child under the age of 13 . . . the following evidence shall be admitted as an exception to the hearsay rule:
>
> * * *
>
> (2) testimony of an out of court statement made by such child describing any complaint of such act or matter of detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual act perpetrated upon a child.
>
> (b) Such testimony shall only be admitted if:
>
> (1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and
>
> (2) The child either:
>
> (A) Testifies at the proceeding; or
>
> (B) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

<u>(d)  The proponent of the statement shall give the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement</u>.

(Emphasis added.)

In *People v. Carter*, 244 Ill.App.3d 792, 614 N.E.2d 452 (1st Dist. 1993), the appellate court specifically found that the State's compliance with discovery does not discharge its obligation of notice under the statute:

> Although the trial court found that the furnishing of police reports and lists of potential witnesses satisfied the demand for notice, we do not agree. If only police reports, summaries, and lists of witnesses were required, these would be covered by general discovery, and no particular statutory provisions would be necessary. We read the statute as requiring more specific notice to defendant than that which would be forthcoming in response to an ordinary demand for discovery. The statutory provisions under consideration require that defendant be provided with the specific hearsay testimony of the child victim which will be presented at trial in order to protect him against surprise, unfairness, and inadequate preparation.

*Carter*, 244 Ill.App.3d at  801.

The *Carter* ruling sets forth the appropriate remedy:

> [W]e remand to the trial court for the purpose of holding a hearing to determine the reliability of the hearsay statements admitted pursuant to section 115 -- 10(a)(2). [full citation omitted]  If, the trial court determines that such statements meet the criteria for reliability . . . then defendant's conviction and sentence are affirmed. If, on the other hand, it is determined that the out-of-court statements are not reliable, then defendant's conviction and sentence are reversed and the case remanded for a new trial.

*Carter*, 244 Ill.App.3d at  805-806.

Therefore, consistent with *Carter*, the defendant requests that the cause be remanded for a new 115-10 hearing.  If the trial court determines that the out-of-court statements are not reliable then a new trial should be held.

-15-

**III.**

**The State Failed to Prove Beyond a Reasonable Doubt That
Robbie Moore Penetrated J.G.**

*Standard of Review*

The appropriate standard of review governing a claim of reasonable doubt
is whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. However, an Illinois court of review has the
"duty" to set aside a conviction where the testimony at issue was contradictory
and fraught with weaknesses, compelling the conclusion that there exists a
reasonable doubt. *People v. Schott*, 145 Ill.2d 188, 582 N.E.3d 690, 699-700
(1991).

The defendant acknowledges that this Court upheld each of his convictions
against reasonable doubt challenge in his first appeal. *People v. Moore*, 295
Ill.App.3d 676, 694 N.E.2d 184 (4th Dist. 1998), *rev'd on other grounds*, 188 Ill.2d
523, 723 N.E.2d 223 (1999). The defendant respectfully raises the challenge again
in light of additional contradictory statements by complainant J.G. and in light of
the weakness of the State's evidence.

*Substantive Argument*

The State alleged that the defendant sexually assaulted 6-year-old J.G. by
sticking his finger in J.G.'s anus. The assault allegedly took place after J.G.
visited Robbie Moore at his trailer, along with some older children. J.G.
subsequently ran away and complained about Mr. Moore. (Supp. R. 79-81) At
trial, the State was unable to present any evidence that an act of sexual
penetration took place. There were no witnesses to the alleged sexual act, nor was

-16-

medical evidence presented.  J.G.'s own statements were contradictory and implausible.

The statute under which the defendant was charged requires "an act of sexual penetration" which is defined by the Criminal Code as "intrusion, however slight, of any part of the body" of one person into the sex organ of another person. 720 ILCS 5/12-12(f) (West 1996), 720 ILCS 5/12-14(b)(1) (West 1996).  Proof of an intrusion is required beyond a reasonable doubt, and simply touching the sex organ is insufficient.  *People v. Garrett*, 281 Ill.App.3d 535, 667 N.E.2d 130 (5th Dist. 1996).

After J.G. left Robbie Moore's trailer, he ran home to his mother and complained about Robbie Moore.  J.G.'s mother arranged for J.G. to make a complaint to police officer John Howard. (Supp. R. 81-82, 89-94)  However, even though Officer Howard spoke to J.G.'s mother about having J.G. examined by a medical professional, no evidence was presented that such examination took place. (Supp. R. 88, 96)  Thus, the State was unable to present corroborating medical evidence or testimony.

J.G. gave three different accounts as to the very basic questions of the respective physical positions of himself and Mr. Moore when the alleged sexual act occurred and as to the room in which the alleged sex act took place.  J.G. told police officer John Howard that the sex act took place while he and Mr. Moore were sitting on the couch together in the living room of the trailer. (Supp. R. 92)  At Robbie Moore's original trial, J.G. testified that the sex act occurred in the kitchen while J.G. was on the ground. (4-97-0413, Supp. Vol. II, R. 79)  At Robbie Moore's retrial, J.G. testified that the sex act took place while he and Mr. Moore

were standing up and that the sex act occurred in the front room of the trailer. (Supp. R. 87)

Furthermore, at Robbie Moore's first trial, J.G. gave the implausible testimony that he had a hole in his jeans *and* a hole in his underwear, each hole situated so as to allow Robbie Moore sexual access. (4-97-0413, Supp. Vol. II, R. 78, 94)

Furthermore, though J.G. did testify that Mr. Moore stuck his finger "in my butt" (Supp. Vol. II, R. 81), J.G. was never asked, nor did he testify, that Robbie Moore's finger actually penetrated into his anus.

The dubious activity described by J.G. did not establish the element of penetration. Therefore, this Court should reverse the conviction of aggravated criminal sexual assault as to J.G. In the alternative, if this Court concludes that the State did not carry its burden of establishing the element of sexual penetration but did establish that sexual fondling took place, this Court has discretion to reduce the level of the offense to aggravated sexual abuse and to remand for resentencing. 134 Ill.2d R. 615(b)(3).

**IV.**

**The Defendant Is Entitled to an Additional 1,439 Days of Sentence Credit.**

*Standard of Review*

Since this matter involves a question of law, appellate review should be *de novo*. *See Pierce v. Underwood*, 487 U.S. 522, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490, 500 (1988). This Court has found that a defendant should receive proper credit for pretrial incarceration and that this issue is not subject to waiver. *In re E.C.*, 297 Ill.App.3d 177, 696 N.E.2d 846 (4th Dist. 1998).


*Substantive Argument*

Robbie Moore was arrested in June, 17, 1996. He served a total of 312 days in pretrial custody and 1,127 days of imprisonment between his commitment to the Department of Corrections pending release pursuant to the reversal of his convictions by the Illinois Supreme Court. Robbie Moore was released on May 23, 2000 and rearrested the same day in order to stand trial again. (4-97-0413, Vol. I, C. docket sheets) He served an additional 91 days' of imprisonment pending trial and sentencing. (Vol. I, C. 117)

Under Illinois law, Mr. Moore is entitled to credit toward his sentence for all of the time he served in jail prior to his commitment to the Department of Corrections. *People v. Latona*, 184 Ill.2d 260, 703 N.E.2d 901 (1998). 730 ILCS 5/5-8-7(b) (West 1996), provides, in relevant part:

> The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed. . . .

> 730 ILCS 5/5-8-7(b) (West 1996).

A defendant is entitled to credit against his sentence for any part of any day he is in custody from the date of his arrest through, and including, the day of sentencing.  *People v. Baldwin*, 256 Ill.App.3d 536, 627 N.E.2d 1228 (2nd Dist. 1994).

In calculating defendant's credit for time served, the trial court erroneously excluded the period of 1,439 days of imprisonment served by Mr. Moore pursuant to his original arrest and convictions (prior to release pursuant to appellate reversal of those convictions).  *See People v. Turner*, 325 Ill.App.3d 185, 190-191, 757 N.E.2d 658 (5th Dist. 2001) ("When the supreme court declared Public Act 89-428 unconstitutional, the declaration's legal effect was to render the legislation void *ab initio* – that is, as if it never existed.  However, the supreme court's finding did not rewrite history. . . .  We cannot treat Turner's convictions as if they never existed.  The convictions existed, firmly intact, and justified every day that Turner sat in prison because of them.").

The following dates of incarceration should be credited against the defendant's sentence:

| Dates of Imprisonment: | Status of case: | Days of credit due: |
|---|---|---|
| June 17, 1996-<br>April 22, 1997 | Time served prior<br>to commitment to<br>the Dept. of Corrections | 312 days |
| (4-97-0413, Vol. I, C. 173) | | |
| April 23, 1997-<br>February 14, 2000 | Time served in Dept.<br>of Corrections pending<br>issuance of mandate<br>reversing defendant's<br>convictions. | 1,028 days |
| (4-97-0413, Vol. I, docket sheet, p.4) | | |

| February 15, 2000-<br>May 23, 2000 | Time spend in Dept. of<br>Corrections pending<br>hearing pursuant to<br>mandate | 99 days |

(4-97-0413, Vol. I, docket sheet, p. 5)

Total credit due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,439 days

The defendant requests that the mittimus be amended to reflect 1,439 days of sentence credit against the total term of imprisonment.

# Conclusion

For the foregoing reasons, the defendant respectfully requests that this Honorable Court grant him the following relief: (1) a new sentencing hearing with the possible sentence capped at 20 years on each count, (2) remand for a new 115-10 hearing, (3) reversal of his conviction on Count III, and (4) the grant of an additional 1,439 days of sentence credit.

Respectfully submitted,

DANIEL D. YUHAS
Deputy Defender
Office of the State Appellate Defender
Fourth Judicial District
400 South Ninth Street, Suite 102
P.O. Box 5750
Springfield, IL 62705-5750
(217) 782-3654

ROBERT N. MARKFIELD
Assistant Defender

COUNSEL FOR DEFENDANT-APPELLANT

NO.  4-00-0890

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court of |
| | ) the Fifth Judicial Circuit |
| Plaintiff-Appellee, | ) Vermilion County, Illinois |
| | ) |
| vs. | ) No.  00-CF-246 |
| | ) |
| ROBBIE J. MOORE, | ) Honorable |
| | ) Claudia S. Anderson |
| Defendant-Appellant. | ) Judge Presiding. |

<u>BRIEF AND ARGUMENT FOR PLAINTIFF-APPELLEE</u>

**FILE COPY**

Frank Young
State's Attorney
Vermilion County Courthouse
7 North Vermilion
Danville, Illinois  61832

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
Linda Susan McClain
Staff Attorney
State's Attorneys Appellate
          Prosecutor
725 South Second Street
Springfield, Illinois  62704
(217) 782 - 8076

COUNSEL FOR PLAINTIFF-APPELLEE

EXHIBIT B

<u>POINTS AND AUTHORITIES</u>                                    <u>PAGE</u>

I

DEFENDANT IS NOT ENTITLED TO A NEW SENTENCING

HEARING AS THE SECOND SENTENCE, GIVEN THE

APPLICABLE DAY-FOR-DAY GOOD TIME PROVISIONS, IS NOT

A MORE SEVERE PENALTY THAN THE FIRST SENTENCE,

WHICH WAS IMPOSED UNDER TRUTH-IN-SENTENCING . . . . . . . 2

<u>People</u> v. <u>Tellez-Vallencia & Moore</u>, 188 Ill.2d 523,

    243 Ill.Dec. 191, 723 N.E.2d 223 (1999) . . . . . . 2

<u>North Carolina</u> v. <u>Pearce</u>, 395 U.S. 711, 89 S.Ct.

    2072, 23 L.Ed.2d 656 (1969) . . . . . . . . . . . 4, 5

<u>People</u> v. <u>Baze</u>, 43 Ill.2d 298, 253 N.E.2d 392

    (1969) . . . . . . . . . . . . . . . . . . . . . 4

<u>Texas</u> v. <u>McCullough</u>, 475 U.S. 134, 106 S.Ct. 976,

    89 L.Ed.2d 104 (1986) . . . . . . . . . . . . . . 5

<u>Alabama</u> v. <u>Smith</u>, 490 U.S. 794, 109 S.Ct. 2201,

    104 L.Ed.2d 865 (1989) . . . . . . . . . . . . . . 5

<u>People</u> v. <u>Lewis</u>, 52 Ill.App.3d 477, 10 Ill.Dec. 257,

    367 N.E.2d 710 (3rd Dist. 1977) . . . . . . . . . 5

<u>People</u> v. <u>Mueller</u>, 70 Ill.App.3d 671, 26 Ill.Dec.

    850, 388 N.E.2d 851 (5th Dist. 1979) . . . . . . . 6

<u>People</u> v. <u>Kilpatrick</u>, 167 Ill.2d 439, 212 Ill.Dec.

     660, 657 N.E.2d 1005 (1995) . . . . . . . . . . . 6

<u>People</u> v. <u>Reedy</u>, 186 Ill.2d 1, 237 Ill.Dec. 74,

     708 N.E.2d 1114 (1999) . . . . . . . . . . . . . 6

730 ILCS 5/5-5-4 (West 2000) . . . . . . . . . . . . . 4

## II

THE DEFENDANT RECEIVED REASONABLE NOTICE OF THE

STATE'S INTENT TO USE THE OUT-OF-COURT STATEMENTS

OF THE VICTIMS . . . . . . . . . . . . . . . . . . . 7

<u>People</u> v. <u>Enoch</u>, 122 Ill.2d 176, 119 Ill.Dec. 265,

     522 N.E.2d 1124 (1988) . . . . . . . . . . . . . 8

<u>People</u> v. <u>Campbell</u>, 241 Ill.App.3d 782, 182 Ill.Dec.

     170, 609 N.E.2d 704 (1st Dist. 1992) . . . . . . . 8

<u>People</u> v. <u>Dugan</u>, 237 Ill.App.3d 688, 178 Ill.Dec.

     594, 604 N.E.2d 1117 (2nd Dist 1992) . . . . . . 8, 10

<u>People</u> v. <u>Burnett</u>, 239 Ill.App.3d 582, 180 Ill.Dec.

     423, 607 N.E.2d 317 (3rd Dist. 1993) . . . . . . . 9

<u>People</u> v. <u>Carter</u>, 244 Ill.App.3d 792, 185 Ill.Dec.

     318, 614 N.E.2d 452 (1st Dist. 1993) . . . . . . . 9

<u>People</u> v. <u>Mitchell</u>, 215 Ill.App.3d 849, 159 Ill.Dec.

     409, 576 N.E.2d 78 (1st Dist. 1991) . . . . . . . 10

725 ILCS 5/115-10(d) (West 2000) . . . . . . . . . . . 7

III

DEFENDANT WAS PROVEN GUILTY OF THE AGGRAVATED

CRIMINAL SEXUAL ASSAULT OF J.G. BEYOND A REASONABLE

DOUBT . . . . . . . . . . . . . . . . . . . . . . . 12

People v. Brooks, 187 Ill.2d 91, 240 Ill.Dec. 607,

      718 N.E.2d 88 (1999) . . . . . . . . . . . . . . 12, 13

People v. Cobbins, 162 Ill.App.3d 1010, 114 Ill.Dec.

      227, 516 N.E.2d 382 (1st Dist. 1987) . . . . . . . . 12

People v. Overlin, 241 Ill.App.3d 530, 181 Ill.Dec.

      674, 608 N.E.2d 925 (4th Dist. 1993) . . . . . . . . 16

People v. Fryer, 247 Ill.App.3d 1051, 187 Ill.Dec.

      786, 618 N.E.2d 377 (1st Dist. 1993) . . . . . . . . 16

People v. Franzen, 251 Ill.App.3d 813, 190 Ill.Dec.

      847, 622 N.E.2d 877 (2nd Dist. 1993) . . . . . . . . 17

People v. Rush, 250 Ill.App.3d 530, 190 Ill.Dec. 1,

      620 N.E.2d 1262 (1st Dist. 1993) . . . . . . . . . 17

People v. Hutson, 153 Ill.App.3d 1073, 107 Ill.Dec.

      36, 506 N.E.2d 779 (5th Dist. 1987) . . . . . . . . 17

IV

DEFENDANT IS NOT ENTITLED TO AN ADDITIONAL 1,439

DAYS OF SENTENCE CREDIT . . . . . . . . . . . . . . . . 18

iii

People v. Moore, 295 Ill.App.3d 676, 230 Ill.Dec.

    553, 694 N.E.2d 184 (4th Dist. 1998) . . . . . . . . 18

People v. Tellez-Vallencia & Moore, 188 Ill.2d 523,

    243 Ill.Dec. 191, 723 N.E.2d 223 (1999) . . . . . . 18

People v. Latona, 184 Ill.2d 260, 234 Ill.Dec. 801,

    703 N.E.2d 901 (1998) . . . . . . . . . . . . . 20, 21

730 ILCS 5/5-8-4(e)(4) (West 1998) . . . . . . . . . . . 20

## NATURE OF THE CASE

Following a jury trial, defendant was convicted of three counts of aggravated criminal sexual assault and sentenced to three consecutive terms of 30 years' imprisonment, with credit for 91 days.  He appeals.

ARGUMENT

I

DEFENDANT IS NOT ENTITLED TO A NEW SENTENCING HEARING AS THE
SECOND SENTENCE, GIVEN THE APPLICABLE DAY-FOR-DAY GOOD TIME
PROVISIONS, IS NOT A MORE SEVERE PENALTY THAN THE FIRST
SENTENCE, WHICH WAS IMPOSED UNDER TRUTH-IN-SENTENCING.

Defendant contends that he is entitled to a new
sentencing hearing because he received a longer term of
imprisonment upon retrial after a successful appeal. The
State disagrees.

Defendant was sentenced in 1997 to three consecutive 20-
year terms for three counts of predatory criminal sexual
assault. The court was aware of the applicability of truth-
in-sentencing, the prosecutor specifically referring to the
85% rule. (Supp. R. Vol. IX, 5) Defendant successfully
appealed and the supreme court reversed his convictions for
predatory criminal sexual assault, the court finding that the
crime of predatory criminal sexual assault did not exist at
the time of the offense since that offense was created as part
of an unconstitutional public act. People v. Tellez-Vallencia
& Moore, 188 Ill.2d 523, 243 Ill.Dec. 191, 723 N.E.2d 223, 225
(1999).

2

Defendant was then retried and convicted of three counts of aggravated criminal sexual assault.  At sentencing, the State conceded that there was "no intervening evidence" in aggravation after the original sentencing.  The State further asserted that the court could not impose a new sentence that was more severe than the prior sentence.  (R. Vol. IV, 6) However, the State argued that defendant should get basically the same sentence as before.  The State argued that the law had changed since the prior sentencing date and that the prior judge sentenced defendant under the belief that, because of truth-in-sentencing, defendant would serve 85% of the sentences on the three Class X offenses (consecutive terms of 20 years on each) or 51 years.  (R. Vol. IV, 8)  The State asked the court to sentence the defendant to 30 years' imprisonment on each offense, to be served consecutively. Defendant would serve 45 years of the 90 imposed under day-for-day which was applicable as truth-in-sentencing could not be applied ex post facto to defendant's conduct.  Under the State's suggestion, the defendant would serve 6 less years than under the prior sentence.  (R. Vol. IV, 10)  The court adopted the analysis of the State and defendant was sentenced to three consecutive terms of 30 years' imprisonment for the three counts of aggravated criminal sexual assault.  (R. Vol. IV, 25, 29) Defendant included this issue in his motion to

3

reconsider the sentence.   (R. Vol. I, C119)

730 ILCS 5/5-5-4 (West 2000), states that:

> Where a conviction or sentence has been set aside on direct review or on collateral attack the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing.

The commentary to this statute states that it sets out the rule adopted in <u>North Carolina</u> v. <u>Pearce</u>, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and followed by Illinois in <u>People</u> v. <u>Baze</u>, 43 Ill.2d 298, 253 N.E.2d 392 (1969).   In <u>North Carolina</u> v. <u>Pearce</u>, the United State's Supreme Court limited the power of a sentencing court to increase a sentence after reconviction following a new trial.   It held that the due process clause of the fourteenth amendment prevented increased sentences when that increase was motivated by vindictiveness on the part of the sentencing judge. Vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial.   Therefore, whenever a judge imposes a more severe sentence on a defendant after a new trial, the reasons for doing so must affirmatively appear on the record.

4

Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose. <u>Pearce</u>, 89 S.Ct. at 2081. However, that presumption does not apply in every case where a convicted defendant receives a higher sentence on retrial. <u>Texas</u> v. <u>McCullough</u>, 475 U.S. 134, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986). The <u>Pearce</u> rule has been limited to circumstances in which there is a reasonable likelihood that an increase in sentence is the product of actual judicial vindictiveness. <u>Alabama</u> v. <u>Smith</u>, 490 U.S. 794, 109 S.Ct. 2201, 2204-2205, 104 L.Ed.2d 865 (1989). Where there is no such reasonable likelihood, the burden remains on the defendant to prove actual vindictiveness. <u>Smith</u>, 109 S.Ct. at 2205.

The severity of a subsequent sentence should be judged as a whole. <u>People</u> v. <u>Lewis</u>, 52 Ill.App.3d 477, 10 Ill.Dec. 257, 367 N.E.2d 710, 716 (3rd Dist. 1977) (when the two sentences were compared, the court did not find that the fine imposed with the shorter term of imprisonment constituted a more severe penalty than the longer term of imprisonment alone). In this case, the second sentence, imposed by a different judge than the first sentence, should be judged as a whole. The whole sentence imposed at the first sentencing hearing was 60 years with truth-in-sentencing in effect. The sentence is the entire package of the law in effect at the time the judge

5

was sentencing him.  There is no vindictiveness in sentencing the defendant to the same amount of time as before.  The entire sentence includes the out-date.  In fact, the second sentence would result in defendant serving less time than the original sentence.  See People v. Mueller, 70 Ill.App.3d 671, 26 Ill.Dec. 850, 388 N.E.2d 851 (5th Dist. 1979), cited in People v. Kilpatrick, 167 Ill.2d 439, 212 Ill.Dec. 660, 657 N.E.2d 1005, 1007 (1995), where the court notes that resentencing defendant to consecutive terms after originally imposing concurrent sentences was in the very real sense an increase in the length of sentence because his "earliest possible parole release" would necessarily be delayed to a later date in time.

In People v. Reedy, 186 Ill.2d 1, 237 Ill.Dec. 74, 708 N.E.2d 1114 (1999), cited by defendant, the State argued that remand for resentencing was necessary where the truth-in-sentencing statute under which the defendant had been originally sentenced had been declared unconstitutional.  The court rejected the State's argument and discussed how sentences imposed under the invalid truth-in-sentencing amendment would be affected.  In this case, in contrast, resentencing was mandated where the defendant was retried and convicted.

ARGUMENT

II

THE DEFENDANT RECEIVED REASONABLE NOTICE OF THE STATE'S INTENT
TO USE THE OUT-OF-COURT STATEMENTS OF THE VICTIMS.

Defendant contends that the State did not comply with its statutory obligation to notify him of its intent to ask the court to allow hearsay statements under 725 ILCS 5/115-10(d) (West 2000) and that, therefore, the cause should be remanded for a new 115-10 hearing.  The State disagrees.

On the day of trial, the prosecutor announced that Detectives Howard and Davis would be testifying to section 115-10 statements and asked whether the court wanted to do the hearing now.  (Supp. R. Vol. XII, 14)   [Hereinafter all references are to Volume XII unless otherwise noted.]   The court agreed that they should go ahead with the hearing. Defense counsel objected that defendant had not been given statutory notice.  (R. 15)  The prosecutor responded that defendant had received the statements of the witnesses in discovery and that the minors and the detectives were listed as witnesses.  Defense counsel stated that he had reviewed the transcript of the original trial and the statements were not used and a 115-10 hearing was not held before that trial.

7

Defense counsel had no case law saying that written notice was required.  (R. 16)  The prosecutor noted that the minors would be testifying in addition to the detectives.  (R. 18)  The court stated it would be hard pressed to find that the use of the statements would not have been anticipated.  The court also found that written notice was not the only reasonable notice.  (R. 19)  The court proceeded with the 115-10 hearing and found the out-of-court statements by both minors to the detectives to be reliable.  (R. 26, 36-37)

At trial, both minors and Detectives Howard and Davis testified.  Defendant was convicted of all counts.  Defendant has waived this issue by failing to raise it in his post-trial motion. (R. Vol. I, C48); <u>People</u> v. <u>Enoch</u>, 122 Ill.2d 176, 119 Ill.Dec. 265, 522 N.E.2d 1124, 1129 (1988); <u>People</u> v. <u>Campbell</u>, 241 Ill.App.3d 782, 182 Ill.Dec. 170, 609 N.E.2d 704, 707 (1st Dist. 1992) (defendant failed to object to the lack of sufficient notice or detail of the victim's testimony or raise the issue in his motion for new trial); <u>People</u> v. <u>Dugan</u>, 237 Ill.App.3d 688, 178 Ill.Dec. 594, 604 N.E.2d 1117, 1123 (2nd Dist 1992) (no objection concerning section 115-10 disclosure was raised during trial or in the post-trial motion; court declines to address the issue under plain error as the children testified about the events and defense failed to argue it was surprised or prejudiced).

8

Moreover, defendant was given reasonable notice of the State's intent to use the detectives' statements. The State asked for a 115-10 hearing prior to trial. In contrast, see People v. Burnett, 239 Ill.App.3d 582, 180 Ill.Dec. 423, 607 N.E.2d 317, 319 (3rd Dist. 1993), where the defendant was given no pretrial notice of the State's intent. Further, the State substantially complied with the notice requirement. The State included Detectives Howard and Davis in the list of witnesses it provided to the defendant. Additionally, the substance of their testimony was contained in the police reports. There was no surprise as to what their testimony might be. No reversible error occurred. Likewise, in Burnett, the court found that the State substantially complied with the statute and that no reversible error occurred where the State included the victim's mother and Officer Nelson in the list of witnesses and the substance of their testimony in the discovery provided to the defendant. The court stated that there was certainly no surprise as to what their testimony might be. Burnett, 607 N.E.2d at 320.

In contrast, in People v. Carter, 244 Ill.App.3d 792, 185 Ill.Dec. 318, 614 N.E.2d 452 (1st Dist. 1993), cited by defendant, the court reversed and remanded for a 115-10 hearing because of compounded errors, not merely inadequate notice. The trial court did not comply with the statutory

9

requirement of a reliability hearing held outside the presence of the jury, but merely had a hearing on defendant's motion in limine as to the hearsay testimony. The hearing on defendant's motion in limine did not provide adequate guarantees of trustworthiness as it did not reflect the reasoning of the trial judge as to the reliability of the corroborative testimony. In addition to these errors, the court found inadequate notice, rejecting the State's assertion that discovery was sufficient.

Finally, the disclosure provisions of section 115-10(d) are designed to protect the defendant against surprise, unfairness, and inadequate preparation. However, when there has been no such prejudice, the admission of evidence is not reversible error even where the State has committed a discovery violation. People v. Dugan, 237 Ill.App.3d 688, 178 Ill.Dec. 594, 604 N.E.2d 1117, 1122 (2nd Dist. 1992). Further, the admission of detailed corroborative complaint testimony is harmless where there is other reliable evidence of guilt and the victim testifies and is subject to cross-examination. People v. Mitchell, 215 Ill.App.3d 849, 159 Ill.Dec. 409, 576 N.E.2d 78, 85 (1st Dist. 1991). Here, J.G. and T.C. testified at trial and were subject to cross-examination. Their testimony corroborated each other. The testimony of Detectives Howard and Davis, which also

10

corroborated  J.G.  and  T.C.'s  complaint  testimony,  was
cumulative in nature.  The defendant was not prejudiced by the
admission of the testimony.

This court should affirm defendant's conviction.

ARGUMENT

III


DEFENDANT WAS PROVEN GUILTY OF THE AGGRAVATED CRIMINAL SEXUAL
ASSAULT OF J.G. BEYOND A REASONABLE DOUBT.


Defendant contends that he was not proven guilty of
aggravated criminal sexual assault of J.G. beyond a reasonable
doubt.  The State disagrees.

When a defendant challenges the sufficiency of the
evidence supporting his conviction, the relevant inquiry is
whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could
have found the elements of the crime beyond a reasonable
doubt.  People v. Brooks, 187 Ill.2d 91, 240 Ill.Dec. 607, 718
N.E.2d 88, 111 (1999).  The trier of fact bears the
responsibility of (1) determining the witnesses' credibility,
(2) determining the weight given to their testimony, (3)
resolving conflicts in the evidence, and (4) drawing
reasonable inferences from the evidence.  Brooks, 718 N.E.2d
at 111.  A jury need not accept or reject all of a witness'
testimony but may attribute different weight to different
portions of it.  People v. Cobbins, 162 Ill.App.3d 1010, 114
Ill.Dec. 227, 516 N.E.2d 382, 393 (1st Dist. 1987).  This

12

court should not substitute its judgment for the trier of fact on these matters.  <u>Brooks</u>, 718 N.E.2d at 111.

In this case, defendant contends that in light of the contradictory statements by J.G., the lack of medical evidence, and the weakness of the State's case, the State has failed to meet its burden of proof.  Tammy Griffon, 10-year-old J.G.'s mother, testified that in the spring of 1996 she was living in a trailer on Rhea Street.  (Supp.R. Vol. XII, 72)  [Hereinafter all references are to Supp.R. Vol. XII unless otherwise noted.]  Her uncle's children, Teddy and Robert Campbell, lived with their uncle and Diana Rockwood in the same trailer park.  (R. 73)  J.G. went to Pam Razaitis' trailer five trailers down to play with Pam's little boys. Defendant was staying with her.  (R. 74-75)

J.G. testified that four years ago he met a person called Rat (the defendant) who lived in the same area as he.  He met Rat through Teddy and Robert Campbell.  (R. 78-79)  J.G. testified he always followed Robert Campbell.  Once when he went over to defendant's trailer, defendant stuck his finger in J.G.'s pants.  Robert was outside playing with Anthony, a boy who lived there, when this happened.  J.G. testified that he was inside the trailer.  When asked to clarify, J.G. testified that defendant's finger was actually in his "butt." When defendant did that, J.G. ran to his mother and told her.

13

(R. 81) J.G. testified that he later talked to the police about it. J.G. testified he had never been in a room alone with defendant before and only went over to defendant's trailer with other people. (R. 82) J.G. testified he did not want to be in court as he was scared of the defendant. (R. 83)

On cross-examination, J.G. testified that when he went down to defendant's trailer with his cousin Robert Campbell, he first played with Anthony outside. (R. 84-85) Teddy Campbell was inside. J.G. went inside when Robert went in. (R. 85) When defendant put his finger in J.G., they were in the front room and J.G. was standing up. Defendant was standing behind J.G. Robert was with J.G. Teddy was using the bathroom. (R. 86-88) J.G. testified he did not yell for help, but ran. J.G.'s pants and underwear were on when this happened. He did not remember testifying three years ago that it happened in the kitchen. (R. 87) After this happened, he went to the police station and talked to Detective Howard. J.G. testified he was scared when he talked to him. (R. 88)

John Howard, with the Vermilion County Sheriff's Department, testified that he talked with J.G. on June 14, 1996. (R. 90) His mother had driven him to the police station but he would not come in, so Howard went to the car to see him. J.G. would not look at Howard. He held his head

14

down, cried a little bit, and was upset. Howard told him he wanted to find out what had happened between him and defendant. (R. 91) His mother told J.G. it was okay to talk to Howard and to go ahead and tell him what had happened. J.G. told Howard that he had been at Diana Rockwood's trailer. They were sitting on the couch and defendant had "placed his finger in [J.G.'s] butt." (R. 92) J.G. said Diana Rockwood was in the other room and one of the Campbells was also in the trailer. (R. 93)

On cross-examination, Howard testified that J.G. told him this occurred in the living room. He said Diana Rockwood was in another room, but did not indicate what room. He said Robert Campbell was there, but did not say where. (R. 94, 97) Howard did not recall not mentioning that one of the Campbells was present during the incident when he testified earlier against defendant. (R. 96)

In this case, J.G's testimony that defendant stuck his finger "in my butt" was not uncertain and is corroborated by his identical statement to Detective Howard that defendant "placed his finger in [J.G.'s] butt." (R. 81, 92) Further, whether there was penetration was corroborated by the defendant's sexual penetration of T.C., the other complainant in this trial. Defendant was convicted of two counts of aggravated criminal sexual assault with T.C., another

15

neighborhood child who played at the trailer where defendant was staying in the same time period. See People v. Overlin, 241 Ill.App.3d 530, 181 Ill.Dec. 674, 608 N.E.2d 925, 931 (4th Dist. 1993). While defendant contends that no medical evidence was presented, medical evidence of sexual penetration is not required to support a conviction for aggravated criminal sexual assault. People v. Fryer, 247 Ill.App.3d 1051, 187 Ill.Dec. 786, 618 N.E.2d 377, 382 (1st Dist. 1993).

While defendant argues that J.G. gave different accounts as to the respective positions of himself and defendant when the offense took place, one account--the account given at the prior trial--was not even before the jury and is not to be weighed by this court in reviewing the sufficiency of the evidence. The other accounts, the one given by J.G. at the trial and the one testified to by Detective Howard, are for the most part identical. According to both accounts, the offense occurred in the living room or the front room. While J.G. testified that the conduct took place while he and defendant were sitting on the couch and Detective Howard testified that J.G. told him that they were standing up, it is reasonable to believe that they had been sitting on the couch and then stood when defendant placed his finger into J.G.'s anus.

The issue of whether penetration occurred so as to

16

support an aggravated criminal sexual assault conviction is a question of fact for the jury to determine.  <u>People</u> v. <u>Franzen</u>, 251 Ill.App.3d 813, 190 Ill.Dec. 847, 622 N.E.2d 877, 887 (2nd Dist. 1993).  In <u>People</u> v. <u>Rush</u>, 250 Ill.App.3d 530, 190 Ill.Dec. 1, 620 N.E.2d 1262, 1265 (1st Dist. 1993), the minor complainant's hesitations and expressions of uncertainty as to whether defendant put his finger in complainant's "butt" affected only the credibility of the complainant's testimony and, as such, they were matters for the jury to weigh in the prosecution for aggravated criminal sexual assault.  See also <u>People</u> v. <u>Hutson</u>, 153 Ill.App.3d 1073, 107 Ill.Dec. 36, 506 N.E.2d 779, 782 (5th Dist. 1987)(eleven-year-old victim testified that defendant put his finger in her vagina, but on cross-examination said she was not sure if his finger went inside her, then on redirect she said it felt like he put his finger inside her).

This court should affirm defendant's conviction.

17

ARGUMENT

IV

DEFENDANT IS NOT ENTITLED TO AN ADDITIONAL 1,439 DAYS OF SENTENCE CREDIT.

Defendant was originally arrested in June 1996 and sentenced on April 22, 1997, to 20 years' imprisonment on three counts of predatory criminal sexual assault to a child and 7 years' imprisonment on one count of aggravated criminal sexual abuse. All of the sentences were to run consecutively and defendant was given credit for time served of 312 days against one of the predatory criminal sexual assault to a child counts. (Supp. R. Vol. I, C165-C166, 173)

In 1998, this court rejected defendant's argument on appeal that the trial court erred by failing to apply sentencing credit of 312 days against all four of his consecutive sentences. People v. Moore, 295 Ill.App.3d 676, 230 Ill.Dec. 553, 694 N.E.2d 184 (4th Dist. 1998). In 1999, the Illinois Supreme Court reversed the defendant's three predatory criminal sexual assault convictions, without addressing the issue of sentence credit. See People v. Tellez-Vallencia & Moore, 188 Ill.2d 523, 243 Ill.Dec. 191, 723 N.E.2d 223 (1999) (convictions were improper as the crime

18

of predatory criminal sexual assault did not exist at the time
of defendant's alleged sexual misconduct since that offense
was created as part of an unconstitutional public act; the
court found that the State could not amend the charging
instrument on appeal.)    The court left untouched the
conviction and sentence for aggravated criminal sexual abuse.

On May 23, 2000, defendant was ordered released from the
custody of DOC but taken into custody by the Vermillion County
Sheriff's Department pending the filing of additional charges.
On May 23, 2000, the State filed a motion to issue a corrected
mittimus.    The motion was allowed and the mittimus was
corrected to reflect the 7-year-sentence to the Department of
Corrections on Count 4 (aggravated criminal sexual abuse) with
credit of 1,441 days served to date.  (Supp. R. Vol. I, docket
entries, page 5)

On May 24, 2000, defendant was charged again with three
counts of aggravated criminal sexual assault.  (R. Vol. I, C1-
C2)  Following a jury trial, he was again found guilty.  (R.
Vol. I, C42-C44)  Prior to sentencing, the defendant filed a
pro se letter asking for sentence credit from 1996.  (R. Vol.
I, C50)    At sentencing, defense counsel asked that the
sentence not be consecutive to the prior served sentence, and
to give defendant sentence credit from June 8, 1996.    The
prosecutor responded by stating that defendant had already

19

been given credit for the time since 1996 against the sentence on which he had been paroled. The prosecutor asked that the defendant be kept off the street for as long as possible. (R. Vol. IV, 24) Defendant was sentenced to consecutive terms of 30 years' imprisonment on each count with credit for 91 days on Count I only. (R. Vol. I, C117)

In <u>People</u> v. <u>Latona</u>, 184 Ill.2d 260, 234 Ill.Dec. 801, 703 N.E.2d 901 (1998), the supreme court held that since consecutive sentences are to be treated as a single term of imprisonment under 730 ILCS 5/5-8-4(e)(4) (West 1998), it necessarily follows that defendants so sentenced should receive but one credit for each day actually spent in custody as a result of the offense or offenses for which they are ultimately sentenced. The court stated that to allow an offender sentenced to consecutive sentences two credits--one for each sentence--not only contravenes the legislative directive that his sentence shall be treated as a "single term" of imprisonment, but also, in effect, gives that offender a double credit, when the sentences are aggregated, for each day previously served in custody, contrary to the legislative intent to punish the commission of certain offenses more harshly by providing for consecutive sentences. Therefore, to the extent that an offender sentenced to consecutive sentences has been incarcerated prior thereto on

20

more than one offense simultaneously, he should be given credit only once for actual days served.  703 N.E.2d at 907.

Under Latona, defendant is not entitled to sentence credit against his consecutive sentences.

CONCLUSION

WHEREFORE, the PEOPLE OF THE STATE OF ILLINOIS respectfully request that this court affirm defendant's convictions and sentences and tax costs accordingly.

Respectfully submitted,

THE PEOPLE OF THE STATE OF ILLINOIS

Frank Young
State's Attorney
Vermilion County Courthouse
7 North Vermilion
Danville, Illinois 61832

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
Linda Susan McClain
Staff Attorney
State's Attorneys Appellate
        Prosecutor
725 South Second Street
Springfield, Illinois 62704
(217) 782-8076

COUNSEL FOR PLAINTIFF-APPELLEE

NO: 4-00-0890

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court of |
| | ) | the Fifth Judicial Circuit |
| Plaintiff-Appellee, | ) | Vermilion County, Illinois |
| | ) | |
| Vs. | ) | No. 00-CF-246 |
| | ) | |
| ROBBIE J. MOORE, | ) | Honorable |
| | ) | Claudia S. Anderson |
| Defendant-Appellant. | ) | Judge Presiding. |

---

<u>NOTICE AND PROOF OF SERVICE</u>

TO:  Darryl Pratscher, Clerk,          Daniel D. Yuhas
     Fourth District Appellate Court   Office of the St.Apel.Dfndr.
     201 W. Monroe, P.O. Box 19206     400 S. Ninth St., Suite 102
     Springfield, IL 62794-9206        P.O. Box 5750
                                       Springfield, IL 62705-5750

The undersigned certifies that six copies of Plaintiff-Appellee's Brief and Argument were delivered to the Clerk of the Appellate Court; and three copies of same were served upon the defendant's Attorney of Record by enclosing said copies in an envelope addressed as indicated above, and by depositing said envelope, with postage fully prepaid, in the U.S. Mail in Springfield, Illinois, on this 17th day of September, 2002.

Carol Smith, Secretary
State's Attorneys Appellate Prosecutor

E-FILED
Tuesday, 03 July, 2007 02:50:08 PM
Clerk, U.S. District Court, ILCD

**FILE COPY**





DEC 1 3 2002

SAAP FOURTH DISTRICT

**STATE OF ILLINOIS**

**APPELLATE COURT**

FOURTH DISTRICT

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

COUNSEL WILL PLEASE NOTE:

If you intend to appeal to the Supreme Court you must either
file your affidavit of intent in 21 days from the date of
this judgment [Rule 315(b)] or you must file a petition for
rehearing within 21 days (by ___*January 2, 2003*___ )
from the date of this judgment [Rule 367(a)].

IF NEITHER IS FILED our mandate will issue to the Circuit court
on ___*January 9, 2003*___ .

IF A PETITION FOR REHEARING IS FILED our mandate will issue 7
days after the order, if denied, if no affidavit of intent is
filed within those 7 days.

THIS TIME SCHEDULE DOES NOT SHORTEN THE TIME FOR FILING IN THE
SUPREME COURT !  It does prevent recall of a mandate.

We solicit your cooperation in this schedule so that we may
expedite our case load and issue our mandates as soon as possible.

ALSO PLEASE NOTE:   OPINIONS ONLY

Attached to the enclosed copy of the opinion in this case is a
cover sheet indicating the manner in which counsel will be listed
in the various reports of this opinion.  If your name is incorrectly
listed, or if a name has been incorrectly included or omitted,
please immediately convey that information to this office at
217-782-2586. Please also immediately inform the Reporter of
Decisions at 309-827-8513 so that a correct listing of counsel
can be made in the official and unofficial reports of this case.

Thank you.

DARRYL PRATSCHER, Clerk
Appellate Court
Fourth District

DP: ms

EXHIBIT C

Rule 23 Order Filed:   12/12/02   *Atm / Rem*

Oral Argument Held:

Justices:                 Honorable John T. McCullough, J.

                          Honorable Sue E. Myerscough, J. - CONCUR

                          Honorable James A. Knecht, J. - CONCUR




Chief Judge _____

Other        _____

```
10/23/02                  ILLINOIS APPELLATE COURT          PAGE    3
APBFSPRB.P                    FOURTH DISTRICT               4-00-0890
                             ---FACT SHEET---               SC Rule 606

4-00-0890     THE PEOPLE OF THE STATE OF ILLINOIS,    STATUS:    ACTIVE
                       Plaintiff-Appellee,            AUTHOR:    JTM
                       v.                             PANEL:     SEM JAK
              ROBBIE J. MOORE,                        RECUSALS:  RBG
                       Defendant-Appellant.           SUBMITTED: 10/22/02
                                                      ASSIGNED:
                                                      READY:     09/17/02


TRIAL JUDGE: Anderson, Claudia S.                     CNTY: Vermilion (5)
TRIAL COURT NO.: 00CF246
```

Appellant
```
    ATTORNEY: Daniel D. Yuhas
              Deputy Dfr., Office of State Aplt. Defender
              400 S. Ninth St., Suite 102, POB 5750
              Springfield, IL  62705-5750
              217/782-3654
         FEE:     WVD  DATE:                   RECEIPT NO.:
              COURT APPOINTED
    ATTORNEY: Robert N. Markfield
              Asst.Defender, Office of State Aplt.Defender
              400 S.Ninth St., Suite.102, POB 5750
              Springfield, IL  62705-5750
              217/782-3654
       PARTY:   Robbie J. Moore
                REG NO: B-16483
                Menard Corr. Center
                P.O. Box 711
                Menard, IL  62259
                AC DESG: Appellant      TC DESG: Defendant
                IN CUSTODY
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appellee
```
    ATTORNEY: Frank Young
              State's Attorney
              7 North Vermilion Street
              Danville, IL  61832
         FEE:     WVD  DATE:          RECEIPT NO.:
    ATTORNEY: Norbert J. Goetten Director
              State's Attorneys Appellate Prosecutor
              725 S. Second St.
              Springfield, IL 62704
    ATTORNEY: Robert J. Biderman
              Dep. Dir., State's Attorneys Aplt. Prosecutor
              725 S. Second Street
              Springfield, IL  62704
              217/782-1628
    ATTORNEY: Linda Susan McClain
              Staff Attorney, State's Attorneys Aplt. Prosecutor
              725 S. Second Street
              Springfield, IL  62704
              217/782-8076
       PARTY:   People
                AC DESG: Appellee      TC DESG: Plaintiff
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**** END OF FACT SHEET ****

NO. 4-00-0890

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED

DEC 1 2 2002

CLERK OF THE
APPELLATE COURT, 4TH DIST.

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| ROBBIE J. MOORE | ) | No. 00CF246 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Claudia S. Anderson, |
| | ) | Judge Presiding. |

---

ORDER

Following a trial in the circuit court of Vermilion County, a jury found defendant Robbie J. Moore guilty of three counts of aggravated criminal sexual assault. 720 ILCS 5/12-14(b)(1) (West 1994). The trial court sentenced defendant to three consecutive terms of 30 years' imprisonment, with credit on count I for 91 days previously served. The issues on appeal are whether (1) the State's failure to notify defendant of an intent to ask the court to admit into evidence statements under section 115-10 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-10 (West 2000)) requires a new hearing to determine the admissibility of those statements; (2) defendant was proved guilty beyond a reasonable doubt; (3) defendant is entitled to a new sentencing hearing because he received a longer sentence after retrial following a successful appeal; and (4) defendant is entitled to 1,439 days' additional sentencing credit. We reduce defendant's sentences to 20 years' imprisonment for each count, to be served consecutively, affirm as modified, and remand with directions.

We initially address the question of the adequacy of the State's notice of its intent to use testimony about out-of-court statements made by the child victims pursuant to section 115-10(a) of the Code (725 ILCS 5/115-10(a) (West 2000)).  Section 115-10(d) of the Code requires:

> "The proponent of the statement shall give the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement."  725 ILCS 5/115-10(d) (West 2000).

Defendant concedes that, although an objection was made to the absence of notice when the State requested a hearing to establish admissibility pursuant to section 115-10(b)(1) (725 ILCS 5/115-10(b)(1) (West 2000)), the issue was not included in defendant's posttrial motion and is deemed waived for purpose of review. People v. Enoch, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988).  Defendant asks this court to address the issue under the plain error doctrine (134 Ill. 2d R. 615(a)), which creates an exception to the waiver doctrine when (1) an error is committed that is of such a magnitude as to deny the defendant a fair trial or (2) the evidence is closely balanced.  People v. Herrett, 137 Ill. 2d 195, 209-10, 561 N.E.2d 1, 7-8 (1990).  Compliance with the notice requirement in section 115-10(d) is designed to protect the defendant from surprise, unfairness, and inadequate preparation. People v. Carter, 244 Ill. App. 3d 792, 801, 614 N.E.2d 452, 458 (1993).  Therefore, we consider the issue to determine whether plain error occurred that denied defendant a fair trial.

- 2 -

On the morning trial was to begin, the prosecutor informed the trial court that he had two witnesses that would testify to section 115-10 statements and inquired if the trial court wanted to conduct the hearing on admissibility at that time. Defense counsel objected to the absence of notice of the State's intention to offer testimony of out-of-court statements under section 115-10.  The prosecutor informed the trial court that the defendant received the statements of the witnesses in discovery and that the two minors and the two witnesses to the statements were disclosed on the witness list.  Defense counsel acknowledged to the trial court that the statements were disclosed in discovery.  He added, however, that the statements were not used in defendant's prior trial and no section 115-10 hearing was held in that earlier proceeding.

On appeal, defendant relies on <u>Carter</u>, in which the court held that supplying police reports and lists of potential witnesses does not satisfy the requirements of section 115-10(d) and that the statute requires the State to provide "the specific hearsay testimony of the child victim which will be presented at trial." <u>Carter</u>, 244 Ill. App. 3d at 801, 614 N.E.2d at 458.

In this case, the prosecutor informed the trial court, and the defendant conceded, that the statements were provided. Other than a written statement that the State had responded to defendant' request for discovery, which included a request for statements, the State's complete response to the request for discovery is not included in the record on appeal.  On the record before us, we decline to find that the State failed to provide

- 3 -

defendant adequate notice of the intent to offer into evidence testimony of the out-of-court statements of the child victims. Defendant raises no argument attacking the reliability of the out-of-court statements or their sufficiency to support the verdicts. Without prejudice to defendant, any error in the adequacy of notice would be harmless.

We next consider whether defendant was proved guilty beyond a reasonable doubt. Defendant challenges the sufficiency of the evidence related only to count III, alleging sexual penetration by defendant placing his finger in the anus of J.G.

When a defendant challenges the sufficiency of the evidence to support a finding of guilt beyond a reasonable doubt, the test is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. People v. Brooks, 187 Ill. 2d 91, 132, 718 N.E.2d 88, 111 (1999). It is the function of the trier of fact to assess witness credibility, weigh the evidence, resolve conflicts in the evidence, and draw reasonable inferences therefrom; and this court will not substitute its judgment for that of the trier of fact on these matters. Brooks, 187 Ill. 2d at 132, 718 N.E.2d at 111.

As alleged in this case, a person commits aggravated criminal sexual assault if he is 17 years of age or older and commits an act of sexual penetration with a victim under 13 years of age. 720 ILCS 5/12-14(b)(1) (West 1994). As relevant to this case, sexual penetration means any intrusion, however slight, of any part of the body of one person into the anus of another person.

- 4 -

720 ILCS 5/12-12(f) (West 1994).  If credible, the testimony of the victim alone is sufficient to support a conviction.  See <u>People v. Overlin</u>, 241 Ill. App. 3d 530, 541-42, 608 N.E.2d 925, 932 (1993).

In this case, J.G. testified that, on one occasion when he was in defendant's trailer, defendant stuck his finger "in" J.G.'s "butt."  According to J.G., this was the only time he was alone in a room with defendant, and he immediately ran and told his mother.  He later talked to the police about it.

Defendant argues that no corroborating medical evidence was presented.  However, courts have rejected the suggestion that medical evidence is necessary to establish sexual penetration.  <u>People v. Fryer</u>, 247 Ill. App. 3d 1051, 1058, 618 N.E.2d 377, 382 (1993).

Defendant attacks J.G.'s credibility on appeal by comparing his testimony in this trial with his testimony in defendant's first trial.  J.G., who was 10 tears old at the time of the second trial, testified that the incident took place in the living room.  He could not remember whether he had testified that it occurred in the kitchen at the first trial three years before.  He testified that his pants and underwear were on when the incident occurred.  Defendant contends that the evidence is inadequate because J.G. was not asked and did not say that the defendant's finger actually penetrated into the anus.  The jury could reasonably infer that penetration occurred from J.G.'s testimony that defendant put his finger in J.G.'s butt.  See <u>People v. Rush</u>, 250 Ill. App. 3d 530, 534-35, 620 N.E.2d 1262, 1265 (1993).  The evidence was sufficient to establish defendant's guilt of aggra-

- 5 -

vated criminal sexual assault of J.G. beyond a reasonable doubt.

We next consider defendant's challenge to the propriety of the sentences. In the first proceeding (Vermilion County case No. 96-CF-264), the State originally charged defendant with three counts of aggravated criminal sexual assault and one count of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 1994)). Subsequently, the trial court allowed the State to change the aggravated criminal sexual assault charges to charges of predatory criminal sexual assault (720 ILCS 5/12-14.1 (West 1996)). Defendant was found guilty of all four counts, and the trial court sentenced him to 20 years' imprisonment for each predatory criminal sexual assault and 7 years' imprisonment for aggravated criminal sexual abuse, with the sentences to be served consecutively. People v. Moore, 295 Ill. App. 3d 676, 678, 694 N.E.2d 184, 185 (1998). However, the Supreme Court of Illinois reversed the convictions for predatory criminal sexual assault on the basis that the statute creating that offense was unconstitutional. People v. Tellez-Valencia, 188 Ill. 2d 523, 526-28, 723 N.E.2d 223, 225-26 (1999). Following a second trial on new charges of aggravated criminal sexual assault predicated on the same acts (Vermilion County case No. 00-CF-246), the trial court sentenced defendant to consecutive terms of 30 years for each of the aggravated criminal sexual assaults.

Section 5-5-4 of the Unified Code of Corrections (Unified Code) provides:

"Where a conviction or sentence has been set aside on direct review or on collateral

- 6 -

attack, the court shall not impose a new
sentence for the same offense or for a differ-
ent offense based on the same conduct which is
more severe than the prior sentence less the
portion of the prior sentence previously
satisfied unless the more severe sentence is
based upon conduct on the part of the defen-
dant occurring after the original sentencing."

730 ILCS 5/5-5-4 (West 2000).

This statute incorporates due process principles discussed in North
Carolina v. Pearce, 395 U.S. 711, 725-26, 23 L. Ed. 2d 656, 669-70,
89 S. Ct. 2072, 2080-81 (1969), overruled on other grounds in
Alabama v. Smith, 490 U.S. 794, 104 L. Ed. 2d 865, 109 S. Ct. 2201
(1989); and People v. Baze, 43 Ill. 2d 298, 302-03, 253 N.E.2d 392,
395 (1969).  People v. Rivera, 166 Ill. 2d 279, 295, 652 N.E.2d
307, 314 (1995).

When defendant was originally sentenced, predatory
criminal sexual assault was a Class X felony (720 ILCS 5/12-14.1(b)
(West 1996)) subject to a sentencing range of not less than 6 years
and not more than 30 years (730 ILCS 5/5-8-1(a)(3) (West 1994)).
The aggravated criminal sexual assaults for which defendant was
convicted on retrial were also Class X felonies (720 ILCS 5/12-
14(d) (West 1994)) and carried the same sentencing range.  The
State conceded at the sentencing hearing following retrial that
there was no evidence in aggravation of conduct of defendant
occurring after the original sentence.

The State argues that the sentences imposed are essen-

- 7 -

tially the same because of the change in the law regarding good-conduct credit. The State argues that, at the time of the original sentencing, the trial court was under the impression that the truth-in-sentencing provision would require the defendant to serve 85% of the sentences then imposed. 730 ILCS 5/3-6-3(a)(2)(ii) (West 1996). Defendant's conduct included in all three counts occurred in March through June 1996. The effective date of Public Act 89-404 (Pub. Act 89-404, eff. August 20, 1995 (1995 Ill. Laws 4306)), which originally enacted the truth-in-sentencing provision, was August 20, 1995. People v. Reedy, 186 Ill. 2d 1, 4, 708 N.E.2d 1114, 1115 (1999). However, in Reedy, Public Act 89-404 was declared unconstitutional. Reedy, 186 Ill. 2d at 18, 708 N.E.2d at 1122. The State further argues that since a more generous good-conduct credit was available to defendant on resentencing, the longer sentences imposed were effectively comparable to the sentences imposed for the predatory criminal sexual assaults following the original trial. We disagree.

It is mere speculation to surmise the extent to which the trial court considered the truth-in-sentencing provision when imposing the original sentences. See Reedy, 186 Ill. 2d at 17, 708 N.E.2d at 1121. Section 5-5-4 of the Unified Code does not say that following retrial or resentencing the trial court may impose the sentence it might, would, or could have imposed had the law not changed in the period between the two sentencing hearings. A sentence greater than that originally imposed may not be imposed on resentencing unless it is based on the conduct of the defendant following the original sentencing. The trial court adopted the

- 8 -

rationale of the State and did not rely on any conduct of defendant after the original sentencing. Nevertheless, we reject defendant's request for a new sentencing hearing. The transcript of the second sentencing hearing discloses that the trial court wanted to impose sentences equivalent to the sentences previously imposed. Therefore we reduce the sentences for aggravated criminal sexual assault to 20 years on each count, to be served consecutively.

The final issue is whether, under section 5-8-7(b) of the Unified Code (730 ILCS 5/5-8-7(b) (West 2000)), defendant is entitled to an additional 1,439 days' credit against his sentence for time previously served. Defendant was arrested on June 17, 1996, and the trial court imposed sentence in the original proceeding on April 22, 1997, a period of 312 days. On direct appeal, this court rejected defendant's argument that the 312-day credit he was given should be credited against each of his sentences because the sentences were to be served consecutively. Moore, 295 Ill. App. 3d at 686, 694 N.E.2d at 190. When the supreme court reversed the convictions for predatory criminal sexual assault, it did not discuss the issue of sentencing credit. Tellez-Valencia, 188 Ill. 2d at 526-28, 723 N.E.2d at 225-26. In addition, the supreme court left untouched defendant's conviction and sentence for aggravated criminal sexual abuse.

On May 23, 2000, defendant was released from the Department of Corrections and taken into custody by the Vermilion County Sheriff's Department pending the filing of additional charges. Also on May 23, 2000, the State filed a motion in Vermilion County case No. 96-CF-264 for the issuance of a corrected

- 9 -

judgment of sentence reflecting that defendant received a sentencing credit of 1,441 days against his seven-year sentence for aggravated criminal sexual abuse.  Defense counsel appeared at the hearing on the motion and made no objection.  The trial court granted the motion and issued a corrected judgment of sentence. The next day, May 24, 2000, the State file new charges against defendant in Vermilion County case No. 00-CF-246.

Defendant argues that he is entitled to an additional credit in this case for his time in custody prior to the original trial and in prison thereafter up to and including May 23, 2000. Section 5-8-7(b) of the Unified Code requires that a defendant be given credit on the sentence for time spent in custody as a result of the offense for which the sentence was imposed.  730 ILCS 5/5-8-7(b) (West 2000).  Consecutive sentences are treated as a single sentence (730 ILCS 5/5-8-4(e)(4) (West 2000)); and for consecutive sentences, a defendant receives only one credit (People v. Latona, 184 Ill. 2d 260, 271, 703 N.E.2d 901, 907 (1998)).

In this case, defendant was originally sentenced to consecutive terms of imprisonment for three counts of predatory criminal sexual assault and one count of aggravated criminal sexual abuse, and defendant was properly given one credit for 312 days previously served.  After the three convictions for predatory criminal sexual assault were reversed, defendant was in prison on only the aggravated criminal sexual abuse conviction and was given credit against that sentence for all of the time served.  Defendant is not entitled to a credit in this case for time spent in prison as a result of an unrelated offense.  People v. Clinard, 242 Ill.

- 10 -

App. 3d 414, 417, 610 N.E.2d 161, 163 (1993).  Defendant has not demonstrated entitlement to additional credit against the consecutive sentences in this case.

We modify the defendant's sentences to 20 years on each count, to be served consecutively, and in all other respects affirm the convictions and sentences as modified.  We remand for issuance of an amended judgment of sentence.

Affirmed as modified; cause remanded with directions.

McCULLOUGH, J., with MYERSCOUGH, P.J., and KNECHT, J., concurring.

In the Circuit Court of the fifth Judicial Circuit
Vermilion County, Illinois

2:07-cv-02062-MPM-DGB    # 10-5    Page 1 of 7

E-FILED
Tuesday, 03 July, 2007  02:50:20 PM
Clerk, U.S. District Court, ILCD

MAY 27 2003

People of the State of Illinois, )
    Respondent. )
 )
    vs. )    Case No's _____
 )
Robbie J. Moore, )    (To Be supplied By Clerk)
    Petitioner. )    Information Nos. 96 CF 264 & 00 CF 246

## Petition for Post-Conviction Relief

Now comes The Petitioner, Robbie J. Moore, Pro Se. And In his own proper person, Pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, et seq. (west 1996), And most Respectfully moves This Honorable Court To Vacate The Judgment of the Circuit Court of Vermilion County, Illinois, entered on July, 28, 2000, In connection with Information 00 CF 246, And Grant him a New Trial And Sentencing Hearing And states As follows:

1*) Petitioner Is Presently Incarcerated At Pontiac Correctional Center Pursuant To The Judgment of The Circuit Court of Vermilion County, Illinois Sentenced on 9-5-2000, under Information No. 00 CF 246 Following A Jury Trial. For The offence's of Criminal Sexual Assualt. For which The defendant was sentenced To Three (3) Consective, Twenty (20) Year sentence's Totaling Sixty (60) years.

2*) His Direct Appeal was Affirmed on 12-12-02 Appealate Counsel Raised Four Issues (1) Failure To hold 115-10 Hearing on out of Court statements. (2) defendant was not proven guilty Beyond A Reasonable Doubt. (3) defendant was Entitled To New sentence, Because sentence was Longer. (4) defendant was Entitled To Additional Sentanceing Credit of 1439 days.

C3

██████████    (3)
—    EXHIBIT D    —

## Statement of Facts

1) defendant's case should Be Reverced And New Trial Given Because, Appealate Court failed To Apply The MAggette 747 N.E.2d. 339. ANAlyzsis, which states That Neither Hand, Nor Finger is In Object foR The PeRpose of CRiminal Sexual Assualt. Against J.G.

2) The defendant should Recieve A New Trial where The TRial Court Violated The Right of The defendant To his Right To Confrount his Accuser, U.S. Const. Amend. VI. This Right Xtends To The state Through The Due process clause of The Fourteenth Amendment Pointer -v- Texas 380 US. 400, 403

3) Defendant has A Right To have All Elements of A CRime Proved JAinst him Beyond A ReasonAble Doubt. Where state Failed To PRove The Defendant was IN The occult, other Than By states Witness who Committed PeRsury, where Both "victem's" Testimoney was inconsistence Threwout whole TRial. IN Re Winship 397 US 358

4) Trial ATTorney WAS INeffective By Not MAking obseetion's To The Judge Telling him, And State's ATTorney To STand BeTween The Victum And The DefEndant To obstruct The View of The defendant's Right To confrount his Accuser. Delaware V VAN ARSDAll 475 US. 673, 684 Also. see CRAig 497 U.S. AT 846

C32

(4)

5) TRial ATTORNEY AND APPealate ATTORNEY was NOT EFFictive FOR NOT Impeaching All STATES wittness, Kim HARRis, Jeffery GRiffe nd Teddy compBell, where Kim HARRis committed ouT RighT PERJURY, nd The oTher Two's TesTimoney was NoT CONSisTANce THREw EiTheR TRial.

) The TRial ATTORNEY should had given A LesseR offence nsTRucTion of AggeRvaTied criminal sexual ABuse, sence NO ACtual PenetRaTion had occuRed AgAinsT Jeffery GRiffen, here By making him IneffecTive.

The APPealate ATTORNEY should had RAised All such Issue's As well, Ad APPealate ATTORNEY Did So This case would had Been ReviRced.

) EVEN IF This couRT FiND's ThaT some of these violaTions To Be HARMless ERRoR's, ANY ThRee (3) TogeTheR is moRe Than HARMless iN ToTaliTy of All ERROR, which will STill RequiRe A New TRial.

C33

## ARGUEMENT

1) UNLESS The STATE Showes Actual PeneTraTion By The defendan Finger, IT is NoT CoveRed uNdeR The INTRusion clause of 12-12(F). The slighTest PeneTraTion of The Anus will show some sign of laceRaTion, scaRing oR BRuising. The couRT RevieRced A CoNvicTion IN STATE v. ToRRes 464 P2d 953, 510 P2d 737 wheRe The Judge using Human NaTuRe ANd Common UndeRSTandin included ThaT PeneTraTion of a 9yo. Child Could NoT Be AccomplisHed with ouT oNe oR moRe of Those ExTeRNal Signs The CouRT IN MaggeTTe  747 N.E.2d. 339 Reasoned ThaT IF PeneTraTion Is NoT Shown Beyond A ReasoNABle DouBT. ThaT The FingeR oR HaNd muST Fail undeR The ConTacT Clause of 12-12(F) which Found futheR, ThaT NeitHeR A HaNd NoR FingeR is AN oBJect FoR The PeRPose of The ConTacT clause of 12-12(F). TheRe By The CoNvicTion of The defendaNT undeR This ANALusi: muST Fail To SuRcuRe his CoNvicTion AgAiNsT SeffeRy GRiffeN.

2) IN A TRiAl The defendand has A ABsuluTe RighT To CoNfrounT his AccuseR, How EveR The defendanT was denied ThaT RighT wheRe The Judge INSTRucTed JeffeRy GRiffeN To Look AT heR, The JuRy, EATHeR ATTORNey, which was INSTRucTed To STand BeTween defendanT and victom To AcT AS A SHild. AS well AS The Child was NoT BRoughT uP To PROPER HighTs To Be Seen oveRTop of The Judges Desk To Also AcT IN FuRTHeRaNce of oBSTRucTing The View of The victom fRom The View of The defendanT. To KeeP The defendanT FoRm oBseRving ANy view ThaT The Child may Be Lieing and squRming.

(6)

C34

3) The state put into evidence that the defendant was using the occult, witchcraft, santanism, ect... as motive, and oppertuneity thereby making it part of the crime which the defendant was not able to prepair his defence against. The state must prove all elements which it brings against a defendant. In Re Winship. The state never proved the defendant was in the occult, other than by purjured testimoney by Kim Harris wich addimetred that she was the one who wrote the socalled law's which the defendant was alledeged to had used. The state produced no socalled contract which the defendant wa supposed to had written. The state also failed to prove by an expert witness that the defendant's hand writting was on any of the alledged contracts. The state failed to prove that the socalled "Zantiorian Law" exist or was made up by the defendant or Kim Harris. Clearly the state only had to prove half of his case which in this country is not enough to substaine a conviction. The defendant's case must be reviered

) Trial attorney was ineffective by failing to impeach each witness. Kim Harris for committing out right perjury during her direct examination by the state, for not admitting she had been arrested for child sexual assult prior to this conviction (1996). The trial attorney failed to make any proper objections to the judge instructing the attorney's to act as a shidd, so as to not let the defendant be able to confrount (J.G.) his accuser. The trial attorney failed to make the appreaite obsections to the state's use of the defendant being

(7)

CBS

IN the occult, As means, and opperturnity. With out forcing The state To prove such claims. had The Trial Attorney did his Job The efendant's case would not had been strong enough For A conviction.

Because This case is not by any means overwailming by anyone's standards of proof, This case must be over turned And A New Trial granted To The defendant. Appealate counsel should had raised same issue's.

Wherefore, Petitioner Robbie J Moore, Prays This court will vacate The convictions of <u>96 cf 264</u>, <u>00 cf 246</u> And grant him A new Tria And a vew sentencing Hearing.

Respectfully Submitted,

*Robbie Moore*

Robbie J. Moore

State of Illinois }
county of Vermilion } s.s.

<u>Verification of Certification</u>

I, Robbie J. Moore, Being First Duly sworn on oath Do Here By Depose and state, That I n the Affiant/Petitioner For Post-Conviction Relief, and have knowledge of Its contents; And persuant To 1 $/09 of code of Civil Procedure verify That The hings set forth Therein Are True and correct in Substance And fact.

*Robbie Moore*

Robbie J Moore

Subscribed and sworn To Before ME This Day 21 of May 2003

*Sharon R Eden*

Notary Public

OFFICIAL SEAL
Sharon R. Eden
Notary Public, State of Illinois
My Commission Exp. 11/15/2005

PO Box 99 # B16483

Pontiac IL

61764

C36

(9)

Plaintiff

v.

Robbie J. Moore

Defendant

Case No. 96 - C F - 264

&

00 - C F - 246

**FILED**

JUN 03 2003

Clerk of the Circuit Court
Vermilion County, Illinois

---

### Motion of Descovery

Here comes the Defendant/ Potioner  Robbie J. Moore
he 30th day of May, 2003 respectfuly Requesting the Honorable Court
o allow him the information within his Descovery. He has filed his Post
onviction (Filed May 27th, 2003) and ask the Court to allow him the
ollowing information for his own personal file.

1. Any Medical Reports.
2. The Impact Statement(s).
3. Any Evidence.
4. The Common Law Records.

And any other documents the State Prosicuter may possess
oncerning above mentioned cases.

Robbie J. Moore
Defendant / Petioner

Pre Ce

C37

E-FILED
Tuesday, 03 July, 2007 02:30:45 PM
Clerk, U.S. District Court, ILCD

IN THE  CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

JUN 19 2003

Clerk of the Circuit Court
Vermilion County, Illinois

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | |
| Plaintiff/Respondent, | ) ) | |
| vs. | ) ) ) | CASE NO. 96-CF-264 00-CF-246 |
| ROBBIE J. MOORE, | ) ) | |
| Defendant/Petitioner | ) | |

## ORDER

THIS MATTER came before the Court on the Defendant's *pro se* Petition for Post-Conviction Relief filed May 27, 2003. The Court has reviewed the petition and finds as follows:

1. The Defendant has filed a post conviction petition in both 96-CF-264 and 00-CF-246, although his conviction after bench trial in the 1996 case was already reversed by the Illinois Supreme Court on November 19, 1999.

2. The Supreme Court found the predatory criminal sexual assault offense upon which the Defendant was convicted in the 1996 case to be unconstitutional and reversed his conviction thereon.

3. Upon remand, the State filed 00-CF-246, which consisted of three counts of aggravated criminal sexual assault (Class X), and the Defendant was convicted after a jury trial thereon.

4. There is therefore no basis for relief, nor any claim of error which arises out of 96-CF-264 and the Defendant's Petition is dismissed as patently without merit as to that case.

5. After a review of the trial and appellate records in 00-CF-246, the court finds that none of the issues raised in the Petition were raised by

C38

EXHIBIT E

trial counsel in the written post-trial motion of August 7, 2000, nor were they raised on appeal. The Defendant essentially asserts the ineffective assistance of both trial and appellate counsel.

6. The Defendant provides no affidavits, transcript, documents or other evidence in support of the factual assertions raised.

7. On direct appeal, the appellate court considered four specific issues:
   a) whether the State's failure to notify the defendant of their intent to use section 115-10 corroborative complaint evidence required a new hearing to determine the admissibility of such evidence;
   b) whether the defendant was proved guilty beyond a reasonable doubt;
   c) the defendant's entitlement to a new sentencing hearing due to receiving a longer sentence after appeal; and
   d) whether the defendant was entitled to additional sentencing credit.
   None of these issues are asserted directly in Defendant's petition.

8. The Defendant alleges at least one issue which could possibly be of constitutional dimension regarding the manner in which the child victim was questioned at trial, which does not appear in the record.

9. For all the reasons set forth above, the Court is directing the Clerk to notify attorney Brian Lawlyes of his appointment as counsel for the Defendant. Counsel has 30 days from the date of his notification in which to amend or adopt the Defendant's petition or request other relief and the State will have 30 days thereafter to answer or otherwise plead.

ENTER: _June 15, 2003_

C39

IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
        Plaintiff/Respondent,    )
vs.    )
        )    Case No. 00-CF-246
ROBBIE J. MOORE,    )
        Defendant/Petitioner.    )

JUL 18 2003

## ATTORNEY'S ENTRY OF APPEARANCE AND MOTION FOR EXTENSION OF TIME WITHIN WHICH TO PLEAD

NOW COMES Brian C. Lawlyes of LAWLYES & LAWLYES and hereby enters his appearance as attorney of record for the Defendant, ROBBIE J. MOORE.

NOW COMES Defendant, ROBBIE J. MOORE, by his attorney, Brian C. Lawlyes of LAWLYES & LAWLYES, and for his Motion for Extension of Time Within Which to Plead states as follows:

1. That Defendant/Petitioner filed a Petition for Post Conviction Relief in the above-captioned cause on May 27, 2003.

2. That this Court directed the Vermilion County Circuit Clerk to notify attorney Brian C. Lawlyes of his appointment as counsel for the Defendant on June 19, 2003.

3. That said attorney received notification of said appointment on June 23, 2003.

4. That this Court further directed said counsel has 30 days from the date of notification in which to either amend or adopt Defendant's petition or request other relief.

5. That Defendant is presently incarcerated in Pontiac State Prison, Pontiac, Illinois.

6. That said attorney requires additional time to converse with Defendant/Petitioner, review the pleadings and transcripts filed herein, and otherwise prepare the necessary amended Petition for Post Conviction Relief to be filed herein.

7. The brief delay caused by this request for additional time within which to plead will not prejudice the claim of any other party.

1

C40

WHEREFORE, Defendant/Petitioner ROBBIE J. MOORE respectfully requests that this Honorable Court enter an order granting counsel for ROBBIE J. MOORE additional time to file his amended Petition for Post Conviction Relief or other pleading in the above-captioned cause.

Respectfully submitted,
ROBBIE J. MOORE

By: _____

BRIAN C. LAWLYES
Attorney for Defendant

PREPARED BY:
Brian C. Lawlyes
LAWLYES & LAWLYES
Attorney for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CL/MforExtTime2(rmoore)

2

C41

## CERTIFICATE OF SERVICE

I, Brian C. Lawlyes, do hereby certify that I did on the /4 day of July, 2003, HAND DELIVER, a true and correct copy of the foregoing Defendant's Entry of Appearance and Motion for Extension of Time Within Which to Plead to:

Office of the State's Attorney
Vermilion County Courthouse
Seven North Vermilion Street
Danville, Illinois 61883

Brian C. Lawlyes

PREPARED BY:
Brian C. Lawlyes
LAWLYES & LAWLYES
Attorney for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CL/MforExtTime2(rmoore)

3



IN THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

JUL 2 9 2003

THE PEOPLE OF THE STATE OF ILLINOIS,    )
               Plaintiff/Respondent,    )
vs.    )
                               )    Case No. 00-CF-246
ROBBIE J. MOORE,    )
            Defendant/Petitioner.    )

Clerk of the Circuit Court
Vermilion County, Illinois

## <u>MOTION FOR SUBSTITUTION OF COUNSEL</u>

    I hereby request leave to withdraw as appointed counsel for Defendant/Petitioner,

ROBBIE J. MOORE.

_____
Brian C. Lawlyes

    I hereby consent to the appointment as counsel for Defendant/Petitioner ROBBIE J.

MOORE.

_____
Douglas R. Lawlyes

### ORDER

    IT IS HEREBY ORDERED that Douglas R. Lawlyes be and hereby is substituted for
Brian C. Lawlyes as attorney for ROBBIE J. MOORE, Defendant/Petitioner in the above-entitled
cause.

ENTER: _____
                J U D G E

Dated: _____

PREPARED BY:
Douglas R. Lawlyes
Attorney for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CL/SubofCounsel(rmoore)

C43

### CERTIFICATE OF SERVICE

I, Douglas R. Lawlyes, do hereby certify that I did on the ___ day of July, 2003, HAND DELIVER a true and correct copy of the foregoing Motion for Substitution of Counsel to:


Office of the State's Attorney
Vermilion County Courthouse
Seven North Vermilion Street
Danville, Illinois 61883


_____
Douglas R. Lawlyes


PREPARED BY:
Douglas R. Lawlyes
Attorney for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CL/SubofCounsel(rmoore)

C44

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

FILED

SEP 2 1 2004

Clerk of the Circuit C,
Vermilion County, Ills

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 00-CF-246 |
| | ) | |
| ROBBIE J. MOORE, | ) | |
| Defendant. | ) | |

### NOTICE OF HEARING

You are hereby notified that on the __19th__ day of __Nov.__, 2004, at __9:00AM__, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge __Michael D Clary__ in Courtroom __4A__ on the __4th__ floor of the Vermilion County Courthouse, Seven North Vermilion Street, Danville, Illinois, and then and there call this matter for a hearing on the Defendant's First Amended Petition for Post-Conviction Relief.

### CERTIFICATE OF SERVICE

I, Douglas R. Lawlyes, do hereby certify that I did on the __21st__ day of __September__, 2004, HAND DELIVER, a true and correct copy of the foregoing Notice of Hearing to:

Vermilion County State's Attorney
Vermilion County Courthouse
Seven North Vermilion Street
Danville, Illinois 61832

_____
Douglas R. Lawlyes

Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

NOH(MooreR)

C45

E-FILED
Tuesday, 03 July, 2007  02:51:04 PM
Clerk, U.S. District Court, ILCD

SEP 27 2004

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

Clerk of the Circuit Court
Vermilion County, Illinois

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 00-CF-246 |
| ) | |
| ROBBIE J. MOORE, ) | |
| Defendant. ) | |

## FIRST AMENDED PETITION FOR POST-CONVICTION RELIEF

Now comes the Petitioner, ROBBIE J. MOORE, by and through his attorney, Douglas R.

Lawlyes, of LAWLYES & LAWLYES, pursuant to the Illinois Post-Conviction Hearing

Act, 725 ILCS 5/122-1 et. Seq., and respectfully moves this Honorable Court to vacate

the judgment of the Circuit Court of Vermilion County, Illinois, and in support thereof

states as follows:

1.    That Petitioner is presently incarcerated at Pontiac Correctional Center.

2.    That Petitioner was found guilty of the offense Aggravated Criminal Sexual
      Assault in Vermilion County Case 00-CF-246 on July 28, 2000.

3.    That Petitioner filed Motion for New Trial or in the Alternative Judgment of
      Acquittal on August 7, 2000.

4.    That Petitioner's Motion for New Trial or in the Alternative Judgment of
      Acquittal was denied on September 5, 2000.

5.    That Petitioner was sentenced to three consecutive, thirty-year terms of
      incarceration, with credit for 91 days served, on September 5, 2000.

6.    That Petitioner filed a Motion to Reconsider Sentence on September 7, 2000.

7.    That Petitioner's Motion to Reconsider Sentence was denied on October 4,
      2000.

8.    That Petitioner filed a Notice to Appeal with the Appellate Court of the Fourth
      District of Illinois on October 12, 2000.

C46

EXHIBIT F

9.    That Petitioner filed a Petition for Post Conviction Relief on May 9, 2003.

10.    That Attorney Brian Lawlyes was appointed to represent Petitioner in his Petition for Post Conviction Relief on June 19, 2003.

11.    That Attorney Brian Lawlyes entered his appearance on July 18, 2003.

12.    That Attorney Brian Lawlyes filed a Motion for Extension of Time within Which to Plead on July 18, 2003.

13.    That a Motion and Order for Substitution of Counsel was filed on July 29, 2003, appointing Attorney Douglas R. Lawlyes as counsel for Petitioner.

14.    That, pursuant to Amendment VI of the United States Constitution Petitioner's right to be confronted with the witnesses called against him was violated.  (See attached Affidavit of Robbie J. Moore)

15.    That the alleged victim, J.G., was called to testify against Petitioner at the jury trial in this matter.

16.    That during said testimony; the State's Attorney was positioned by the trial court in such a fashion as to obstruct the Petitioner's view of the witness, J.G. (See attached pages of trial transcript, p. 78)

17.    That during cross examination of the witness, J.G., the Public Defender was instructed by the trial court to stand in front of the witness, again obstructing the Petitioner's view of the witness.  (See attached pages of trial transcript, p. 83)

18.    That the Public Defender representing Petitioner failed to timely object to the obstruction of Petitioner's view of the witness, as aforesaid, thereby violating Petitioner's right to the effective assistance of counsel.  (See attached pages of trial transcript, p. 78-89)


Wherefore, Petitioner ROBBIE J. MOORE, prays:

   A.  That this Court will enter an Order vacating the conviction in 00-CF-246;

   B.  That this Court will enter an Order granting Petitioner a new trial;

   C.  For any other relief that this Court deems appropriate and just.

C47

Respectfully Submitted,

Douglas R. Lawlyes
Attorney for Petitioner

PREPARED BY:
Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Petitioner
125 North State Street
Westville, Illinois 61883
(217) 267-9900

Crim/00PCR(MooreR)

C48

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,   )
                    Plaintiff,   )
                                )
vs.   )   Case No. 00-CF-246
                                )
ROBBIE MOORE,   )
                    Defendant.   )

## EXHIBIT A

AFFIDAVIT IN SUPPORT OF
PETITION FOR POST CONVICTION RELIEF

The undersigned has filed a Petition for Post Conviction Relief and, in support of thereof, gives the following answers to the questions posed:

1. My full name is Robbie J. Moore.

2. I am 35 years of age.

3. I am currently incarcerated at the Pontiac Correctional Facility in Pontiac, Illinois.

4. I have caused to be filed a Petition for Post Conviction Relief on my behalf in the above captioned case.

5. During the jury trial in the above captioned case, the alleged victim, J.G., took the stand to testify against me.

6. During that testimony the trial court positioned the alleged victim J.G. not on the witness stand but rather on some stairs situated behind the trial judge's bench during the questioning.

7. That as a result of the aforementioned positioning, my view of the witness was obstructed.

8. I was unable to view the witness's facial expressions or demeanor.

9. As a result, I was unable to effectively aid my attorney during his cross-examination of the witness.

10. Further Affiant sayeth not.

1

C49

DATED:    this _18_ day of August, 2004.

Respectfully submitted,

_Robbie Moore_

ROBBIE J. MOORE, Petitioner


SUBSCRIBED and SWORN TO BEFORE ME
this _18th_ day of _Aug_____, 2004.

_Paula G. Rich_

NOTARY PUBLIC

"OFFICIAL SEAL"
Paula G. Rich
Notary Public, State of Illinois
My Commission Exp. 04/24/2005


PREPARED BY:
Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Petitioner
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CL/PCRAff(MooreR)

2

C50

### CERTIFICATE OF SERVICE

I, Douglas R. Lawlyes, do hereby certify that I did on the 21st day of September, 2004, send by First Class United States Mail, postage prepaid, a true and correct copy of the foregoing Defendant's First Amended Petition for Post-Conviction Relief to:

      Vermilion County State's Attorney
      Vermilion County Courthouse
      Seven North Vermilion Street
      Danville, Illinois 61832

                      Douglas R. Lawlyes

PREPARED BY:
Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Plaintiff
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

                                      Crim/00PCR(MooreR)

CS1

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,        )
                    Plaintiff,        )
vs.        )        Case No. 00-CF-246
                        )
ROBBIE J. MOORE,        )
                  Defendant.        )

## PETITION FOR ATTORNEY'S FEES

Now comes, DOUGLAS R. LAWLYES, of LAWLYES & LAWLYES, and Petitions the Court for attorney's fees in the above captioned cause of action, and states as follows:

1. That on June 19, 2003, BRIAN C. LAWLYES was appointed to represent ROBBIE J. MOORE in the above captioned cause of action.

2. That on July 29, 2003 DOUGLAS R. LAWLYES filed a Motion for Substitution of Counsel.

3. That attorney fees for services rendered in the amount of $1,212.00 at a rate of $60.00 per hour out-of-court and $80.00 per hour in-court have been incurred by DOUGLAS R. LAWLYES.

4. That the amount of $1,212.00 be paid for services rendered pursuant to the invoice attached to this Petition.

WHEREFORE, DOUGLAS R. LAWLYES prays this Court award attorney fees in the amount of $1,212.00 for serviced rendered.

Respectfully Submitted,

By:_____
           DOUGLAS R. LAWLYES

SUBSCRIBED and sworn to before me this 21st day of October, 2004.

_____
           Notary Public

"OFFICIAL SEAL"
Jannelle Quick
Notary Public, State of Illinois
My Commission Exp. 02/17/2008

PREPARED BY:
Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CL/PetAttyFee(Moore)



Lawlyes & Lawlyes

125 North State Street
Westville, IL 61883

# Invoice & Statement of

| | Date |
|---|---|
| | 10/12/2004 |

| Bill To |
|---|
| Vermilion County<br>7 North Vermilion Street<br>Danville, Illinois 61832 |

| | Due Date |
|---|---|
| | 10/12/2004 |

| Description | Rate | Date | Amount |
|---|---|---|---|
| Review Mr. Moore's draft of Post Conviction Relief | 60.00 | 6/25/2003 | 60.00 |
| Review People v. Moore; Supreme Court Docket No. 85532 | 30.00 | 6/25/2003 | 30.00 |
| Review Letter of Mr. Moore | 6.00 | 6/30/2003 | 6.00 |
| Prepare Motion for Extension of Time Within Which to Plead | 9.00 | 7/18/2003 | 9.00 |
| Prepare and File Substitution of Counsel | 9.00 | 7/29/2003 | 9.00 |
| Review Letter of Mr. Moore | 6.00 | 8/12/2003 | 6.00 |
| Researched list of case and materials provided by Robbie Moore | 90.00 | 8/25/2003 | 90.00 |
| Review Letter of Mr. Moore | 6.00 | 9/1/2003 | 6.00 |
| Review Letter of Mr. Moore | 6.00 | 9/30/2003 | 6.00 |
| Visit with Robbie Moore | 30.00 | 10/22/2003 | 30.00 |
| Travel to and from Pontiac Correctional Center | 210.00 | 10/22/2003 | 210.00 |
| Read complete trial transcript of 2000-CF-246 | 120.00 | 3/10/2004 | 120.00 |
| Researched 6th Amendment; Right to Confrontation; Researched People v. Lofton, 740 NE 2d 78; People v. Hesler, 376 NE 2d 408; People v. Van Brocklin, 687 NE 2d 1119 | 300.00 | 5/30/2004 | 300.00 |
| Prepare Affidavit of Robbie Moore; Prepare First Amended Post Conviction Relief and Notice of Hearing | 90.00 | 6/5/2004 | 90.00 |
| Visit with Robbie Moore | 30.00 | 6/16/2004 | 30.00 |
| Travel to and from Pontiac Correctional Center | 210.00 | 6/16/2004 | 210.00 |

| | |
|---|---|
| **Total** | $1,212.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $1,212.00 |

C53



IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

FILED

OCT 22 2004

Clerk of the Circuit Court
Vermilion County, Illinois

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                             Plaintiff,    )
vs.    )    Case No. 00-CF-246
                                       )
ROBBIE J. MOORE,    )
                         Defendant.    )

## ORDER FOR ATTORNEY'S FEES

     This cause having come on for hearing on the Petition for Attorney's Fees filed

herein by the law firm of LAWLYES & LAWLYES, by and through DOUGLAS R.

LAWLYES; the Court having reviewed the Petition and the statements and the

recommendations of counsel, finds:

    1.   That on June 19, 2003, BRIAN C. LAWLYES was appointed to represent ROBBIE

        J. MOORE in the above captioned cause of action.

    2.   That on July 29, 2003 DOUGLAS R. LAWLYES filed a Motion for Substitution of

        Counsel.

    3.   That the Court has reviewed the Petition and the attached statement for services and

        finds the statement reasonable and believes the fees reflected are reasonable.

     IT IS THEREFORE ORDERED that DOUGLAS R. LAWLYES be awarded his attorney

fees in the amount of $1,212.00.

     DATED this 22 day of ____Oct.____, 2004.

                                           JUDGE

PREPARED BY:
Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Defendant
125 North State Street
Westville, Illinois 61883
Telephone:  (217) 267-9900

                                          CL/PetAttyFee(Moore)

CS4

**FILED**

NOV 0 3 2004

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

Clerk of the Circuit Court
Vermilion County, Illinois

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 00-CF-246 |
| | ) | |
| ROBBIE J. MOORE, | ) | |
| Defendant. | ) | |

### NOTICE OF HEARING

You are hereby notified that on the _12th_ day of _Nov_, 2004, at _8:45 am_ or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge _Clouse_ in Courtroom _4A_ on the _4th_ floor of the Vermilion County Courthouse, Seven North Vermilion Street, Danville, Illinois, and then and there call this matter for hearing.

### CERTIFICATE OF SERVICE

I, Douglas R. Lawlyes, do hereby certify that I did on the _2nd_ day of _November_, 2004, HAND DELIVER, a true and correct copy of the foregoing Notice of Hearing to:

Vermilion County State's Attorney
Vermilion County Courthouse
Seven North Vermilion Street
Danville, Illinois 61832

_____
Douglas R. Lawlyes

Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CL/NOH(MooreR)

CSS

NOV 2 9 2004

Clerk of the Circuit Court
Vermilion County, Illinois

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, )
                          Plaintiff,      )
                                          )
vs.                                       )       Case No. 00-CF-246
                                          )
ROBBIE J. MOORE,                          )
                          Defendant.      )

## NOTICE OF HEARING

You are hereby notified that on the _5th_ day of _Jan_, 2005, at _10:30 Am_, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge _Thomas Fahey_ in Courtroom _4B_ on the _4th_ floor of the Vermilion County Courthouse, Seven North Vermilion Street, Danville, Illinois, and then and there call this matter for hearing.

## CERTIFICATE OF SERVICE

I, Douglas R. Lawlyes, do hereby certify that I did on the _29th_ day of _November_, 2004, HAND DELIVER, a true and correct copy of the foregoing Notice of Hearing to:

Vermilion County State's Attorney          Mr. Robbie J. Moore
Vermilion County Courthouse                B-16483
Seven North Vermilion Street               Pontiac Correctional Center
Danville, Illinois 61832                    700 West Lincoln
                                            Pontiac, Illinois 61764

_____
Douglas R. Lawlyes

Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CL/NOH(MooreR)

CS6

DATE _____

RE: NAME _____

    CASE NO. _____

You are hereby ordered to appear in Courtroom:

☐ <u>1A</u>, ☐ <u>1B</u>, ☐ <u>107</u>, ☐ <u>2</u>, ☐ <u>3A</u>, ☐

☐ <u>4A</u>, ☐ <u>4B</u>, ☐ <u>Clerk's Office</u>

of the Vermilion County Courthouse at

8:30 am or _____ am/pm for:

☐  Arraignment on _____

☐  Bench Trial on _____

☐  Jury Trial on _____

☐  Status Check on _____

☐  Mail form in for Termination of Court Supervision on

    _____

☐  Time to pay on _____

    _____ Equal Installments

    $_____ Amount

☐  Sentencing on _____

☐  J.D.P./Suspension on _____

☐  Prelims _____

☐  Viol Arr./Hearing _____

☐  RTSC _____

☐  Motion _____

☐  Other _____

      You should see an attorney if you desire to be represented by councel.

      THIS IS THE ONLY NOTICE YOU WILL RECEIVE.

          Circuit Court

FILED

APR 01 2005

Clerk of the Circuit Court
Vermilion County, Illinois

# IN THE CIRCUIT COURT
## FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
### VERMILION COUNTY, DANVILLE, ILLINOIS
### GENERAL DIVISION

**THE PEOPLE OF THE STATE OF ILLINOIS**

**FILED**

**APR 14 2005**

Clerk of the Circuit Court
Vermilion County, Illinois

**VS**                                        NO. 00CF246

**ROBBIE MOORE**

### NOTICE OF APPEAL

An appeal is taken from the order or judgment described below.

(1)    Court to which appeal is taken: VERMILION COUNTY

(2)    Name of appellant and address to which notices shall be sent.
       Name:  Robbie Moore
              #B-16483
              Pontiac Correctional Center
              700 W. Lincoln St.
              PO Box 99
              Pontiac, IL  61764

(3)    Name and address of appellant's attorney on appeal.
       Name:  Daniel Yuhas – Appellate Defender
              400 S. 9th St., Suite 102
              PO Box 5750
              Springfield, IL 62705

If appellant is indigent and has no attorney, does he want one appointed? YES

(4)    Date of judgment or order: 04/14/05

(5)    Offense of which convicted: Aggravated Sexual Criminal Assault

(6)    Sentence:  30 years DOC on each count to run consecutively

(7)    If appeal is not from a conviction, nature of order appealed from:
       Amended Post Conviction Petition

_Susan Miller_
_____
**Circuit Clerk**

C58



# IN THE CIRCUIT COURT
## FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
## VERMILION COUNTY DANVILLE ILLINOIS
### GENERAL DIVISION

**THE PEOPLE OF THE STATE OF ILLINOIS**

**Plaintiff – Appellee**

**VS**                                          Case No.  00CF246

**Robbie Moore**

**Defendant – Appellant**

## PROOF OF MAILING NOTICE

   I, SUSAN MILLER, Clerk of the Circuit Court of Vermilion County, Illinois, do hereby certify that on the 14th day of Apr., 2005, I mailed a copy of the Notice of Appeal postage prepaid addressed as follows:

4th District Appellate Court, 201 W. Monroe St., PO Box 19206,
               Springfield, IL 62794-9206
Appellate Public Defender, Daniel Yuhas, 400 S. 9th, Suite 102,
               PO Box 5750
               Springfield, IL 62705-5750
Vermilion County States Attorney, 7 N. Vermilion, Danville, IL
Attorney General, 500 South 2nd St., Springfield, IL 62706
Defendant

Witness my hand and seal this __14__ day of __April__, 2005.

_____Susan Miller_____
**CIRCUIT CLERK**

By: _____Darla Cruppet_____
**Deputy Clerk**

C59

# IN THE CIRCUIT COURT
## FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
## VERMILION COUNTY, DANVILLE, ILLINOIS
## SUSAN MILLER, CIRCUIT CLERK

**FILED**

**APR 19 2005**

Clerk of the Circuit Court
Vermilion County, Illinois

**PEOPLE OF THE STATE OF ILLINOIS**

**Vs**                                            Case No. – 00CF246

**ROBBIE MOORE**

**To Court Reporter:**      **Mary Speed**
~~Julie Shanks~~
~~Bobbie Hamlin~~
~~Jamie Atkinson~~
~~Sarah Wolfersberger~~_____
~~Jeni Markle~~_____

**This is to notify you that the above has been appealed.  The**

**Notice of Appeal was filed on:  April 14, 2005**

**Received**
**by:** _____ **Dated:** _4-19-5-_

**Susan Miller**
**Circuit Clerk**
**By:** _____

# IN THE CIRCUIT COURT
## FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
## VERMILION COUNTY, DANVILLE, ILLINOIS
## SUSAN MILLER, CIRCUIT CLERK

**FILED**

**APR 20 2005**

Clerk of the Circuit Court
Vermilion County, Illinois

**PEOPLE OF THE STATE OF ILLINOIS**

**Vs**                                    Case No. – 00CF246

**ROBBIE MOORE**

**To Court Reporter:**    ~~Mary Speed~~
~~Julie Shanks~~
~~Bobbie Hamlin~~
Jamie Atkinson
~~Sarah Wolfersberger~~_____
~~Joni Markle~~_____

**This is to notify you that the above has been appealed.  The**

**Notice of Appeal was filed on:  April 14, 2005**

**Received
by:** _Jamie S. Atkinson_    **Dated:** _4/20/05_

**Susan Miller
Circuit Clerk
By:** _Darla Crupper_

C6

APPELLATE COURT OF ILLINOIS
FOURTH DISTRICT
APPELLATE COURT BUILDING
201 WEST MONROE, P.O. BOX 19206
SPRINGFIELD, IL  62794-9206

CLERK OF THE COURT                                    RESEARCH DIRECTOR
  (217) 782-2586                                        (217) 782-3528


        DATE: 04/21/05


        Daniel D. Yuhas                              **FILED**
        Deputy Dfr., Office of State Aplt. Defender
        400 S. Ninth St., Suite 102, POB 5750        **APR 22 2005**
        Springfield, IL 62705-5750

                                                     Clerk of the Circuit Court
                                                     Vermilion County, Illinois
        RE:     People v. Moore, Robbie
                General No.: 4-05-0325
                County: Vermilion
                Trial Court No.: 00CF246

        TO COUNSEL:

        Pursuant to Supreme Court Rule 312, appellants are required to
        file a completed docketing statement, together with proof of
        service, with the appellate court within fourteen (14) days of
        the filing of the notice of appeal.  The enclosed form has been
        provided for your convenience.  Please feel free to attach
        additional sheets if the space provided on the form is not
        sufficient.

        Upon receipt of the completed docketing statement, the court will
        issue a docketing order setting forth the due dates relevant to
        the appeal.

        This case was docketed as General No. 4-05-0325 upon this court's
        receipt of the notice of appeal.


        Darryl Pratscher, Clerk
        Appellate Court
        Fourth District, Illinois


        cc: Susan Miller
            Circuit Clerk, Vermilion County

        Enclosure

C62

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
VERMILION COUNTY, DANVILLE, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                                Plaintiff,    )
vs.                                           )        Case No. 00-CF-246
                                              )
ROBBIE J. MOORE,                              )
                                Defendant.    )

## PETITION FOR ATTORNEY'S FEES

Now comes, DOUGLAS R. LAWLYES, of LAWLYES & LAWLYES, and Petitions the

Court for attorney's fees in the above captioned cause of action, and states as follows:

1. That on June 19, 2003, BRIAN C. LAWLYES was appointed to represent ROBBIE

   J. MOORE in the above captioned cause of action.

2. That on July 29, 2003 DOUGLAS R. LAWLYES filed a Motion for Substitution of

   Counsel.

3. That attorney fees for services rendered in the amount of $395.00 at a rate of $60.00

   per hour out-of-court and $80.00 per hour in-court have been incurred by DOUGLAS

   R. LAWLYES.

4. That the amount of $395.00 be paid for services rendered pursuant to the invoice

   attached to this Petition.

WHEREFORE, DOUGLAS R. LAWLYES prays this Court award attorney fees in the

amount of $395.00 for serviced rendered.

Respectfully Submitted,

By: _____

DOUGLAS R. LAWLYES

SUBSCRIBED and sworn to before me this _26th_ day of April, 2005.

_____
Notary Public

PREPARED BY:
Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

"OFFICIAL SEAL"
Jannelle Quick
Notary Public, State of Illinois
My Commission Exp. 03/17/2008

CL/PetAttyFee(Moore)

C63

# Invoice

*Lawlyes & Lawlyes*
*125 North State Street*
*Westville, Illinois 61883*
*217.267.9900*

| Date |
|---|
| 4/18/2005 |

**Bill To**

Vermilion County
7 North Vermilion
Danville, Illinois 61832

| Due Date |
|---|
| 4/18/2005 |

| Date | Description | Rate | Hours | Amount |
|---|---|---|---|---|
| 11/12/2004 | Robbie Moore Pre-Trial | 80.00 | 0.25 | 20.00 |
| 11/17/2004 | Letter to Robbie Moore | 60.00 | 0.25 | 15.00 |
| 11/19/2004 | Robbie Moore Pre-Trial | 80.00 | 0.25 | 20.00 |
| 11/20/2004 | Prepare Robbie Moore Memo PCR | 60.00 | 3 | 180.00 |
| 1/5/2005 | Robbie Moore PCR Hearing | 80.00 | 0.25 | 20.00 |
| 4/1/2005 | Robbie Moore PCR Hearing | 80.00 | 0.25 | 20.00 |
| 4/14/2005 | Robbie Moore PCR Hearing | 80.00 | 1.5 | 120.00 |

| | |
|---|---|
| **Total** | $395.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $395.00 |

C64



**IN THE CIRCUIT COURT**
**FOR THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS**
**VERMILION COUNTY, DANVILLE, ILLINOIS**

APR 2 8 2005

Clerk of the Circuit Court
Vermilion County, Illinois

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 00-CF-246 |
| | ) | |
| ROBBIE J. MOORE, | ) | |
| Defendant. | ) | |

## ORDER FOR ATTORNEY'S FEES

This cause having come on for hearing on the Petition for Attorney's Fees filed

herein by the law firm of LAWLYES & LAWLYES, by and through DOUGLAS R.

LAWLYES; the Court having reviewed the Petition and the statements and the

recommendations of counsel, finds:

1. That on June 19, 2003, BRIAN C. LAWLYES was appointed to represent ROBBIE J. MOORE in the above captioned cause of action.

2. That on July 29, 2003 DOUGLAS R. LAWLYES filed a Motion for Substitution of Counsel.

3. That the Court has reviewed the Petition and the attached statement for services and finds the statement reasonable and believes the fees reflected are reasonable.

IT IS THEREFORE ORDERED that DOUGLAS R. LAWLYES be awarded his attorney

fees in the amount of $395.00.

DATED this 27 day of _____ Apr _____, 2005.

_____
JUDGE

PREPARED BY:
Douglas R. Lawlyes
LAWLYES & LAWLYES
Attorneys for Defendant
125 North State Street
Westville, Illinois 61883
Telephone: (217) 267-9900

CIJ/PetAttyFee(Moore)



# OFFICE OF THE STATE APPELLATE DEFENDER
## FOURTH JUDICIAL DISTRICT

400 SOUTH NINTH STREET • SUITE 102 • P.O. BOX 5750
SPRINGFIELD, IL 62705-5750
TELEPHONE: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

**DANIEL D. YUHAS**
DEPUTY DEFENDER

---

**ARDEN J. LANG**
ASSISTANT DEPUTY DEFENDER

**KAREN MUNOZ**
**JEFFREY D. FOUST**
**GARY R. PETERSON**
**LAWRENCE J. ESSIG**
**JUDITH L. LIBBY**
**MARTIN J. RYAN**
**JOHN M. McCARTHY**
**JACQUELINE L. BULLARD**
**ROBERT N. MARKFIELD**
**KELEIGH L. BIGGINS**
**SUSAN M. WILHAM**
**ERICA R. CLINTON**
**NANCY L. VINCENT**
**COLLEEN MORGAN**
**CATHERINE K. HART**
**KARA M. CRAIG**
ASSISTANT APPELLATE DEFENDERS

April 28, 2005

**FILED**

APR 29 2005

Clerk of the Circuit Court
Vermilion County, Illinois

Susan Miller
Vermilion County Circuit Clerk
7 N. Vermilion
Danville, IL 61832

RE:     *PEOPLE V. ROBBIE MOORE*
        VERMILION COUNTY NO. 00-CF-246
        APPELLATE COURT NO. 4-05-0325

Dear Ms. Miller:

This office has been appointed to represent the defendant on appeal in the above case. Supreme Court Rule 608(c) provides that the record on appeal must be filed in the Appellate Court within nine weeks of the filing of the notice of appeal. The Appellate court will issue a docketing order setting forth the due dates and you will be served with a copy. This date is binding unless the Appellate Court limits or expands the date for compliance.

The current appeal is from the denial of a post-conviction petition. This case was previously on direct appeal, and our office will also need the record from defendant's previous, direct appeal. **Please include the record from the defendant's direct appeal when sending the post-conviction record to the Appellate Court.**

Please forward the original either to this office or to the Clerk of the Fourth District Appellate Court. *Please send the defendant's copy of the transcripts directly to him or her.* If you do not know the defendant's present mailing address, we will be glad to provide you with that information.

Thank you for your cooperation.

Sincerely,

DANIEL D. YUHAS
Deputy Defender
DDY:mmr

C66



STATE OF ILLINOIS

# APPELLATE COURT

FOURTH DISTRICT

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206

05/02/05

CLERK OF THE COURT

(217) 782-2586

RESEARCH DIRECTOR

(217) 782-3528



**MAY 4 2005**

Clerk of the Circuit Court
Vermilion County, Illinois

Daniel D. Yuhas
Deputy Dfr., Office of State Aplt. Defender
400 S. Ninth St., Suite 102, POB 5750
Springfield, IL  62705-5750

RE: People v. Moore, Robbie
    General No. 4-05-0325
    County of Vermilion
    No: 00CF246

Dear Counsel:

The docketing statement in the above entitled cause was received and filed. Based on the information in this statement, the attached order was entered indicating a due date for every step in the appeal.

We expect to set this case for oral argument (if requested) during the month of November 05. You are advised that ANY motions for extension of time are not favored and will be allowed by the court only in the most extreme and compelling circumstances.

In connection with this appeal, your attention is directed to the possibility of using an agreed statement of facts if appropriate.


DARRYL PRATSCHER, CLERK
Appellate Court
Fourth District

DP:pw
Encl.

cc:  Frank Young
     Norbert J. Goetten, Director
     Robert J. Biderman
     Susan Miller
     Jamie Atkinson, Court Reporter
     Mary A. Bunting, Court Reporter

C67

STATE OF ILLINOIS
APPELLATE COURT
FOURTH JUDICIAL DISTRICT


General No. 4-05-0325

     People v. Moore, Robbie

          Appeal from Circuit Court of County of Vermilion
          00CF246


                         DOCKETING ORDER

Notice of Appeal filed:                                    04/14/05

Report of Proceedings due to be filed in Trial            06/02/05
Court (Supreme Court Rule 323):

Record, or Certificate in Lieu of Record,                 06/16/05
due to be filed (Supreme Court Rules 325, 326):

Appellant's Brief with Appendix due to be filed           07/21/05
(Supreme Court Rules 341, 342, 343):
   Brief will not be filed until docket
   fee has been paid.

Appellee's Brief due to be filed (Supreme Court           08/25/05
Rules 341, 343):
   Brief will not be filed until appearance
   fee has been paid.

Appellant's Reply Brief due to be filed                   09/08/05
(Supreme Court Rules 341, 343):

Month for Oral Argument (if requested):                   NOV/05

MOTIONS FOR EXTENSION OF TIME FILED WITHIN 14 DAYS OF THE
APPLICABLE DUE DATE WILL BE LOOKED ON WITH DISFAVOR.

ORAL ARGUMENT MAY BE HELD EARLIER IF CASE IS READY.  DISPO-
SITION WILL BE MADE WITHIN 60 DAYS FOLLOWING ORAL ARGUMENT.

   Enter: MAY 2, 2005
                                        _____
                                            PRESIDING JUDGE

# TRANSCRIPT INVOICE VOUCHER
## Judicial Branch of State Government

FORM FC-11 TRANSCRIPT
2/4/00

**1. General Instructions**

a. Prepare invoice voucher in accordance with the regulations, policies, and procedures of the Administrative Office.

b. Complete the invoice voucher by printing or typing all required information.

c. Distribution:

*White* - Administrative Office, 900 South Spring Street, Springfield, IL 62704, *Canary* - Judge's Office, *Pink* - Transcript Receipt Office, *Goldenrod* - Transcriber.

d. Payment of interest may be available if the State fails to comply with the State Prompt Payment Act 30 ILCS 540.

e. No payment by the State of Illinois is authorized except in respect to indigent convicted persons in compliance with 705 ILCS 75/4 and Supreme Court Rules 471 and 661.

f. This form may also be used for reporting transcripts of arraignments as provided in 705 ILCS 75/1.

**2. Transcript Type Codes**

(Please Check One)

- [ ] 01 - Arraignment/Plea, Change of Plea (attach Court order)
- [ ] 02 - Appeal
- [ ] 03 - Post Conviction (attach Court order)
- [ ] 04 - Supreme Court Rule 661/Juv. Del.
- [ ] 05 - Mental Health (attach Court order)
- [ ] 06 - Sentencing/Code of Corrections
- [ ] 07 - Other

(specify and attach Court order)

**AOIC USE ONLY**

6. Control Number _____

7. County Code _____

8. Approp Code   **001-20105-1266-0100**

9. DOC Code   **1266**

**10. Case and Transcript Information**

a. Case Name   People v. _____

or

In re: _____

b. Case Number _____ _____ _____
          Year    Category   Sequence Number

c. If Multiple Defendants, list each case number and name _____

_____

_____

_____

d. County _____

e. Courthouse _____

f. Judge Hearing Case _____

| | 11. Hearing Date(s) | 12. No. of Page(s) Transcribed | 13. Original $1.80/page | 14. Copy $.50/page | 15. Total per Hearing |
|---|---|---|---|---|---|
| | 11/19/04 | 4 | 7.20 | 2.00 | 9.20 |
| | 1/14/05 | 64 | 5.20 | 27.00 | 124.20 |
| **16. TOTAL:** | | | | | |

**17. AOIC USE ONLY: TOTAL PAYMENT:**   Page _____ of _____ $_____

**18. TRANSCRIBER'S CERTIFICATION**

I, _____, an individual authorized to produce transcripts for the Circuit Court of the _____ Judicial Circuit, do hereby certify that I have prepared the above transcript by the direction of the judge listed above and that I have not received payment for these services from any source. I am an independent contractor not subject to tax withholding.

Preparer's Signature _____   Date 5/__/__

**19. TRANSCRIPT RECEIPT CERTIFICATION**

I, _____, an authorized receiving party of transcripts to be filed in the _____ Judicial Circuit, do hereby certify that the above transcript was filed in my office on the date of my signature below and that the information reported for payment is accurate.

Receiver's Signature _____   Office _____   Date _____

**20. JUDGE'S CERTIFICATION**

I, _____, Judge of the Circuit Court of the _____ Judicial Circuit, do hereby certify that the above transcript for the above case was prepared at my direction and the costs at the rates listed above are legally chargeable to the State of Illinois.

Judge's Signature _____   Date _____

C6a

**Pink - Transcript Receipt Office**

FORM C-II TRANSCRIPT

**Judicial Branch of State Government**

## 1. General Instructions

a. Prepare invoice voucher in accordance with the regulations, policies, and procedures of the Administrative Office.

b. Complete the invoice voucher by printing or typing all required information.

c. Distribution:

*White* - Administrative Office, 900 South Spring Street, Springfield, IL 62704, *Canary* - Judge's Office, *Pink* - Transcript Receipt Office, *Goldenrod* - Transcriber.

d. Payment of interest may be available if the State fails to comply with the State Prompt Payment Act 30 ILCS 540.

e. No payment by the State of Illinois is authorized except in respect to indigent convicted persons in compliance with 705 ILCS 75/4 and Supreme Court Rules 471 and 661.

f. This form may also be used for reporting transcripts of arraignments as provided in 705 ILCS 75/1.

## 2. Transcript Type Codes

(Please Check One)

☐ 01 - Arraignment/Plea, Change of Plea
   (attach Court order)
☐ 02 - Appeal
☐ 03 - Post Conviction (attach Court order)
☐ 04 - Supreme Court Rule 661/Juv. Del.
☐ 05 - Mental Health (attach Court order)
☐ 06 - Sentencing/Code of Corrections
☐ 07 - Other

_____
(specify and attach Court order)

4. _____

### AOIC USE ONLY

6. Control Number _____

7. County Code _____

8. Approp Code   001-20105-1266-0100

9. DOC Code   1266

## 10. Case and Transcript Information

a. Case Name   People v. _Robin Wilson_

   or

   In re: _____

b. Case Number _00_ _CF_ _246_
   Year   Category   Sequence Number

c. If Multiple Defendants, list each case number and name _____

   _____
   _____
   _____

d. County _Vermilion_

e. Courthouse _Vermilion_

f. Judge Hearing Case _Thomas Miller_

| 11. Hearing Date(s) | 12. No. of Page(s) Transcribed | 13. Original $1.80/page | 14. Copy $.50/page | 15. Total per Hearing |
|---|---|---|---|---|
| 4-1-03 | 4 | 7.20 | 2.00 | 9.20 |
| | | | | |
| | | | | |
| **16. TOTAL:** | 4 | 7.20 | 2.00 | 9.20 |

FILED

MAY 3 1 2005

Clerk of the Circuit Court
Vermilion County Illinois

## 17. *AOIC USE ONLY:* TOTAL PAYMENT:   Page _____ of _____   $ _____

## 18. TRANSCRIBER'S CERTIFICATION

I, _____, an individual authorized to produce transcripts for the Circuit Court of the _5th_ Judicial Circuit, do hereby certify that I have prepared the above transcript by the direction of the judge listed above and that I have not received payment for these services from any source. I am an independent contractor not subject to tax withholding.

Preparer's Signature _____   Date _____

## 19. TRANSCRIPT RECEIPT CERTIFICATION

I, _Susan Miller_, an authorized receiving party of transcripts to be filed in the _5th_ Judicial Circuit, do hereby certify that the above transcript was filed in my office on the date of my signature below and that the information reported for payment is accurate.

Receiver's Signature _____   Office _Circuit Clerk_   Date _____

## 20. JUDGE'S CERTIFICATION

I, _Thomas J. Fahey_, Judge of the Circuit Court of the _5th_ Judicial Circuit, do hereby certify that the above transcript for the above case was prepared at my direction and the costs at the rates listed above are legally chargeable to the State of Illinois.

Judge's Signature _____   Date _____

C-10

**FOURTH DISTRICT**
**FROM THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT**
**VERMILION COUNTY**

**FILED**

**JUN 16 2005**

Clerk of the Circuit Court
Vermilion County, Illinois

**PEOPLE OF THE STATE OF ILLINOIS**

**VS.**

**Robbie Moore**

**CIRCUIT COURT NO.  00CF246**

**TRIAL JUDGE:  Thomas J. Fahey**

**REVIEWING COURT NO.  4-05-0325**

**CERTIFICATION OF RECORD**

The record has been prepared and certified in the form required for transmission to the reviewing Court.  It consists of:

\_\_\_\_\_-1-\_\_\_\_Volume/s of Common Law Record

\_\_\_\_\_-3-\_\_\_\_Volume/s of Report of Proceedings on hrgs 11/19/04, 04/01/05 & 04/14/05

\_\_\_\_\_-0-\_\_\_\_Envelope/s of Exhibit

I do further certify that this certification of the record pursuant to Supreme Court Rule 324 issued out of my office this 16th day of June, 2005.

_Susan Miller_
CLERK OF THE CIRCUIT COURT

# APPEAL TO APPELLATE COURT OF ILLINOIS
## FOR THE FOURTH JUDICIAL DISTRICT
## FROM THE FIFTH JUDICIAL CIRCUIT OF ILLINOIS
## VERMILION COUNTY DANVILLE ILLINOIS
## GENERAL DIVISION

**PEOPLE OF THE STATE OF ILLINOIS**

**Appellee**

**VS.**

**CASE:  00CF246**

**GENERAL:  4-05-0325**

**ROBBIE MOORE**

**Defendant/Appellant**

---

**RECORD**

# STATE OF ILLINOIS
## Circuit Court of the Fifth Judicial Circuit
## Vermilion County, Danville, Illinois
## SUSAN MILLER
### CIRCUIT CLERK

**June 17, 2005**

**Robbie Moore**
**#B-16483**
**Pontiac Correctional Center**
**PO Box 99**
**Pontiac, IL 61764**

**FILED**

**JUN 1 7 2005**

Clerk of the Circuit Court
Vermilion County, Illinois

Re: **State vs. Moore**
   **Case # 00CF246**
   **General # 4-05-0325**

Dear Mr. Moore:

Enclosed are copies of the transcripts filed in our office on the above-referred case, which is currently on appeal.

If you have any questions regarding this case throughout the duration of the appeal, you must contact the attorney who is representing you.

Thank you,

*Susan Miller*

Circuit Clerk

---

### PROOF OF SERVICE

I, the undersigned, being first duly sworn on oath, depose and state that I mailed a copy of the foregoing to the above address by placing said copy in an envelope properly addressed and stamped and mailed said envelope from a United States Post Office in Danville, Illinois on the 06/17/05.

Susan Miller
Clerk of the Circuit Court

By: *Darla Crippen*

APPELLATE COURT OF ILLINO...
FOURTH DISTRICT
APPELLATE COURT BUILDING
201 WEST MONROE, P.O. BOX 19206
SPRINGFIELD, IL  62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

FILED

JUN 22 2005

Clerk of the Circuit Court
Vermilion County, Illinois

DATE:    06/16/05

RE:      People v. Moore, Robbie
         General No.: 4-05-0325
         County: Vermilion
         Trial Court No.: 00CF246

TO COUNSEL:

     I have today received and filed the 4 volume record on
appeal in the above entitled cause.

Darryl Pratscher, Clerk
Appellate Court
Fourth District, Illinois

TO: Daniel D. Yuhas
    Office of State Appellate Defender

    Frank Young
    State's Attorney

    Robert J. Biderman
    Dep. Dir., State's Attorneys Aplt. Prosecutor

    Susan Miller
    Circuit Clerk, Vermilion County

00 CF 246

# RECORD RECEIPT

Date: February 2, 2006

RE: *PEOPLE V. MOORE, ROBBIE*

NO. **4-00-0890**

RECEIVED OF THE OFFICE OF THE STATE APPELLATE DEFENDER, 1

**volume of commonlaw and 14 transcripts (7/11/96, 7/26/96, 8/21/96,**

**9/16/96, 10/28/96, 12/19/96, 1/6/97, 1/27/97, 1/30/97, 4/22/97, 5/31/00,**

**6/9/00, 9/5/00, 10/4/00) from the direct appeal record** IN THE ABOVE-

CAPTIONED CASE.

VERMILION COUNTY CIRCUIT COURT

BY _Susan Miller_



## OFFICE OF THE STATE APPELLATE DEFENDER
### FIFTH JUDICIAL DISTRICT

**117 NORTH TENTH STREET, SUITE #300**
**MT. VERNON, ILLINOIS 62864**
**TELEPHONE: (618) 244-3466**
**FAX: (618) 244-8471**
e-mail: daniel.kirwan@osad.state.il.us

**DANIEL M. KIRWAN**
DEPUTY DEFENDER

February 2, 2006

FILED

FEB 0 6 2006

Clerk of the Circuit Court
Vermilion County, Illinois

E. JOYCE RANDOLPH
DAN W. EVERS
LARRY R. WELLS
RITA K. PETERSON
MICHELLE A. ZALISKO
EDWIN J. ANDERSON
LAWRENCE J. O'NEILL
JOHN H. GLEASON
PAIGE CLARK STRAWN
ELAINE M. BELCHER
ASSISTANT DEFENDERS

Honorable Susan Miller
Vermilion County Circuit Clerk
Vermilion County Courthouse
Danville, IL 61832

    Re:   *People v.* **Robbie Moore**
          Vermilion County No. *00-CF-246*
          App. Ct. No. *4-00-0890*

Dear Ms. Miller:

    Enclosed please find the following items:

        1 Volume of commonlaw  and 14 transcripts (from
           4-00-0890 direct appeal)

    We have determined that it will not be necessary to supplement these materials to the record on appeal.  Thank you.

        Sincerely,

        *Sheila Taaka*

        Sheila Taaka
        LEGAL SECRETARY



STATE OF ILLINOIS

# APPELLATE COURT FEB 06 2006

**FILED**

### FOURTH DISTRICT

CLERK OF THE COURT
(217) 782-2586

201 W. MONROE STREET Clerk of the Circuit Court
P.O. BOX 19206    Vermilion County, Illinois
SPRINGFIELD, IL 62794-9206

RESEARCH DIRECTOR
(217) 782-3528

Appeal from the Circuit Court of County of Vermilion

Trial Court No.: 00CF246

THE COURT HAS THIS DAY, 02/08/06, ENTERED THE FOLLOWING ORDER IN
THE CASE OF:

Gen. No.: 4-05-0325

People v. Moore, Robbie

Appellant's motion to supplement the record on
appeal ALLOWED.
Three (3) volumes supplement to record on appeal
filed per order.

DARRYL PRATSCHER, CLERK

cc: Daniel M. Kirwan
Dep. Defender, Office of State Aplt. Defender

John H. Gleason
Assistant Defender, Office of State Aplt. Defender
730 E. Illinois Highway 15, POB 2430
Mt. Vernon, IL  62864-0047

Frank Young
State's Attorney

Robert J. Biderman
Dep. Dir., State's Attorneys Aplt. Prosecutor

Susan Miller
Circuit Clerk, Vermilion County



FILED

APR 12 2007

Clerk of the Circuit Court
Vermilion County

Dear Mrs. Miller,

please allow me to obtain a Statement of Disposition dating from June 14th 1996 all the way to the present date.

I need all of the Hearing dates concerning 96-CF-264 and continuing on through 00-CF-246.

Thankyou for your time!

Sincerly,
Robbie J. Moore B-16483
P.O. Box 112
Joliet, IL. 60434

P.S.

Can you please allow me the name and address of the main/headquarters for the Records Office in Springfield that keeps all the legal documents and Transcripts on microfilm?

Thankyou again!

Send copy of
letter with
docket to deft



Judge Thomas J. Fahey
7 N. Vermillion St.
Vermillion County Courthouse
Danville, IL. 61832

Re: (96-CF-264 (2:06-CV-02153)

Mr. Fahey,
    I am coresponding with you for I do not know
the name nor address of the attorney representing
Vermillion County in the Civil Action Suit.
    You know that you violated my Illinois and
U.S. Constitutional Rights during the Proceedi
of 96-CF-264.
    The Information Indictment itself
was Unconstitutional due to the fact that the
Illinois lawbook stated "One being Charged
with a Class X Felony must be done so by
way of Grand Jury Indictment; One being
Charged with a Class X Felony may NOT be
done so by way of mere Information".
    To violate my Rights even furter you
allowed the State (Larry Mills) to violate Due
Process of Law by allowing the changing of the
Statute during mid-Proceedings. As well the
Statute the Charge was changed to had already
been declared Unconstitution by the I.S.C....
    Then you allowed the adoption of the
Truth in Sentencing Act to to the case which this

Larry Mills
State Prosecuters Office
Vermillion County Courthouse
7 N. Vermillion St.
Danville, I.L. 61832

Re: (96-CF-269 & 00-CF-246 (2:06-CV-0215

Mr. Mills,

I am coresponding with you concerning the severel times that you violated my Illinois and U.S. Constitutional Rights during the Proceedings of the above mentioned Cases.

You know damn well that the Accuser changed their stories from what they originaly informed John Howard of. Yet you remained silent about this. Yes - I know it should be up to my Public "Pretender" to bring such things to light, but you too swore an Oath to uphold the law to the upmost of your ablity. But you don't honor this Oath, instead you lie, manipulate, and whatever it takes to get a Conviction no matter rather or not the "Defendan" is inocent or not.

Are you aware that Amanda Crippen Teddy Campbell Jr. and Jeffrey Diller were paid $25.00 by Billy Weston to tell the cops that I allegedly did something to them of a sexual nature?

Judge Claudia Anderson
Vermillion County Courthouse
7 N. Vermillion St.
Danville, IL. 61832

Re: 00-CF-246 ( 2:06-CV-02153 )

Mrs. Anderson,
        you violated my Illinois and U. S.
Constitutional Rights and you know it yet all
of you (the Defendants) act as though you
haven't done anything wrong.
        The Illinois Supreme Court
Reversed (NOT Reversed in part and Affirme
in Part) 96-CF-264 these for you're not
only a corupt polittion but a liar as well.
        If the Defendants (2:06-CV-02153) do
not addmitt to thier Wrong Doings and settle
out of court for $1,000,000.00 I will see to
it (legaly) that each and everyone of you are
removed from any and all Prictices of law for
the remainder of all of your natureal lives

                                Robbie Moor

P. S.
    The Accusers were paid $25.00 by
Billy Weston to lie to the police!

William Sohn
Public Defenders Office
Vermillion County Courthouse
7 N. Vermillion St.
Danville, IL. 61832

Re: 76 CF - 00 - CF - 246 (2:06 - CV - 02153)

Mr. ~~Sohn~~ Sohn,

    I am writing to request that you admitt to violating my Rights or assisted the Vermillion County Courts in volating my Rights. All of you know that each listed Defendant worked together to unlawfully convict me, and violated my Rights several times during the Proceedings.

    I would be willing to settle out-of-court if you would go speak to my Accusers. Amanda Crippen (101 Rhea St.) L. Campbell Jr. (114 Rhea St.) Jeffrey Griffen (120 Rhea St) and ask the what each did with the $25.00 Billy Weston gave them to tell the cops that I allegedly did something sexual to them!?

    As I told Mr. Mills, I'd settle for $1,000,000.00!

Robbie Moore

# In the Circuit Court
## For the Fifth Judicial Circuit of Illinois
## Vermilion County, Danville, Illinois
### SUSAN MILLER
#### Circuit Clerk

**FILED**

**APR 25 2007**

Clerk of the Circuit Court
Vermilion County, Illinois

April 25, 2007

Robbie Moore - B-16483
Stateville C. C.
P. O. Box 112
Joliet, IL 60434

RE: Case # 96CF264/00CF246

Dear MR. Moore,

   Receipt is acknowledged of the documents received by our office on the above-referred case. These documents have been file marked and placed in your court file. Copies have been forwarded to the States Attorney and Public Defender who is the last attorney of record that represented you in this case. If the attorney listed no longer represents you, it will be your responsibility to pursue this matter. Any requests for hearing should be addressed to:

> Court Administrator
> Vermilion County Courthouse
> 7 N. Vermilion
> Danville, IL 61832

Sincerely,

Susan Miller
Circuit Clerk

By: _____
       **Deputy Clerk**

Original: court file
  Copies: Defendant
          States Attorney
          Attorney of Record



FILED

APR 20 2007

Clerk of the Circuit Court
Vermilion County, Illinois

## OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

April 17, 2007

Honorable Susan Miller
Office of the Clerk
Attention: /Criminal Division–Darla
Circuit Court of Vermilion County
7 North Vermilion Street
Danville, Illinois 61832-5806

**RE:  People v. Robbie Moore, case no. 2000 CF 246**

Dear Ms. Miller,

   We have been ordered by federal court to respond to the above defendant's *petition for writ of habeas corpus*.  In order to prepare our answer, we are in need of the following documents from your court:

> 1. **The entire state court record (i.e. both common law & trial transcripts) for case no. 2000 CF 246, defendant Robbie Moore [sex offender case].**

   You may send the record (original or copy) to my attention at the address below.  If you have any questions, please do not hesitate to call me at the number below.

Sincerely,

Craig S. Hulfachor
Paralegal II
Criminal Appeals Division
100 W. Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3910

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (618) 529-6403 • Fax: (618) 529-6416

E-FILED
Tuesday, 03 July, 2007 02:51:24 PM
Clerk, U.S. District Court, ILCD
RECEIVED



**No. 4-05-0325**

FEB – 1 2006

# IN THE APPELLATE COURT OF ILLINOIS

SAAP Fourth District

## FOURTH JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | of the Fifth Judicial Circuit, |
| Plaintiff-Appellee, | ) | Vermilion County, Illinois. |
| | ) | |
| -vs- | ) | No. 00-CF-246 |
| | ) | |
| **ROBBIE MOORE,** | ) | Honorable |
| Defendant-Appellant. | ) | Thomas J. Fahey, |
| | ) | Judge Presiding. |

_____

## MOTION TO WITHDRAW AS COUNSEL ON APPEAL

Now comes the Office of the State Appellate Defender (OSAD), the defendant's court-appointed attorney on appeal, by Assistant Defender John H. Gleason, and moves that This Court grant it leave to withdraw as counsel.

In support of its motion, OSAD states the following:

1. On May 24, 2000, the State filed an information charging Robbie J. Moore with three counts of aggravated criminal sexual assault. (Supp. Vol. I at R.C1-2) T.C. was the complainant in Counts I and II. J.G. was the complainant in Count III. The information alleged that both T.C. and J.G. were under the age of 13 years at the time of the alleged acts.

2. Trial by jury commenced on July 27, 2000. (Supp. Vol. II) On that date, the State called J.G. to testify. (Supp. Vol. II at R.75) J.G. testified. (Supp. Vol. II at R.76-89) The trial concluded on July 28, 2000 (Supp. Vol. III), with the return of guilty verdicts on all three counts. (Supp. Vol. III at R.39)

**EXHIBIT G**

3. On September 6, 2000, the circuit court sentenced Moore to thirty years' imprisonment on each of the three counts, with the sentences to run consecutively. (R.C117) Moore appealed. (R.C121)

4. On direct appeal in App. Ct. No. 4-00-0890, Moore argued that (1) the State had failed to give him adequate notice of its intent to introduce evidence of out-of-court statements allegedly made by Moore's alleged child victims; (2) the evidence was insufficient to establish Moore's guilt as to the count involving J.G.; (3) his sentences were impermissibly lengthy; and (4) he was entitled to additional sentencing credit. This Court reduced each of Moore's three sentences to twenty years, with the sentences to be served consecutively, but otherwise affirmed the judgment of the circuit court. This Court remanded the cause for issuance of an amended judgment of sentence. *People v. Moore*, No. 4-00-0890 (December 12, 2002). On remand, the circuit court complied with the instruction of This Court, entering a written judgment sentencing Moore to twenty years' imprisonment for each of the three counts of aggravated criminal sexual assault, with the sentences to be served consecutively. (R.C26)

5. On May 27, 2003, Moore filed a *pro se* Petition for Post-Conviction Relief. (R.C31-36) The petition raised various points, including a claim that the trial judge had positioned J.G. and the lawyers in ways that obstructed Moore's view of J.G., thus depriving Moore of his right to confront one of his accusers. (R.C34) The circuit court appointed an attorney to represent Moore in post-conviction proceedings. (R.C38-39,43)

6. On September 21, 2004, Moore filed, through counsel, a "First Amended Petition for Post-Conviction Relief." (R.C46-48) The amended petition alleged that Moore had been deprived of his Sixth Amendment right to be confronted with the witnesses

against him at his trial. Specifically, the amended petition alleged that "the State's Attorney was positioned by the trial court in such a fashion as to obstruct the Petitioner's view of the witness, J.G.", and "[t]hat during cross[-]examination of the witness, J.G., the Public Defender was instructed by the trial court to stand in front of the witness, again obstructing the Petitioner's view of the witness." (R.C47) In a related claim, the amended petition alleged that Moore's public defender had provided constitutionally ineffective assistance, having "failed to timely object to the obstruction of Petitioner's view of the witness". (R.C47) Attached to the amended petition was an affidavit prepared by counsel and signed by Moore. (R.C49) In the affidavit, Moore swore that "the trial court positioned the alleged victim J.G. not on the witness stand but rather on some stairs situated behind the trial judge's bench during the questioning", and that his view of witness J.G. was thereby "obstructed." (R.C49)

7. On October 22, 2004, attorney Lawlyes filed a petition for attorney's fees. (R.C52) Attached to the petition is an invoice describing various tasks performed by Lawlyes. (R.C53) The invoice includes items such as these: "Review Mr. Moore's draft of Post Conviction Relief"; "Review Letter of Mr. Moore" (four such entries); "Visit with Robbie Moore" (two such entries); "Researched list of case and materials provided by Robbie Moore"; "Read complete trial transcript of 2000-CF-246"; and "Prepare Affidavit of Robbie Moore; Prepare First Amended Post Conviction Relief and Notice of Hearing." (R.C53)

8. On April 14, 2005, the circuit court held an evidentiary hearing on the amended petition for post-conviction relief. (Vol. IV) Robbie Moore testified that when J.G. was called to testify at Moore's trial, J.G. initially sat in a chair near the stenographer. (Vol. IV at) As J.G. sat in the chair, the trial judge questioned him. Neither the

prosecutor nor defense counsel questioned J.G. as he sat in the chair. (Vol. IV at 15-16) At some point during his testimony, J.G. moved from the chair to "[t]he step that leads up into the judge's bench." (Vol. IV at 5-6) With J.G. on the step, Moore could not see him, at all. (Vol. IV at 6) In addition, the trial judge "asked, uh, Mr. Mills [the prosecutor] and William Sohn [the defense attorney] to stand by the court stenographer to obstruct the view even further." (Vol. IV at 13) Moore recalled that the courtroom in which his trial was conducted was "[a]bout the same size" as the courtroom in which the evidentiary hearing was being held. (Vol. IV at 8)

9. The State called Larry Mills to testify at the evidentiary hearing. (Vol. IV at 17) Mills testified that he prosecuted Moore at trial. (Vol. IV at 17) Sometime before the trial, Mills told J.G. that when he testified, "he did not have to look towards the defendant's side of the courtroom." (Vol. IV at 22-23) When called to testify, J.G. sat in the witness chair. (Vol. IV at 22-23) Mills and the trial judge did not discuss any plan to obstruct Moore's view of J.G. (Vol. IV at 24-25) Nobody made any effort to obstruct Moore's view of J.G. (Vol. IV at 25) At trial, the defense did not object to the procedures surrounding J.G.'s testimony. (Vol. IV at 26) Mills did not remember anything obstructing Moore's view of J.G. (Vol. IV at 27) Mills did not recall J.G.'s moving from the witness chair during his testimony. (Vol. IV at 28)

10. After Moore and Mills testified, the post-conviction judge led the lawyers and Moore to the courtroom in which Moore's trial had been held. (Vol. IV at 33-34) The judge found that "contrary to what the defendant indicated, this courtroom is less than a quarter of the size of the courtroom where I presently sit." (Vol. IV at 34)

11. The post-conviction court indicated that it considered Moore's post-conviction testimony inconsistent with portions of the trial transcript. (Vol. IV at 50-51) Nevertheless, the court opined that the post-conviction dispute "comes down to

basically you have the assertion of Mr. Moore versus what the recollection - - his recollection versus Mr. Mills the Assistant State's Attorney's recollection." (Vol. IV at 51) The court denied the amended petition for post-conviction relief. (Vol. IV at 52-53)

12. Immediately after the evidentiary hearing, the circuit clerk filed a notice of appeal on Moore's behalf. (R.C58) The circuit court appointed the Office of the State Appellate Defender to represent Moore in his appeal from the order denying his amended petition. (Vol. IV at 53)

13. At an evidentiary hearing, the court is the finder of fact; it has the responsibility of making determinations as to the credibility of witnesses. *See* 725 ILCS 5/122-6 (West 2004); *People v. Coleman*, 183 Ill. 2d 366, 385, 701 N.E.2d 1063, 1073 (1998).

14. "At an evidentiary hearing, the burden is on the defendant to make a substantial showing of a deprivation of constitutional rights and the circuit court's decision will not be disturbed unless it is manifestly erroneous. The term 'manifest error' means error that is 'clearly evident, plain, and indisputable.'" *People v. Coleman*, 206 Ill. 2d 261, 277, 794 N.E.2d 275, 286 (2002) (citations omitted).

15. In this case, the post-conviction judge was free to believe Mills, and free to find Moore's testimony unreliable. The judge's ruling cannot reasonably be categorized as manifest error.

16. On October 25, 2005, undersigned counsel mailed Moore a letter explaining counsel's conclusion that the instant appeal lacks merit, and informing Moore of counsel's intention to ask This Court to allow the Office of the State Appellate Defender to withdraw as his attorney in the instant appeal.

17. This date, counsel is mailing to Moore a copy of the instant motion, along with

a letter informing him that he may respond to the instant motion by mailing such response to This Court at the address counsel provides in the letter, and further informing him that if he needs a copy of the common law record in order to prepare that response, he may request the record from This Court.

18. In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990 (1987), the United States Supreme Court hald that in collateral post-conviction proceedings, the United States Constitution does not require the full protection of the procedures set out in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Illinois courts have adopted this position. *See, e.g., People v. Lee*, 251 Ill. App. 3d 63, 621 N.E.2d 287 (2d Dist. 1993). Counsel is filing the instant motion in lieu of a motion under *Anders*.

WHEREFORE, the Office of the State Appellate Defender prays that This Court:

(A) Grant Moore a reasonable opportunity to show cause why the judgment of the circuit court should not be affirmed, and why the Office of the State Appellate Defender should not be allowed to withdraw as counsel on appeal; and

(B) Grant the Appellate Defender leave to withdraw as counsel for Moore in the instant appeal.

Respectfully submitted,

DANIEL M. KIRWAN
Deputy Defender

JOHN H. GLEASON
Assistant Defender
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

# No. 4-05-0325

# IN THE APPELLATE COURT OF ILLINOIS

# FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court of the Fifth Judicial Circuit, |
| Plaintiff-Appellee, | ) | Vermilion County, Illinois. |
| | ) | |
| -vs- | ) | No. 00-CF-246 |
| | ) | |
| **ROBBIE MOORE,** | ) | Honorable |
| Defendant-Appellant. | ) | Thomas J. Fahey, |
| | ) | Judge Presiding. |

## PROOF OF SERVICE

Mr. Robert Biderman
Office of the State's Attorneys
Appellate Prosecutor
725 South Second Street
Springfield, Illinois  62704

Mr. Robbie Moore
Register No. B16483
Pontiac Correctional Center
700 West Lincoln St., P.O. Box 99
Pontiac, IL  61764

Mr. Frank Young
Vermilion County State's Attorney
7 N. Vermilion
Danville, Illinois 61832

The undersigned, being first duly sworn on oath, deposes and says that she has served the required number of copies of the attached *Finley* Motion in the above-entitled cause on the above named persons on January 31, 2006, by: ✓ United States Mail ___ Personal Service ___ United Parcel Service.

_Vicki McBride_
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

SUBSCRIBED AND SWORN TO
Before me on January 31, 2006.

_Sheila Taaka_
NOTARY PUBLIC

> Official Seal
> Sheila Taaka
> Notary Public State of Illinois
> My Commission Expires 01/04/2010

(Case No. 4-05-0325)

_ADDITIONAL POINTS & AUTHORITIES_

Que

State of the Appellate Court

Fourth District

201 W. Monroe St. P.O. Box 19206

Springfeld, IL 62794-9206

Gen. No. 4-05-0325

People v. Robbie J. Noos

Tuesday, 03 July 2007 02:55:59 PM
Clerk, U.S. District Court, ILCD

E-FILED
Linda

FILED
MAR 2 8 2006
Clerk of the
Appellate Court, 4th Dist.

RECEIVED
MAR 2 9 2006
SAAP Fourth District

Dear Honorable Judge Cook,

I am coresponding with you concerning the above mentioned Appellate Case.

When Daniel M. kirwan was suposedly my Public Defender I asked to argue/appeal the entire Post Conviction Petition not merely the couple of arguements which the Curcuit Courts allowed. However John H. Gleason (whom is now handling the Petition) has not argued the entire Petition Ei either.

Mr. Cook, I put arguments in the Pro Ce Petition and the Common Law Records aswell as the 96-CF-264 Transcripts were compared, great contridictions can be seen in plain black & white.

Please allow me to give you a complete run down of this case.

EXHIBIT H

June 14th of 1996 I was improperly charged by mere Information.

The day of Trial the State Prosicuter requested the Judge to change the Title of the Agg. Criminal Sexual Assult to Preditory Criminal Sexual Assault of a child. This was Unconstitutional for two reasons, (1) it violates Due Process of Law, (2) the P.C.S.A.C. Statute had already been declared Unconstitutional by the Fourth District-Illinois Supreme Court.

During the Testimony of J.G. he gave a completely diffrent story than what he told the Investigaters.

T.C. contradicted himself aswell.

Lisa Lawless (P.D.) gave a damaging closing argument say "Mr. Moore is a run away train that should have been seen comming from a mile away". (I have raised this in the original Post Conviction Petition as In effective Assistens of Council.)

I was convicted.

At the Sentencing Hearing the State Prosicuter requested that the Truth in Sentencing Act be adopted into the Sentence (this Statute had also already been found Unconstitutional).

I was Sentenced to 67 years and I Appealed

(P. 2)

the Case.

The Fourth District Illinois Supreme Court Reversed the Case (NOT - Reversed in Part and Affirmed in Part).

Four approximately four months after the Reversal I remained incarcerated with Menard C.C.  I filed a Pro Ce Habeas Corpus, at the Hearing the Judge informed me "Mr. Moore the State Prosecuter's Office will be recharging you". She also lied and said that the Illinois Supreme Court Affirmed Count-4 of 96-CF-264 (when the Final Decission did not state any Affirmation).  The Circuit Court Recharged me improperly using mere Information yet again, and used the same Charges from 96-CF-264 to create Case Number 00-CF-246.

During the Trial of 00-CF-246 J.G. told a completely diffrent story than 96-CF-264.  J.C. stated that I allegedly sodomized him twice than turns around not even one minute later and says "I don't remember him having sex with me in my ass".

Then William Sohn gives a damaging

(P. 3)

closing argument by say "— the Defendant didn't stick his finger in Jeffrey Griffin's butt, he merely goosed him", he stated "goosed him twice.

At the Sentencing Hearing the State Prosecuter attempted to manipulate the law telling the Courts "if we give Mr. Moore 90 years he would have done more time in 97 since the Truth in Sentencing Act was used. He'd have done 85% of 67 years which if we give him 90 years under the old 50% law - is not a harsher sentence".

The Appellate Court didn't see it that way, and dropped it from 90 down to 60. I asked the P.D. to appeal to the Illinois Supreme Court. A week after my time ran out to file in the Supreme Court I received a letter and a Pro Ce filing kit that he purposely sent to Menard C.C. (after I had written him twice from Pontiac C.C. and let him know that I had been transfered from Menard to Pontiac). When I filed the Petition of Post Conviction Relief I argued Ineffective Assistance of Council. Twice at the Circuit Court and once at

(P. 4)

the Appellate Level. This left me with few options so I filed the Pro Ce Petition of Post Conviction Relief, and the Appellate Defenders don't seem to want to argue the whole Petition. If you view the Petition along with the evidence (Trial Transcripts) my Constitutional Rights have been violated, the Charging Instrument is Unlawful, there is much room for Reasonable Doubt, and this case is Void from the begining.

I ask you, your Honor to Reverse and Overturn the Circuit Court's Conviction as well as Court Order my emediate Release. Please view the entire Petition not merely the escepted two by the Circuit Court. Thankyou for your time!

                    Sincerly
            Robbie J. Moore

"If it be the Will of God, so mote/mite it be"!
            God bless!

(P. 5)

NO.  4-05-0325

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court of |
| | ) the Fifth Judicial Circuit |
| Plaintiff-Appellee, | ) Vermilion County, Illinois |
| | ) |
| vs. | ) No.  00-CF-246 |
| | ) |
| ROBBIE MOORE, | ) Honorable |
| | ) Thomas J. Fahey |
| Defendant-Appellant. | ) Judge Presiding. |

---

<u>BRIEF AND ARGUMENT FOR PLAINTIFF-APPELLEE</u>

Frank Young
State's Attorney
Vermilion County Courthouse
7 North Vermilion
Danville, Illinois  61832

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
Linda Susan McClain
Staff Attorney
State's Attorneys Appellate
       Prosecutor
725 South Second Street
Springfield, Illinois  62704
(217) 782 - 8076

COUNSEL FOR PLAINTIFF-APPELLEE


EXHIBIT I

<u>POINT AND AUTHORITIES</u>                                         <u>PAGE</u>

THE APPELLATE DEFENDER'S MOTION TO WITHDRAW AS

COUNSEL SHOULD BE GRANTED BECAUSE NO ARGUABLY

MERITORIOUS GROUNDS FOR APPEAL EXIST . . . . . . . . . . 2

<u>People</u> v. <u>Moore</u>, 295 Ill.App.3d 676, 694 N.E.2d 184

        (4th Dist. 1998) . . . . . . . . . . . . . . . 2, 6

<u>People</u> v. <u>Tellez-Vallencia</u>, 188 Ill.2d 523, 723

        N.E.2d 223 (1999) . . . . . . . . . . . . . . . 2, 6

<u>People</u> v. <u>Moore</u>, (No. 4-00-0890, December 12,

        2002, Rule 23 Order) . . . . . . . . . . . . 3, 6, 7

<u>Pennsylvania</u> v. <u>Finley</u>, 481 U.S. 551, 107 S.Ct.

        1990, 95 L.Ed.2d 539 (1987) . . . . . . . . . . . 3

<u>People</u> v. <u>Coleman</u>, 206 Ill.2d 261, 794 N.E.2d 275

        (2002) . . . . . . . . . . . . . . . . . . . . 4

<u>People</u> v. <u>Bradley</u>, 7 Ill.2d 619, 131 N.E.2d 538

        (1956) . . . . . . . . . . . . . . . . . . . . 4

<u>People</u> v. <u>Frank</u>, 48 Ill.2d 500, 272 N.E.2d 25

        (1971) . . . . . . . . . . . . . . . . . . . . 5

<u>People</u> v. <u>Izquierdo</u>, 262 Ill.App.3d 558, 634 N.E.2d

        1266 (4th Dist. 1994) . . . . . . . . . . . . . 5

<u>People</u> v. <u>Collins</u>, 153 Ill.2d 130, 606 N.E.2d

        1137 (1992) . . . . . . . . . . . . . . . . . . 5

<u>Ross</u> v. <u>Moffitt</u>, 417 U.S. 600, 94 S.Ct. 2437,

        41 L.Ed.2d 341 (1974) . . . . . . . . . . . . . 8

<u>Wainwright</u> v. <u>Torna</u>, 455 U.S. 586, 102 S.Ct. 1300,

     71 L.Ed.2d 475 (1982) . . . . . . . . . . . . . . . . 8

<u>People</u> v. <u>James</u>, 111 Ill.2d 283, 489 N.E.2d 1350

     (1986) . . . . . . . . . . . . . . . . . . . . . . . 8

<u>People</u> v. <u>Franzen</u>, 251 Ill.App.3d 813, 622 N.E.2d

     877 (2nd Dist. 1993) . . . . . . . . . . . . . . . . 8

725 ILCS 5/111-2(a) (West 1996 and 2000) . . . . . . . . 4

## NATURE OF THE CASE

Following a jury trial, defendant was convicted of three counts of aggravated criminal sexual assault and sentenced to three consecutive terms of 30 years' imprisonment.  On direct appeal, this court reduced each of defendant's three sentences to twenty years' imprisonment, the sentences to be served consecutively, but otherwise affirmed the judgment of the trial court.  He appeals from the trial court's denial of his petition for post-conviction relief following an evidentiary hearing.

ARGUMENT

THE APPELLATE DEFENDER'S MOTION TO WITHDRAW AS COUNSEL SHOULD
BE GRANTED BECAUSE NO ARGUABLY MERITORIOUS GROUNDS FOR APPEAL
EXIST.

Following a bench trial in 1997, defendant was convicted
and sentenced to 20 years' imprisonment on each of the three
counts of predatory criminal sexual assault of a child (T.C.
and J.G.) and 7 years' imprisonment on the one count of
aggravated criminal sexual abuse (A.C.), the sentences to be
served consecutively. People v. Moore, 295 Ill.App.3d 676,
694 N.E.2d 184, 185 (4th Dist. 1998). Defendant successfully
appealed and the supreme court reversed his convictions for
predatory criminal sexual assault (T.C. and J.G.), the court
finding that the crime of predatory criminal sexual assault
did not exist at the time of the offense since that offense
was created as part of an unconstitutional public act. People
v. Tellez-Vallencia & Moore, 188 Ill.2d 523, 723 N.E.2d 223,
225 (1999).

Defendant was then retried and convicted of three counts
of aggravated criminal sexual assault (T.C. and J.G.) and
sentenced to three consecutive terms of 30 years'
imprisonment. (Supp. R. Vol. I, C117; Supp. R. Vol. III, 39)
On direct appeal, this court reduced each of defendant's three
sentences to twenty years, with the sentences to be served
consecutively, but otherwise affirmed the judgment of the

2

trial court.  Defendant had also argued on direct appeal that
the evidence was insufficient to establish his guilt as to the
count involving J.G.  People v. Moore, Rule 23 Order (No. 4-
00-0890, December 12, 2002).  Neither party appealed to the
supreme court and this court issued its mandate on January 9,
2003.  (R. Vol. I, C9)

On May 27, 2003, defendant filed a pro se petition for
post-conviction relief.  (R. Vol. I, C31-C36)  The trial court
appointed an attorney to represent defendant in the post-
conviction proceedings.   (R. Vol. I, C38-C39, C43)   On
September 21, 2004, defendant filed, through counsel, a "First
Amended Petition for Post-Conviction Relief."  (R. Vol. I,
C46-C48)   On April 14, 2005, the trial court held an
evidentiary hearing on the amended petition for post-
conviction relief.  (R. Vol. IV)  The court denied the amended
petition for post-conviction relief.  (R. Vol. IV, 52-53)  The
Office of the State Appellate Defender has moved to withdraw
on appeal pursuant to Pennsylvania v. Finley, 481 U.S. 551,
107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and defendant has
responded.

### Analysis

There are several grounds supporting the trial court's
denial of defendant's post-conviction petition.   At an
evidentiary hearing, the burden is on the defendant to make a
substantial showing of a deprivation of constitutional rights
and the circuit court's decision will not be disturbed unless

3

it is manifestly erroneous.  The term "manifest error" means
error that is "clearly evident, plain, and indisputable."
People v. Coleman, 206 Ill.2d 261, 794 N.E.2d 275, 286 (2002).

As for defendant's claim that he was improperly charged
by mere information both in 1996 and again in 2000, there is
no basis for relief nor any claim for error arising out of his
trial in 1996 as the supreme court reversed his predatory
criminal sexual assault convictions in that case and a post-
conviction petition as to his aggravated criminal sexual abuse
of A.C. conviction in 1997 is untimely.  Moreover, as for both
trials, 725 ILCS 5/111-2(a) (West 1996 and 2000), provides
that:

> All prosecutions of felonies shall be by information
> or indictment.  No prosecution may be pursued by
> information unless a preliminary hearing has been
> held or waived in accordance with Section 109-3 and
> at that hearing probable cause to believe the
> defendant committed an offense was found, and the
> provisions of Section 109-3.2 of this Code have been
> complied with.

That an indictment by grand jury is not necessary to give
jurisdiction to a court in felony cases was made clear in
People v. Bradley, 7 Ill.2d 619, 131 N.E.2d 538, 540 (1956).
In this case, defendant was properly charged by information
and bound over for trial following a probable cause hearing on
June 9, 2000.  (Supp. R. Vol. C1)

As for defendant's claim that during the first trial in
1997 the trial court erroneously granted the State leave to
amend the aggravated criminal sexual assault charges to three

4

counts of predatory criminal sexual assault of a child, this claim was raised on direct appeal from the first trial and the supreme court reversed his convictions for predatory criminal sexual assault, the court finding that the crime of predatory criminal sexual assault did not exist at the time of the offense since that offense was created as part of an unconstitutional public act.  People v. Tellez-Vallencia & Moore, 188 Ill.2d 523, 723 N.E.2d 223, 225 (1999).

As for defendant's claim that he was not proved guilty beyond a reasonable doubt in 1997 or 2000, the convictions for predatory criminal sexual assault in 1997 were reversed by the supreme court and therefore this issue is moot as to them and untimely as to the 1997 conviction for aggravated criminal sexual abuse.   Moreover, it is well established that sufficiency of the evidence claims are not proper claims to be raised in post-conviction proceedings.  People v. Frank, 48 Ill.2d 500, 272 N.E.2d 25, 27 (1971); People v. Izquierdo, 262 Ill.App.3d 558, 634 N.E.2d 1266, 1268 (4th Dist. 1994). Further, determinations of the reviewing court on the prior direct appeal are res judicata as to issues actually decided and issues that could have been presented on appeal and that were not are deemed waived.  People v. Collins, 153 Ill.2d 130, 606 N.E.2d 1137, 1140 (1992).  Defendant had argued on direct appeal from the 1997 trial that the evidence was insufficient to establish his guilt as to all counts and on direct appeal from the 2000 trial that the evidence was

5

insufficient to establish his guilt as to the count involving J.G. People v. Moore, 295 Ill.App.3d 676, 694 N.E.2d 184, 187-188 (4th Dist. 1998); People v. Moore, Rule 23 Order (No. 4-00-0890, December 12, 2002). This claim as to the counts alleging aggravated criminal sexual abuse of A.C. and aggravated criminal sexual assault of J.G. is clearly res judicata as it was raised previously on direct appeal. This claim as to the counts alleging aggravated criminal sexual assault of T.C. is clearly waived as it could have been raised on direct appeal but was not.

As for defendant's claim of ineffective assistance of trial counsel during the 1997 trial, this issue has no basis for relief as to the reversed convictions and is untimely as to the remaining conviction.

As for defendant's claim that he was erroneously held after the reversal of his convictions, the State asserts that the supreme court reversed his predatory criminal sexual assault convictions of T.C. and J.G. but did not reverse his conviction for aggravated criminal sexual abuse of A.C. People v. Tellez-Valencia, 188 Ill.2d 523, 723 N.E.2d 223 (2000). The only issue on appeal to the supreme court concerned the predatory criminal sexual assault convictions, and not the other conviction. The aggravated criminal sexual abuse of A.C. conviction had been affirmed by this court. People v. Moore, 295 Ill.App.3d 676, 694 N.E.2d 184, 188 (4th Dist. 1998).

As for defendant's contention that the prosecutor attempted to manipulate the law at his 2000 sentencing, this is the issue he was successful on before this court in People v. Moore, Rule 23 Order (No. 4-00-0890, December 12, 2002). The State had argued on appeal that the 30-year sentence imposed after his second trial was not an increase in sentence as the more generous good-conduct credit available on resentencing made the 30-year sentence comparable to the 20-year sentence imposed under Truth-in-Sentencing. The appellate court disagreed and stated that it was merely speculation as to the extent the original court considered Truth-in-Sentencing in imposing the 20-year sentence. The appellate court found that as the court intended to impose the same sentence as before, the sentence should be 20 years.

As for defendant's contention that his attorney was ineffective in 2000 for arguing during closing that the defendant may have just "goosed" J.G. instead of sticking his finger in his anus as J.G. had testified that his pants and underpants were on (Supp. R. Vol. III, 30), this issue could have been raised on direct appeal but was not and defense counsel's attempt to paint defendant's touching as a misunderstood non-sexual "goosing" is an unchallengeable trial tactic.

As for defendant's contention in his response to appellate counsel's Finley motion to withdraw that he asked his public defender to appeal to the Illinois Supreme Court and the public

7

defender did not, this is the first time he has raised this issue. Therefore, it is waived. Morever, the right to appointed counsel extends to the first appeal of right and no further. Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 2443, 41 L.Ed.2d 341 (1974) (fundamental fairness exacted by due process clause does not require appointment of counsel in discretionary appeals to the State's highest court or in petitioning for review to the United States Supreme Court). Therefore, counsel's failure to timely file for discretionary review in a state's highest court does not deprive a defendant of effective assistance of counsel. Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); People v. James, 111 Ill.2d 283, 489 N.E.2d 1350, 1354 (1986). Finally, defendant's mere assertions in his pro se response to appellate counsel's Finley motion are not adequate proof that he communicated his wishes to counsel. See People v. Franzen, 251 Ill.App.3d 813, 622 N.E.2d 877, 885 (2nd Dist. 1993).

Because no arguably meritorious grounds for appeal exist, the appellate defender should be allowed to withdraw as counsel and the order denying the petition should be affirmed.

8

CONCLUSION

WHEREFORE, the PEOPLE OF THE STATE OF ILLINOIS respectfully request that the motion to withdraw as counsel be allowed and that the judgment of the circuit court be affirmed.

Respectfully submitted,

THE PEOPLE OF THE STATE OF ILLINOIS

Frank Young
State's Attorney
Vermilion County Courthouse
7 North Vermilion
Danville, Illinois  61832

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
Linda Susan McClain
Staff Attorney
State's Attorneys Appellate
        Prosecutor
725 South Second Street
Springfield, Illinois  62704
(217) 782 - 8076

COUNSEL FOR PLAINTIFF-APPELLEE

NO: 4-05-0325

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court of |
| | ) | the Fifth Judicial Circuit |
| Plaintiff-Appellee, | ) | Vermilion County, Illinois |
| | ) | |
| Vs. | ) | No. 00-CF-246 |
| | ) | |
| ROBBIE MOORE, | ) | Honorable |
| | ) | Thomas J. Fahey |
| Defendant-Appellant. | ) | Judge Presiding. |

<u>NOTICE AND PROOF OF SERVICE</u>

TO:   Darryl Pratscher, Clerk,           Daniel Kirwan, Deputy Defender
      Fourth District Appellate Court     Office of the St.Apel.Dfndr.
      201 W. Monroe, P.O. Box 19206       Fifth Judicial District
      Springfield, IL 62794-9206          117 N. Tenth St., Suite 300
                                          Mt. Vernon, IL  62864

                                          Robbie Moore
                                          No. B-16483 - P.O. Box 99
                                          Pontiac Correctional Center
                                          Pontiac, IL 61764

The undersigned certifies that six copies of Plaintiff-Appellee's Brief and Argument were delivered to the Clerk of the Appellate Court; and three copies of same were served upon the parties listed above by enclosing said copies in envelopes addressed as indicated above, and by depositing said envelopes, with postage fully prepaid, in the U.S. Mail in Springfield, Illinois, on this 21st day of April, 2006.

Subscribed and sworn to                  _____
before me on this 21st                   Carol Smith, Secretary
day of April, 2006.                      State's Attorneys Appellate
                                                   Prosecutor

_____
NOTARY PUBLIC

OFFICIAL SEAL
SHIRLEY BAGBY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-27-2007

**E-FILED**
Tuesday, 03 July, 2007 02:52:28 PM
Clerk, U.S. District Court, ILCD

**RECEIVED**

JUL 1 1 2006

**SAAP Fourth District**

**FILE COPY**



STATE OF ILLINOIS

# APPELLATE COURT

FOURTH DISTRICT
201 W. MONROE STREET
P.O. BOX 19206
SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

COUNSEL WILL PLEASE NOTE:

If you intend to appeal to the Supreme Court you must file a
Petition for Rehearing within 21 days (by *August 1, 2006*)
from the date of this judgment (Rule 367(a)).

IF A PETITION FOR REHEARING IS NOT FILED, our Mandate will issue
to the Circuit Court on *August 15, 2006*.

IF A PETITION FOR REHEARING IS FILED, our mandate will issue 35
days after the Order IF DENIED.

THIS TIME SCHEDULE DOES NOT SHORTEN THE TIME FOR FILING IN THE
SUPREME COURT.  It does prevent recall of a mandate.

We solicit your cooperation in this schedule so that we may
expedite our case load and issue our mandates as soon as
possible.


ALSO PLEASE NOTE: OPINIONS ONLY

Attached to the enclosed copy of the Opinion in this case is a
cover sheet indicating the manner in which counsel will be listed
in the various reports of this Opinion.  If your name is
incorrectly listed, or if a name has been incorrectly included or
omitted, please immediately convey that information to this
office at 217-782-2586.  Please also inform the Reporter of
Decisions at 309-827-8513 so that a correct listing of counsel
can be made in the official and unofficial reports of this case.

Thank you.


DARRYL PRATSCHER, Clerk
Appellate Court
Fourth District

DP:mjs

EXHIBIT J

```
Rule 23 Order Filed:   07/11/06 A

Oral Argument Held:

Justices:              Honorable John T. McCullough, J.

                       Honorable Sue E. Myerscough, J. - CONCUR

                       Honorable James A. Knecht, J. - CONCUR




Chief Judge  _____

Other        _____
```

```
06/09/06                ILLINOIS APPELLATE COURT          PAGE  24
APBFSPRB.P                   FOURTH DISTRICT               4-05-0325
                             ---FACT SHEET---              SC Rule 606


4-05-0325    THE PEOPLE OF THE STATE OF ILLINOIS,    STATUS:    ACTIVE
                     Plaintiff-Appellee,             AUTHOR:    JTM
                     v.                              PANEL:     SEM JAK
             ROBBIE MOORE,                           RECUSALS:
                     Defendant-Appellant.            SUBMITTED: 06/08/06
                                                     ASSIGNED:
                                                     READY:     05/16/06


TRIAL JUDGE: Fahey, Thomas J.                   CNTY: Vermilion (5)
TRIAL COURT NO.: 00CF246


Appellant
     ATTORNEY: Daniel M. Kirwan
               Dep. Defender, Office of State Aplt. Defender
               117 N. Tenth Street, Suite 300
               Mt. Vernon, IL  62864
               618/244-3466
               618/244-8471
          FEE:      WVD  DATE:                RECEIPT NO.:
               COURT APPOINTED
               APPEARANCE ENTER DATE: 07/05/05
     ATTORNEY: John H. Gleason
               Assistant Defender, Office of State Aplt.Defender
               730 E. Illinois Highway 15, POB 2430
               Mt. Vernon, IL  62864-0047
               618/244-3466
        PARTY: Robbie Moore
               REG NO: B16483
               Pontiac Correctional Center
               PO Box 99
               Pontiac, IL  61764
               (815)842-2816
               AC DESG: Appellant     TC DESG: Defendant
               IN CUSTODY
--------------------------------------------------------------------
Appellee
     ATTORNEY: Frank Young
               State's Attorney
               7 North Vermilion Street
               Danville, IL  61832
          FEE:      WVD  DATE:                RECEIPT NO.:
     ATTORNEY: Norbert J. Goetten Director
               State's Attorneys Appellate Prosecutor
               725 S. Second St.
               Springfield, IL  62704
     ATTORNEY: Robert J. Biderman
               Dep. Dir., State's Attorneys Aplt. Prosecutor
               725 S. Second Street
               Springfield, IL  62704
               217/782-1628
     ATTORNEY: Linda Susan McClain
               Staff Attorney, State's Attorneys Aplt. Prosecutor
               725 S. Second Street
               Springfield, IL  62704
               217/782-8076
        PARTY: People
```

06/09/06                    ILLINOIS APPELLATE COURT          PAGE   25
APBFSPRB.P                       FOURTH DISTRICT              4-05-0325
                               ---FACT SHEET---              SC Rule 606

                AC DESG: Appellee        TC DESG: Plaintiff
--------------------------------------------------------------------------
                    **** END OF FACT SHEET ****

NO. 4-05-0325

FILED
JUL 11 2006
CLERK OF THE
APPELLATE COURT, 4TH DIST.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| ROBBIE MOORE, | ) | No. 00CF246 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Fahey, |
| | ) | Judge Presiding. |

ORDER

Defendant, Robbie Moore, appeals from the denial of his postconviction petition.  We affirm.

Following a bench trial in 1997, defendant was convicted and sentenced to 20 years' imprisonment on each of three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1 (West 1996) and seven years' imprisonment for one count of aggravated criminal sexual abuse (720 ILCS 5-12-16(d) (West 1994), the sentences to be served consecutively.  Defendant successfully appealed, and the supreme court reversed his convictions for predatory criminal sexual assault, finding the crime of predatory criminal sexual assault did not exist at the time of the offense since that offense was created as part of an unconstitutional public act.  People v. Tellez-Vallencia, 188 Ill. 2d 523, 526, 723 N.E.2d 223, 225 (1999).

Defendant was retried and a jury found defendant guilty of three counts of aggravated criminal sexual assault.  720 ILCS 5/12-14(b)(1) (West 1994).  The trial court sentenced defendant

to three consecutive terms of 30 years' imprisonment.  Defendant
appealed, arguing (1) the State failed to notify defendant of an
intent to ask the court to admit into evidence statements under
section 115-10 of the Code of Criminal Procedure of 1963 (Code)
(725 ILCS 5/115-10 (West 2000)), and he was entitled to a new
hearing to determine the admissibility of those statements, (2)
he was not proven guilty beyond a reasonable doubt, (3) he was
entitled to a new sentencing hearing because he received a longer
sentence after retrial following a successful appeal, and (4) he
was entitled to 1,439 days' additional sentencing credit.  This
court reduced defendant's sentences to 20 years' imprisonment for
each count, to be served consecutively, and affirmed, in all
other respects, the convictions and sentences as modified.
People v. Moore, No. 4-00-0890 (December 12, 2002) (unpublished
order under Supreme Court Rule 23).

On May 27, 2003, defendant filed a pro se petition for
postconviction relief from his first and second trials, arguing
(1) this court did not properly consider relevant case law, (2)
the State did not prove all elements of his guilt beyond a
reasonable doubt, (3) the trial court denied his sixth amendment
right to confront his accuser, (4) his trial counsel was
ineffective for failing to object to the placement of the child-
victim out of defendant's line of sight as the child was
testifying, (5) his trial counsel was ineffective for failing to
impeach all the State's witnesses, (6) his trial counsel should
have tendered a "lesser offence [sic] instruction," and (7) his

- 2 -

appellate counsel was ineffective for failing to raise the above issues on direct appeal.

On June 19, 2003, in a written order, the trial court dismissed defendant's postconviction claims regarding his first conviction as patently without merit. However, the court did find defendant's allegation regarding the placement of the child victim during the child's testimony of possible constitutional dimension and appointed counsel for defendant. On September 21, 2004, appointed counsel filed a first amended petition for postconviction relief, arguing during the testimony of the child victim, the State's Attorney and defense counsel were positioned by the trial court in such a fashion as to obstruct defendant's view of the witness, and defendant's trial counsel was ineffective for failing to timely object to the obstruction in view. In support of his first amended petition for postconviction relief, defendant signed an affidavit in support of the above allegations. Defendant stated because his view of the witness was obstructed, he was unable to see the child's facial expressions or judge his demeanor, and as a result, was unable to effectively aid his attorney during the cross-examination of the witness.

On April 14, 2005, an evidentiary hearing was held on defendant's first amended petition for postconviction relief. Defendant testified that J.G. was called to testify at defendant's retrial. Initially, J.G. sat near the stenographer, but at some point during his testimony he moved and sat on the

step that led to the judge's bench.  Defendant testified he was
unable to see J.G. once he moved and was unable to effectively
assist his attorney during the cross-examination of the child.
On cross-examination, defendant described the layout of the
courtroom where his retrial took place.  He also testified that
the trial judge instructed the Assistant State's Attorney and
defendant's attorney to stand in such a way so the child could
only see the judge, the jury and the attorney asking questions.
Defendant testified he did not request to see the witness at any
time.

 The State called Larry Mills, Assistant State's
Attorney, to testify.  Mills prosecuted each of the two cases
against defendant.  He testified defendant's original trial and
retrial were each held in different court rooms, and he described
the courtroom where the retrial was conducted.  Mills testified
the child was "petrified" to testify.  To calm the child, Mills
explained that he would not have to look at the defendant while
testifying, but could instead look at the jury or at the person
asking questions.  Mills testified the judge then asked the child
a few questions and gave the child a toy monkey to hold while he
was testifying.  Mills stated there was no discussion between the
judge and the attorneys regarding obstructing defendant's view of
the witness.  Mills also testified he did not recall the child
leaving the stand at any point during his testimony.  The court
then journeyed to the courtroom where defendant's retrial was
held.  For the record, the judge described the courtroom's

- 4 -

dimensions and set up.  The court then denied defendant's first amendment petition for postconviction relief.  This appeal followed, and the Office of the State Appellate Defender (OSAD) was appointed to represent defendant.

On appeal, OSAD has motioned this court for leave to withdraw as counsel pursuant to Pennslyvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987).  Defendant responded to OSAD's motion, arguing OSAD did not properly argue defendant's entire postconviction petition.  In addition, defendant maintains his constitutional rights have been violated, the charging instrument was unlawful, and he was not proven guilty beyond a reasonable doubt.  The State agrees with OSAD that no meritorious grounds for appellate relief exist.

In postconviction proceedings, review of evidentiary hearings are subject to the manifestly erroneous standard.  People v. Chatman, 357 Ill. App. 3d 695, 704, 830 N.E.2d 21, 30 (2005). In such a hearing, the judge is the finder of fact, and it is function of the court to determine the credibility of witnesses, decide the weight to be given to individual testimony and resolve any conflicts therein.  Chatman, 357 Ill. App. 3d at 704, 830 N.E.2d at 30.  This court may not substitute its judgment for that of the trial court and will not reverse the trial court's decision unless it is clearly evident, plain and indisputable that the decision was erroneous.  Chatman, 357 Ill. App. 3d at 704, 830 N.E.2d at 30.

In denying defendant's first amended petition for

- 5 -

postconviction relief, the trial court noted defendant
incorrectly described the courtroom where his first trial took
place rather than the courtroom where his retrial was held.  In
addition, the court stated the transcript of defendant's retrial
did not reveal that the child ever moved from the witness stand.
Rather, the only evidence defendant presented was his own
recollection of events, which was directly contradicted by Mills.
The trial court found Mills more credible, and that decision is
not manifestly erroneous.

As to defendant's claim that OSAD did not properly
review his entire postconviction petition, we note the only claim
presented in defendant's first amended petition for
postconviction relief involved the alleged deprivation of his
constitutional right to confront his accuser.  Defendant's pro se
postconviction petition was not before the trial court and not at
issue on appeal.

Defendant's claim that the charging instrument was
defective is forfeited on review as it could have been raised on
direct appeal and was not, and his claim that he was not proven
guilty beyond a reasonable doubt was decided on direct appeal and
is barred by the doctrine of res judicata. (See People v.
Whitfield, 217 Ill. 2d 177, 183, 840 N.E.2d 658, 663 (2005),
finding any issues which could have been raised on direct appeal,
but were not, are procedurally defaulted, and any issues which
have previously been decided by a reviewing court are barred by
the doctrine of res judicata).

- 6 -

For the foregoing reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the trial court's judgment.

Affirmed.

McCULLOUGH, J., with MYERSCOUGH and KNECHT, JJ., concurring.

- 7 -

NO. 103157

E-FILED
Tuesday, 03 Ju... PM
Clerk, U.S. Dis... LCD

ORIGINAL

IN THE

SUPREME COURT OF

THE STATE OF ILLINOIS

PEOPLE ~~OF THE~~ STATE OF ILLINOIS      PETITION FOR LEAVE TO APPEAL

~~PLAINTIFF-APPELLEE~~
RESPONDENT

FROM THE APPELLATE COURT FOR

THE FOURTH JUDICIAL DISTRICT

VS                                       NO. 4-05-0325

                                         THERE HEARD ON APPEAL FROM THE

                                         CIRCUIT COURT OF VERMILION

ROBBIE MOORE                             COUNTY, ILLINOIS. NO. 00-CF-246

PETITIONER, ~~APPELLANT~~                HONORABLE
                                         THOMAS J. FAHEY
                                         JUDGE PRESIDING



PETITION FOR LEAVE TO APPEAL



BY: *Robbie Moore*
    ROBBIE MOORE
    B-16483
    P.O. BOX 99
    PONTIAC. IL. 61764

35-081506
R-071106
No RH

**FILED**

AUG 2 - 2006

**SUPREME COURT CLERK**

EXHIBIT K

No. _____

IN THE SUPREME COURT
OF THE STATE OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | PETITION FOR LEAVE TO APPEAL FROM |
| PLAINTIFF - APPELLEE | THE APPELLATE COURT FOR THE |
| | FOURTH JUDICIAL DISTRICT |
| | NO. 4-05-0325 |
| VS | THERE HEARD ON APPEAL FROM THE |
| | CIRCUIT COURT OF VERMILION COUNTY, |
| ROBBIE MOORE | ILLINOIS. NO. 00-CF-246 |
| PETITIONER- APPELLANT | HONORABLE, THOMAS J. FAHEY |
| | JUDGE PRESIDING |

TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF
THE STATE OF ILLINOIS

MAY IT PLEASE THE COURT:

PRAYER FOR LEAVE TO APPEAL

ROBBIE MOORE, PETITIONER, APPELLANT, BY AND THROUGH HIM-SELF PRO-SE, RESPECTFULLY AND HUMBLY MOVES THIS HONORABLE COURT PURSUANT TO SUPREME COURT RULES 315 AND 612, FOR LEAVE TO FILE HIS APPEAL, FROM THE DECISION OF THE APPELLATE COURT OF ILLINOIS, FOURTH JUDICIAL DISTRICT, WHICH AFFIRMED THE DISMISSAL OF PETITIONER'S POST CONVICTION PETITION, AND APPELLATE COUNSEL'S, MOTION TO WITHDRAW, PURSUANT TO A "FINLEY" BRIEF.

# HISTORY OF THE CASE

PETITIONER STATES, THAT A HISTORY OF THE CASE, THE PROCEDURAL BACKGROUND AND THE STATEMENT OF FACTS IS CONTAINED WITH IN APPELLATE ATTORNEY'S, MOTION TO WITHDRAW, AND THE COURTS OPINION'S UNDER A RULE 23 RULING IN WHICH PETITIONER NO LONGER HAS COPIES OF THOSE RULE 23 OPINION'S, AND HAS BEEN UNABLE TO RE-OBTAIN SAID DOCUMENTS/OPINION'S BASED UPON COUNSEL'S REFUSAL TO FOREWARD SAID COPIES TO THE PETITIONER.

HOWEVER, FOR THIS HONORABLE COURTS CONSIDERATION, PETITIONER HAS ATTACHED HERETO, A COPY OF COUNSEL'S MOTION TO WITHDRAW, MARKED AS EXHIBIT A, AND A COPY OF THE FOURTH JUDICIAL DISTRICT'S OPINION, FILED JULY 11, 2006, MARKED AS EXHIBIT B, AND A COPY OF PETITIONER'S, FIRST AMENDED PETITION FOR POST-CONVICTION RELIEF, MARKED AS EXHIBIT C, AND A COPY OF THE COLLOQUY OF RECORD, FROM THE TESTIMONY OF THE MINOR PROSECUTRIX J.G., MARKED AS EXHIBIT D, FOR THIS COURTS CONSIDERATION IN ORDER TO ANSWER THE QUESTION OF, WHETHER OR NOT, PETITIONER'S CONSTITUTIONAL RIGHT'S TO CONFRONT HIS ACCUSER WAS VIOLATED BY THE COURT'S, AND A.S.A. ACTIONS, AND IN FULL AGREEMENT WITH PETITIONER'S TRIAL COUNSEL. FOR THE RECORD (EX. D, ATTACHED), SUPPORTS

THE FACT THAT J.G. NEVER MADE AN IN COURT IDENTIFICATION, WAS NOT THE FIRST WITNESS CALLED BY THE STATE, AND NO TIMELY OBJECTION'S TO THIS SET-UP BY THE COURT AND A.S.A! THUS, VIOLATION'S OF THE MANDATED PROCEDURE'S OF SECTION 115-10

MOREOVER, PETITIONER HEREIN HUMBLY REQUEST'S OF THIS HONORABLE COURT TO TAKE "JUDICIAL NOTICE", THAT THIS PETITIONER DOES NOT UNDERSTAND THE PROPER MANNER WITH IN WHICH TO RAISE, OR PROPERLY ARGUE THE POINTS RELIED ON FOR REVERSAL FROM THE JUDGMENT OF THE APPELLATE COURTS OPINION OR, HOW TO PROPERLY RAISE ARGUMENT TO THE APPELLATE COURTS DECISION. WHEREAS PETITIONER HAS HAD TO SEEK HELP FROM THE PARALEGALS HERE, MERELY TO TIMELY REQUEST LEAVE TO APPEAL TO THIS HONORABLE COURT.

HOWEVER, PETITIONER IS BEING ADVISED BY THE PARALEGALS HERE THAT SEVERAL ERROR'S/VIOLATION'S HAVE OCCURRED DURING THE PROCEEDING'S, TRIAL, SENTENCING, AND WITH SEVERAL MOTION'S/ PLEADING'S FILED SINCE THE CONVICTION, WHICH HAVE BEEN OVER-LOOKED/BYPASSED OR, MISUNDERSTOOD. WHEREAS PETITIONER'S BELIEF OF SUCH ERROR'S/VIOLATION'S ARE REINFORCED BY THE ASSISTANCE OF THESE PARALEGALS. WHEREAS, BASED UPON THOSE ERROR'S/VIOLATION'S, PETITIONER'S BELIEF OF BEING

4

DENIED A FAIR AND IMPARTIAL TRIAL, AND BEING DENIED EFFECTIVE ASSISTANCE OF APPOINTED ATTORNEY'S, PETITIONER'S BELIE'S ARE REAFFIRMED.

ADDITIONALLY, PETITIONER WOULD REQUEST OF THIS HONORABLE COURT TO TAKE "JUDICIAL NOTICE" OF THE APPELLATE COURT'S OPINION, BASED ON THE FACT THAT SAID OPINION SUPPORTS PETITIONER'S BELIEF OF THE COURT'S ERROR. IN THAT, UNDER THE SUPREME COURTS OPINION OF <u>PEOPLE V. RIVERA</u>, 763 N.E.2D 306, WHEREAS THIS COURT STATED, THAT IT WAS TRIAL COURTS ERROR, FOR THE CIRCUIT COURT JUDGE TO DISMISS CERTAIN CLAIMS/ISSUE'S, WHILE OTHER ISSUE'S/CLAIMS WOULD BE PERMITED TO ADVANCE, WITH THE APPOINTMENT OF COUNSEL. FOR SAID OPINION, (EX.8) MAKES CLEAR THAT THE CIRCUIT COURT JUDGE DID DISMISS SEVERAL OF PETITIONER'S ISSUE'S RAISED, BUT, PERMITED ONE ISSUE TO ADVANCE, AND TO BE AMENDED. THUS, ERROR WAS CREATED BY THE COURT'S ACTION'S.

THEREFORE PETITIONER STATES, THAT HE IS OF THE BELIEF THAT THE FOLLOWING CASE LAW CONTROL'S THIS INSTANT CAUSE OF ACTION, IN WHICH PETITIONER HUMBLY REQUEST'S THAT HIS LEAVE TO APPEAL WILL BE GRANTED.

1) THE ILLINOIS SUPREME COURT OPINION OF, <u>PEOPLE V. RIVERA</u>, 763 N.E.2D 306, WHEREAS THIS HONORABLE COURT STATED, THAT

THE TRIAL COURT JUDGE ERRED WHEN DISMISSING SEVERAL OF THE PETITIONERS ISSUE'S/CLAIMS RAISED WITHIN HIS PRO-SE POST CONVICTION PETITION, AND PERMITING OTHER ISSUES/CLAIMS TO ADVANCE, WITH THE APPOINTMENT OF COUNSEL. THUS, ERROR OCCURRED WITHIN THE COURTS EVIDENTIARY RULING.

2) <u>PEOPLE V. SMITH</u>, 582 N.E. 2D 317, WHICH STATES THAT, THE STATE HAS TO GIVE <u>NOTICE</u> OF THEIR INTENT TO PROCEED WITH A 115-10 HEARING. WHEREAS IN THIS INSTANT CAUSE OF ACTION <u>NO</u> NOTICE WAS TENDERED.

3) <u>PEOPLE V. BRADLEY</u>, 526 N.E. 2D 916, WHICH STATES THAT, UNDER THE CORROBORATIVE COMPLAINT PROVISIONS OF 115-10, NO DETAILS <u>OR</u>, IN COURT IDENTIFICATION CAN BE SUSTAINED UNTIL THE MINOR PROSECUTRIX HAS TESTIFIED, AND HAS MADE AN IN COURT IDENTIFICATION. WHEREAS, EX. D, ATTACHED SUPPORTS THE FACT THAT J.G., WAS NOT THE STATES FIRST WITNESS CALLED, AND THE STATE <u>DID NOT</u> REQUEST/HAVE J.G. MAKE AN IN COURT IDENTIFICATION OF THE PETITIONER. THUS, ERROR WAS CREATED BY THE STATES ROTATION OF WITNESS, AND OTHER'S WHO DID MAKE AN IN COURT IDENTIFICATION, AND TESTIFIED TO DETAILS OF THE COMPLAINT, THUS DENING PETITIONER HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL.

4) <u>PEOPLE V. LOFTON</u>, 708 N.E. 2D 569, WHERE THAT COURT STATED, THAT ERROR OCCURRED OF PETITIONER'S RIGHT TO CONFRONT THE ALLEGED VICTIM, WHERE THE COURT'S SET-UP OBSTRUCTED PETITIONER'S VIEW OF THE MINOR PROSECUTRIX WHEN TESTIFING. WHEREAS SAID CASE IS FACTUALLY SIMILAR TO PETITIONER'S. WHEREAS, THE COURT'S INSTRUCTIONS DENIED PETITIONER'S CONSTITUTIONAL RIGHT TO CONFRONT ALL STATE WITNESS: THUS, ERROR WAS CREATED BY THE COURTS SET-UP WHEN THE MINOR PROSECUTRIX WAS TESTIFING BEFORE THE COURT.

THEREFORE, WHEN CONSIDERATING THESE ERROR'S/VIOLATION'S SUPPORTED BY THE RECORD, AND CITED CASE LAW, THE PETITIONER HUMBLY REQWEST'S THAT THIS HONORABLE COURT GRANT THE RELIEF REQUESTED BY, PERMITING THIS INSTANT CAUSE TO PROCEED IN THIS HONORABLE COURT, OR IN THE ALTERNATIVE, ENTER AN ORDER TO THE APPELLATE COURT GRANTING PETITIONER AN OPPORTUNITY TO HAVE ALL ISSUE'S PROPERLY BRIEFED FOR REVIEW, <u>OR</u>, REMAND THIS CAUSE BACK TO THE CIRCUIT COURT, GRANTING PETITIONER AN EVIDENTIARY HEARING TO DETERMINE THE PREJUDICIAL EFFECT ENDURED BY TRIAL COUNSEL'S FAILURE TO OBJECT, AND THE STATE'S VIOLATION'S WHEN DEALING WITH THE 115-10 HEARING, AND OR, THE TRIAL COURT'S RULING, WHICH CREATED THE ERROR, AND ALL ELSE, JUST AND PROPER.

RESPECTFULLY SUBMITTED

Robbie Moose

7

**STATE OF ILLINOIS**            )
                                 )SS
**COUNTY OF**                    )


## AFFIDAVIT


I, _Robbie Moore_ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

(1) There is Ineffective Assistance of Council at the Circuit Court (3 times), and at the Appellate level (2 times).

(2) The Language that Creates the Statute of Aggravated Criminal Sexual Assault causes the Statute to be Unconstitutional.

(3) the Accusers severally contridicted themselves.


Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.


Signed on this _25th_ day of _July_ , 200_6_.


_Robbie Moore_
                                 **Affiant**

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, _Robbie Moore_, affiant, do hereby declare and affirm under penalty of perjury as defined in 735 ILCS 5/1-109, 28 USC 1746 or 18 USC 1621 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing document(s) is/are known to me and is/are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this _25th_ day of _July_____,
200_6_.

_Robbie Moore_____
**Affiant**



# No. 4-05-0325

# IN THE APPELLATE COURT OF ILLINOIS

# FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | of the Fifth Judicial Circuit, |
|    Plaintiff-Appellee, | ) | Vermilion County, Illinois. |
| | ) | |
| -vs- | ) | No. 00-CF-246 |
| | ) | |
| **ROBBIE MOORE,** | ) | Honorable |
|    Defendant-Appellant. | ) | Thomas J. Fahey, |
| | ) | Judge Presiding. |

## MOTION TO WITHDRAW AS COUNSEL ON APPEAL

Now comes the Office of the State Appellate Defender (OSAD), the defendant's court-appointed attorney on appeal, by Assistant Defender John H. Gleason, and moves that This Court grant it leave to withdraw as counsel.

In support of its motion, OSAD states the following:

1. On May 24, 2000, the State filed an information charging Robbie J. Moore with three counts of aggravated criminal sexual assault. (Supp. Vol. I at R.C1-2) T.C. was the complainant in Counts I and II. J.G. was the complainant in Count III. The information alleged that both T.C. and J.G. were under the age of 13 years at the time of the alleged acts.

2. Trial by jury commenced on July 27, 2000. (Supp. Vol. II) On that date, the State called J.G. to testify. (Supp. Vol. II at R.75) J.G. testified. (Supp. Vol. II at R.76-89) The trial concluded on July 28, 2000 (Supp. Vol. III), with the return of guilty verdicts on all three counts. (Supp. Vol. III at R.39)

3. On September 6, 2000, the circuit court sentenced Moore to thirty years' imprisonment on each of the three counts, with the sentences to run consecutively. (R.C117) Moore appealed. (R.C121)

4. On direct appeal in App. Ct. No. 4-00-0890, Moore argued that (1) the State had failed to give him adequate notice of its intent to introduce evidence of out-of-court statements allegedly made by Moore's alleged child victims; (2) the evidence was insufficient to establish Moore's guilt as to the count involving J.G.; (3) his sentences were impermissibly lengthy; and (4) he was entitled to additional sentencing credit. This Court reduced each of Moore's three sentences to twenty years, with the sentences to be served consecutively, but otherwise affirmed the judgment of the circuit court. This Court remanded the cause for issuance of an amended judgment of sentence. *People v. Moore*, No. 4-00-0890 (December 12, 2002). On remand, the circuit court complied with the instruction of This Court, entering a written judgment sentencing Moore to twenty years' imprisonment for each of the three counts of aggravated criminal sexual assault, with the sentences to be served consecutively. (R.C26)

5. On May 27, 2003, Moore filed a *pro se* Petition for Post-Conviction Relief. (R.C31-36) The petition raised various points, including a claim that the trial judge had positioned J.G. and the lawyers in ways that obstructed Moore's view of J.G., thus depriving Moore of his right to confront one of his accusers. (R.C34) The circuit court appointed an attorney to represent Moore in post-conviction proceedings. (R.C38-39,43)

6. On September 21, 2004, Moore filed, through counsel, a "First Amended Petition for Post-Conviction Relief." (R.C46-48) The amended petition alleged that Moore had been deprived of his Sixth Amendment right to be confronted with the witnesses

against him at his trial. Specifically, the amended petition alleged that "the State's Attorney was positioned by the trial court in such a fashion as to obstruct the Petitioner's view of the witness, J.G.", and "[t]hat during cross[-]examination of the witness, J.G., the Public Defender was instructed by the trial court to stand in front of the witness, again obstructing the Petitioner's view of the witness." (R.C47) In a related claim, the amended petition alleged that Moore's public defender had provided constitutionally ineffective assistance, having "failed to timely object to the obstruction of Petitioner's view of the witness". (R.C47) Attached to the amended petition was an affidavit prepared by counsel and signed by Moore. (R.C49) In the affidavit, Moore swore that "the trial court positioned the alleged victim J.G. not on the witness stand but rather on some stairs situated behind the trial judge's bench during the questioning", and that his view of witness J.G. was thereby "obstructed." (R.C49)

7. On October 22, 2004, attorney Lawlyes filed a petition for attorney's fees. (R.C52) Attached to the petition is an invoice describing various tasks performed by Lawlyes. (R.C53) The invoice includes items such as these: "Review Mr. Moore's draft of Post Conviction Relief"; "Review Letter of Mr. Moore" (four such entries); "Visit with Robbie Moore" (two such entries); "Researched list of case and materials provided by Robbie Moore"; "Read complete trial transcript of 2000-CF-246"; and "Prepare Affidavit of Robbie Moore; Prepare First Amended Post Conviction Relief and Notice of Hearing." (R.C53)

8. On April 14, 2005, the circuit court held an evidentiary hearing on the amended petition for post-conviction relief. (Vol. IV) Robbie Moore testified that when J.G. was called to testify at Moore's trial, J.G. initially sat in a chair near the stenographer. (Vol. IV at) As J.G. sat in the chair, the trial judge questioned him. Neither the

prosecutor nor defense counsel questioned J.G. as he sat in the chair. (Vol. IV at 15-16) At some point during his testimony, J.G. moved from the chair to "[t]he step that leads up into the judge's bench." (Vol. IV at 5-6) With J.G. on the step, Moore could not see him, at all. (Vol. IV at 6) In addition, the trial judge "asked, uh, Mr. Mills [the prosecutor] and William Sohn [the defense attorney] to stand by the court stenographer to obstruct the view even further." (Vol. IV at 13) Moore recalled that the courtroom in which his trial was conducted was "[a]bout the same size" as the courtroom in which the evidentiary hearing was being held. (Vol. IV at 8)

9. The State called Larry Mills to testify at the evidentiary hearing. (Vol. IV at 17) Mills testified that he prosecuted Moore at trial. (Vol. IV at 17) Sometime before the trial, Mills told J.G. that when he testified, "he did not have to look towards the defendant's side of the courtroom." (Vol. IV at 22-23) When called to testify, J.G. sat in the witness chair. (Vol. IV at 22-23) Mills and the trial judge did not discuss any plan to obstruct Moore's view of J.G. (Vol. IV at 24-25) Nobody made any effort to obstruct Moore's view of J.G. (Vol. IV at 25) At trial, the defense did not object to the procedures surrounding J.G.'s testimony. (Vol. IV at 26) Mills did not remember anything obstructing Moore's view of J.G. (Vol. IV at 27) Mills did not recall J.G.'s moving from the witness chair during his testimony. (Vol. IV at 28)

10. After Moore and Mills testified, the post-conviction judge led the lawyers and Moore to the courtroom in which Moore's trial had been held. (Vol. IV at 33-34) The judge found that "contrary to what the defendant indicated, this courtroom is less than a quarter of the size of the courtroom where I presently sit." (Vol. IV at 34)

11. The post-conviction court indicated that it considered Moore's post-conviction testimony inconsistent with portions of the trial transcript. (Vol. IV at 50-51) Nevertheless, the court opined that the post-conviction dispute "comes down to

basically you have the assertion of Mr. Moore versus what the recollection - - his recollection versus Mr. Mills the Assistant State's Attorney's recollection." (Vol. IV at 51) The court denied the amended petition for post-conviction relief. (Vol. IV at 52-53)

12. Immediately after the evidentiary hearing, the circuit clerk filed a notice of appeal on Moore's behalf. (R.C58) The circuit court appointed the Office of the State Appellate Defender to represent Moore in his appeal from the order denying his amended petition. (Vol. IV at 53)

13. At an evidentiary hearing, the court is the finder of fact; it has the responsibility of making determinations as to the credibility of witnesses. *See* 725 ILCS 5/122-6 (West 2004); *People v. Coleman*, 183 Ill. 2d 366, 385, 701 N.E.2d 1063, 1073 (1998).

14. "At an evidentiary hearing, the burden is on the defendant to make a substantial showing of a deprivation of constitutional rights and the circuit court's decision will not be disturbed unless it is manifestly erroneous. The term 'manifest error' means error that is 'clearly evident, plain, and indisputable.'" *People v. Coleman*, 206 Ill. 2d 261, 277, 794 N.E.2d 275, 286 (2002) (citations omitted).

15. In this case, the post-conviction judge was free to believe Mills, and free to find Moore's testimony unreliable. The judge's ruling cannot reasonably be categorized as manifest error.

16. On October 25, 2005, undersigned counsel mailed Moore a letter explaining counsel's conclusion that the instant appeal lacks merit, and informing Moore of counsel's intention to ask This Court to allow the Office of the State Appellate Defender to withdraw as his attorney in the instant appeal.

17. This date, counsel is mailing to Moore a copy of the instant motion, along with

a letter informing him that he may respond to the instant motion by mailing such response to This Court at the address counsel provides in the letter, and further informing him that if he needs a copy of the common law record in order to prepare that response, he may request the record from This Court.

18. In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990 (1987), the United States Supreme Court hald that in collateral post-conviction proceedings, the United States Constitution does not require the full protection of the procedures set out in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Illinois courts have adopted this position. *See*, *e.g.*, *People v. Lee*, 251 Ill. App. 3d 63, 621 N.E.2d 287 (2d Dist. 1993). Counsel is filing the instant motion in lieu of a motion under *Anders*.

WHEREFORE, the Office of the State Appellate Defender prays that This Court:

(A) Grant Moore a reasonable opportunity to show cause why the judgment of the circuit court should not be affirmed, and why the Office of the State Appellate Defender should not be allowed to withdraw as counsel on appeal; and

(B) Grant the Appellate Defender leave to withdraw as counsel for Moore in the instant appeal.

Respectfully submitted,

DANIEL M. KIRWAN
Deputy Defender

JOHN H. GLEASON
Assistant Defender
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

# No. 4-05-0325

# IN THE APPELLATE COURT OF ILLINOIS

# FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) ) | Appeal from the Circuit Court of the Fifth Judicial Circuit, |
|   Plaintiff-Appellee, | ) ) | Vermilion County, Illinois. |
| -vs- | ) ) | No. 00-CF-246 |
| **ROBBIE MOORE,** | ) ) | Honorable |
|   Defendant-Appellant. | ) ) | Thomas J. Fahey, Judge Presiding. |

## PROOF OF SERVICE

Mr. Robert Biderman
Office of the State's Attorneys
Appellate Prosecutor
725 South Second Street
Springfield, Illinois 62704

Mr. Robbie Moore
Register No. B16483
Pontiac Correctional Center
700 West Lincoln St., P.O. Box 99
Pontiac, IL 61764

Mr. Frank Young
Vermilion County State's Attorney
7 N. Vermilion
Danville, Illinois 61832

    The undersigned, being first duly sworn on oath, deposes and says that she has served the required number of copies of the attached *Finley* Motion in the above-entitled cause on the above named persons on January 31, 2006, by: ✓ United States Mail ___ Personal Service ___ United Parcel Service.

_Vicki McBride_
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

SUBSCRIBED AND SWORN TO
Before me on January 31, 2006.

_Sheila Taaka_
NOTARY PUBLIC

| Official Seal |
|---|
| Sheila Taaka |
| Notary Public State of Illinois |
| My Commission Expires 01/04/2010 |

NO. 4-05-0325

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED

JUL 1 1 2006

CLERK OF THE
APPELLATE COURT, 4TH DIST.

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| ROBBIE MOORE, | ) | No. 00CF246 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Fahey, |
| | ) | Judge Presiding. |

ORDER

Defendant, Robbie Moore, appeals from the denial of his postconviction petition. We affirm.

Following a bench trial in 1997, defendant was convicted and sentenced to 20 years' imprisonment on each of three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1 (West 1996) and seven years' imprisonment for one count of aggravated criminal sexual abuse (720 ILCS 5-12-16(d) (West 1994), the sentences to be served consecutively. Defendant successfully appealed, and the supreme court reversed his convictions for predatory criminal sexual assault, finding the crime of predatory criminal sexual assault did not exist at the time of the offense since that offense was created as part of an unconstitutional public act. People v. Tellez-Vallencia, 188 Ill. 2d 523, 526, 723 N.E.2d 223, 225 (1999).

Defendant was retried and a jury found defendant guilty of three counts of aggravated criminal sexual assault. 720 ILCS 5/12-14(b)(1) (West 1994). The trial court sentenced defendant

to three consecutive terms of 30 years' imprisonment.  Defendant

appealed, arguing (1) the State failed to notify defendant of an

intent to ask the court to admit into evidence statements under

section 115-10 of the Code of Criminal Procedure of 1963 (Code)

(725 ILCS 5/115-10 (West 2000)), and he was entitled to a new

hearing to determine the admissibility of those statements, (2)

he was not proven guilty beyond a reasonable doubt, (3) he was

entitled to a new sentencing hearing because he received a longer

sentence after retrial following a successful appeal, and (4) he

was entitled to 1,439 days' additional sentencing credit.  This

court reduced defendant's sentences to 20 years' imprisonment for

each count, to be served consecutively, and affirmed, in all

other respects, the convictions and sentences as modified.

People v. Moore, No. 4-00-0890 (December 12, 2002) (unpublished

order under Supreme Court Rule 23).

On May 27, 2003, defendant filed a pro se petition for

postconviction relief from his first and second trials, arguing

(1) this court did not properly consider relevant case law, (2)

the State did not prove all elements of his guilt beyond a

reasonable doubt, (3) the trial court denied his sixth amendment

right to confront his accuser, (4) his trial counsel was

ineffective for failing to object to the placement of the child-

victim out of defendant's line of sight as the child was

testifying, (5) his trial counsel was ineffective for failing to

impeach all the State's witnesses, (6) his trial counsel should

have tendered a "lesser offence [sic] instruction," and (7) his

- 2 -

appellate counsel was ineffective for failing to raise the above issues on direct appeal.

On June 19, 2003, in a written order, the trial court dismissed defendant's postconviction claims regarding his first conviction as patently without merit. However, the court did find defendant's allegation regarding the placement of the child victim during the child's testimony of possible constitutional dimension and appointed counsel for defendant. On September 21, 2004, appointed counsel filed a first amended petition for postconviction relief, arguing during the testimony of the child victim, the State's Attorney and defense counsel were positioned by the trial court in such a fashion as to obstruct defendant's view of the witness, and defendant's trial counsel was ineffective for failing to timely object to the obstruction in view. In support of his first amended petition for postconviction relief, defendant signed an affidavit in support of the above allegations. Defendant stated because his view of the witness was obstructed, he was unable to see the child's facial expressions or judge his demeanor, and as a result, was unable to effectively aid his attorney during the cross-examination of the witness.

On April 14, 2005, an evidentiary hearing was held on defendant's first amended petition for postconviction relief. Defendant testified that J.G. was called to testify at defendant's retrial. Initially, J.G. sat near the stenographer, but at some point during his testimony he moved and sat on the

- 3 -

step that led to the judge's bench. Defendant testified he was unable to see J.G. once he moved and was unable to effectively assist his attorney during the cross-examination of the child. On cross-examination, defendant described the layout of the courtroom where his retrial took place. He also testified that the trial judge instructed the Assistant State's Attorney and defendant's attorney to stand in such a way so the child could only see the judge, the jury and the attorney asking questions. Defendant testified he did not request to see the witness at any time.

The State called Larry Mills, Assistant State's Attorney, to testify. Mills prosecuted each of the two cases against defendant. He testified defendant's original trial and retrial were each held in different court rooms, and he described the courtroom where the retrial was conducted. Mills testified the child was "petrified" to testify. To calm the child, Mills explained that he would not have to look at the defendant while testifying, but could instead look at the jury or at the person asking questions. Mills testified the judge then asked the child a few questions and gave the child a toy monkey to hold while he was testifying. Mills stated there was no discussion between the judge and the attorneys regarding obstructing defendant's view of the witness. Mills also testified he did not recall the child leaving the stand at any point during his testimony. The court then journeyed to the courtroom where defendant's retrial was held. For the record, the judge described the courtroom's

- 4 -

dimensions and set up.  The court then denied defendant's first
amendment petition for postconviction relief.  This appeal
followed, and the Office of the State Appellate Defender (OSAD)
was appointed to represent defendant.

On appeal, OSAD has motioned this court for leave to
withdraw as counsel pursuant to Pennsylvania v. Finley, 481 U.S.
551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987).  Defendant
responded to OSAD's motion, arguing OSAD did not properly argue
defendant's entire postconviction petition.  In addition,
defendant maintains his constitutional rights have been violated,
the charging instrument was unlawful, and he was not proven
guilty beyond a reasonable doubt.  The State agrees with OSAD
that no meritorious grounds for appellate relief exist.

In postconviction proceedings, review of evidentiary
hearings are subject to the manifestly erroneous standard.
People v. Chatman, 357 Ill. App. 3d 695, 704, 830 N.E.2d 21, 30
(2005).  In such a hearing, the judge is the finder of fact, and
it is function of the court to determine the credibility of
witnesses, decide the weight to be given to individual testimony
and resolve any conflicts therein.  Chatman, 357 Ill. App. 3d at
704, 830 N.E.2d at 30.  This court may not substitute its
judgment for that of the trial court and will not reverse the
trial court's decision unless it is clearly evident, plain and
indisputable that the decision was erroneous.  Chatman, 357 Ill.
App. 3d at 704, 830 N.E.2d at 30.

In denying defendant's first amended petition for

- 5 -

postconviction relief, the trial court noted defendant
incorrectly described the courtroom where his first trial took
place rather than the courtroom where his retrial was held.    In
addition, the court stated the transcript of defendant's retrial
did not reveal that the child ever moved from the witness stand.
Rather, the only evidence defendant presented was his own
recollection of events, which was directly contradicted by Mills.
The trial court found Mills more credible, and that decision is
not manifestly erroneous.

       As to defendant's claim that OSAD did not properly
review his entire postconviction petition, we note the only claim
presented in defendant's first amended petition for
postconviction relief involved the alleged deprivation of his
constitutional right to confront his accuser.    Defendant's pro se
postconviction petition was not before the trial court and not at
issue on appeal.

       Defendant's claim that the charging instrument was
defective is forfeited on review as it could have been raised on
direct appeal and was not, and his claim that he was not proven
guilty beyond a reasonable doubt was decided on direct appeal and
is barred by the doctrine of res judicata. (See People v.
Whitfield, 217 Ill. 2d 177, 183, 840 N.E.2d 658, 663 (2005),
finding any issues which could have been raised on direct appeal,
but were not, are procedurally defaulted, and any issues which
have previously been decided by a reviewing court are barred by
the doctrine of res judicata).

- 6 -

For the foregoing reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the trial court's judgment.

Affirmed.

McCULLOUGH, J., with MYERSCOUGH and KNECHT, JJ., concurring.

STATE OF ILLINOIS
SUPREME COURT

At a Term of the Supreme Court, begun and held in Springfield, on Monday, the thirteenth day of November, 2006.

Present: Robert R. Thomas, Chief Justice

| | |
|---|---|
| Justice Charles E. Freeman | Justice Thomas R. Fitzgerald |
| Justice Thomas L. Kilbride | Justice Rita B. Garman |
| Justice Lloyd A. Karmeier | Justice Anne M. Burke |

---

On the twenty-ninth day of November, 2006, the Supreme Court entered the following judgment:

No. 103157

| | |
|---|---|
| People State of Illinois, | Petition for Leave to Appeal from Appellate Court Fourth District 4-05-0325 00CF246 |
|     Respondent | |
|     v. | |
| Robbie Moore, | |
|     Petitioner | |

The Court having considered the Petition for leave to appeal and being fully advised of the premises, the Petition for leave to appeal is DENIED.

As Clerk of the Supreme Court of the State of Illinois and keeper of the records, files and Seal thereof, I certify that the foregoing is a true copy of the final order entered in this case.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the Seal of said Court, this fourth day of January, 2007.

*Juleann Hornyak*

Clerk,
Supreme Court of the State of Illinois

**E-FILED**
Tuesday, 03 July, 2007  02:52:59 PM
Clerk, U.S. District Court, ILCD

103157

**SUPREME COURT OF ILLINOIS
CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

November 29, 2006


Hon. Lisa Madigan
Attorney General, Criminal Appeals Div.
100 West Randolph St., 12th Floor
Chicago, IL 60601

No. 103157 - People State of Illinois, respondent, v. Robbie
            Moore, petitioner.  Leave to appeal, Appellate
            Court, Fourth District.


    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.


    The mandate of this Court will issue to the Appellate Court

on January 4, 2007.


EXHIBIT L