# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| ROBBIE MOORE, )<br>)<br>   Petitioner, )<br>v. )<br>)<br>TERRY McCANN, Warden, )<br>)<br>   Respondent. ) | Case No. 07-CV-2062 |

## OPINION

On April 9, 2007, Petitioner Robbie Moore filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. For the following reasons, the Petition is DENIED.

### BACKGROUND

In 1997, following a bench trial, Petitioner was convicted of three counts of predatory criminal sexual assault of a child and one count of aggravated sexual abuse. The predatory criminal sexual assault convictions were based on two acts of oral sexual penetration with eleven-year-old T.C. and one act of digital sexual penetration with six-year-old J.G. The aggravated sexual abuse conviction was based on an act of fondling an eleven-year-old girl. Petitioner was sentenced to three consecutive terms of twenty years' imprisonment for the predatory criminal sexual assault convictions and a consecutive seven-year term for aggravated sexual abuse.

In 1999, the Illinois Supreme Court reversed Petitioner's three convictions for predatory criminal sexual assault, ruling that the crime of predatory criminal sexual assault did not exist at the time of the misconduct as the offense was created as part of an unconstitutional public act. Petitioner's conviction and sentence for aggravated sexual abuse were unaffected by the judgment.

On May 24, 2000, Petitioner was charged with three counts of aggravated criminal sexual assault for the above-mentioned alleged acts of oral and digital sexual penetration. Petitioner chose a trial by jury, and was found guilty on all three counts in the Circuit Court of Vermillion County. The trial court sentenced him to three consecutive thirty-year terms.

Petitioner appealed to the Appellate Court of Illinois, Fourth District, arguing that: (1) he was entitled to a new sentencing hearing because he received a longer term of imprisonment upon retrial after successful appeal; (2) the State's failure to notify him of its intent to admit hearsay statements under Section 115-10 of the Code of Criminal Procedure (725 ILCS 5/115-10(d)) required a new hearing; (3) he was not proven guilty beyond a reasonable doubt of sexually assaulting J.G.; and (4) he was entitled to additional days of sentencing credit. On December 12, 2002, the state appellate court affirmed Petitioner's convictions, but remanded with instructions to reduce Petitioner's sentences to twenty-year terms for each count, to be served consecutively. Petitioner did not file a petition for leave to appeal (PLA) in the Illinois Supreme Court.

On September 21, 2004, Petitioner filed an amended petition for post-conviction relief[1] in the Circuit Court of Vermillion County, arguing that: (1) his Sixth Amendment right to be confronted with the witnesses called against him was violated during trial when the attorneys were instructed to stand between him and J.G. during the latter's testimony so as to obstruct Petitioner's view of the witness; and (2) his trial counsel was ineffective for failing to make a timely objection to the obstruction of Petitioner's view of the witness.

---

[1] On May 21, 2003, Petitioner filed a pro se petition for post-conviction relief in the Circuit Court of Vermillion County. On June 19, 2003, the court appointed counsel for Petitioner. The amended petition was filed with counsel.

On April 14, 2005, an evidentiary hearing was held on Petitioner's first amended petition for post-conviction relief. The trial court ultimately denied the petition, and Petitioner appealed to the state appellate court. Petitioner's attorney filed a motion to withdraw as counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987).  Petitioner argued that: (1) counsel was ineffective for not arguing his entire post-conviction petition properly; (2) the trial court erred in denying relief for his Sixth Amendment claim; (3) his charging instrument was unlawful; and (4) he was not proven guilty beyond a reasonable doubt. On July 11, 2006, the appellate court affirmed the denial of Petitioner's post-conviction petition.

On August 2, 2006, Petitioner filed a PLA in the Illinois Supreme Court.  He argued that: (1) his constitutional rights to confront his accuser were violated by the actions of the court, the state's attorney, and his own counsel at trial; (2) the trial court violated the procedures of Section 115-10 when J.G. did not make an in-court identification and was not the first witness called by the state, thereby infringing on his right to a fair and impartial jury; (3) the trial court improperly dismissed some of the claims in his pro se post-conviction petition while letting others be brought in the amended petition; (4) the State's failure to notify petitioner of its intent to admit statements under section 115-10 of the Code of Criminal Procedure requires a new hearing to determine the admissibility of those statements; (5) he was denied the effective assistance of counsel "(3 times)" at the trial level and "(2 times)" at the appellate level; (6) the language in the aggravated criminal sexual assault statute was unconstitutional; and (7) the evidence is insufficient because there were inconsistencies in J.G.'s testimony. On November 29, 2006, the Illinois Supreme Court denied Petitioner's PLA.

On April 9, 2007, Petitioner filed the instant Petition for Writ of Habeas Corpus (#4)[2] in this court. Petitioner brings several claims: (1) the evidence was insufficient to convict him because J.G.'s testimony was inconsistent; (2) his trial counsel was ineffective for making a damaging statement about Petitioner during her closing argument; (3) his appellate counsel was ineffective; (4) his double jeopardy rights were violated when he was recharged following reversal by the state supreme court; (5) the charging instrument was unconstitutional; (6) he was wrongfully incarcerated after the Illinois Supreme Court reversed his first convictions without filing an order of immediate release; and (7) his right to a fair trial was violated when his accuser, J.G., was not asked to identify the accused at trial.  On July 3, 2007, Respondent filed her Answer to Petitioner's Petition for Writ of Habeas Corpus (#10).  On July 16, 2007, Petitioner filed his Response (#12).  On July 18, 2007, Respondent filed a Reply (#14).

ANALYSIS

A. Non-Cognizable Claims

District Courts have jurisdiction to entertain petitions for habeas relief from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lowery v. Young, 887 F.2d 1309, 1312 (7th Cir. 1989) ("The 'in custody' requirement is jurisdictional."). The Supreme Court has construed this to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

---

[2] On March 28, 2008, Petitioner filed a Motion to Dismiss/Deny Respondent's Motion for Leave to Substitute Counsel of Record. As Respondent's Motion to Substitute Attorney, filed March 17, 2008 was granted by this court on March 24, 2008, Petitioner's motion is DENIED as moot.
   On April 17, 2008, Petitioner filed a Motion to Supplement his Petition for Writ of Habeas Corpus. This motion is GRANTED.

1. Wrongful Incarceration Claim

Petitioner claims that he was wrongfully incarcerated for four to six months following the reversal of his original convictions for Predatory Criminal Sexual Assault. Petitioner ostensibly claims that because the Illinois Supreme Court's final judgment stated "reversed" and not "reversed in part, affirmed in part," his conviction for aggravated criminal sexual abuse was likewise reversed, and he should not have been held under the corresponding seven-year sentence. The contested conviction was imposed in 1997. When Petitioner filed the instant petition in March of 2007, the seven-year sentence had run and he was no longer in custody under this conviction. Petitioner's attack on the validity of this conviction is therefore not cognizable by this court and is DENIED.

2. Ineffective Assistance of Trial Counsel Claim

Petitioner alleges that his counsel performed ineffectively at trial. In support of this claim, Petitioner asserts that, during her closing argument, the Public Defender made a statement "that was damaging to the Defense." This allegation is made in the context of a description of Petitioner's first trial, and therefore can only be interpreted as an attack on the convictions issuing from that trial. In his response, Petitioner specifies that Lisa Lovelace, his appointed counsel in the first trial, stated that "Defendant is a runaway train that should have been seen coming from a mile away." Because three of the convictions were reversed and the sentence on the fourth conviction has been served, Petitioner is not in custody under any conviction sustained as a result of the proceedings, and therefore his claim of ineffective assistance of trial counsel is not cognizable by this court and is DENIED.

B. Procedurally Defaulted Claims

A federal court may generally grant a petition for a writ of habeas corpus only where "the applicant has exhausted the remedies available in the courts of the State" and where the applicant has not procedurally defaulted his claims. 28 U.S.C. § 2254(b)(1)(A); <u>Farrell v. Lane</u>, 939 F.2d 409, 410

(7th Cir. 1991). Designed to give the state courts an opportunity to pass on constitutional claims before they are presented in federal court, the doctrine of procedural default "preclude[s] a federal court from reaching the merits of a habeas claim when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). To avoid procedural default, "state prisoners must . . . invoke[ ] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Illinois, a full round of appeals includes the filing of a petition for leave to appeal to the Illinois Supreme Court. Boerckel, 526 U.S. at 846. The independent and adequate state ground doctrine further "applies to bar federal habeas [review] when a state court declined to address a prisoner's federal claim because the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

A district court will entertain a petition for habeas relief despite procedural default where "the petitioner demonstrates cause for the default and prejudice resulting therefrom . . . or, alternatively, he convinces a court that a miscarriage of justice would result if his claim were not entertained on the merits." Perruquet, 390 F.3d at 514 (citations omitted). To establish cause, Petitioner "must show that some external impediment blocked him from asserting his federal claim in state court." Perruquet, 390 F.3d at 514-15. To establish prejudice, he must show that errors at his trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Perruquet, 390 F.3d at 515, quoting U.S. v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original). To establish a miscarriage of justice, Petitioner "must demonstrate that he is actually innocent of the crime for which he was convicted - that is, he must convince the court that no

reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." Perruquet, 390 F.3d at 515, citing Schulp v. Delo, 513 U.S. 298, 327-29 (1995).

### 1. Double Jeopardy Claim

Petitioner contests his three convictions for aggravated criminal sexual assault on the grounds that he was re-charged with these violations following reversal by the state supreme court and thereby violating his double jeopardy rights. This claim was never raised in state court, and is therefore procedurally defaulted. See Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995) (noting that failure to raise a claim in state court bars consideration on habeas review). Petitioner has not made an argument of cause and prejudice or miscarriage of justice to excuse this procedural default, and his claim is therefore DENIED.

### 2. Ineffective Assistance of Trial Counsel Claim

In his response, Petitioner asserts that during his trial in 2000, his attorney gave ineffective assistance when he made the statement "the Defendant didn't stick his finger in J.G.'s butt, he merely goosed him." This claim was not raised in the state court proceedings and is therefore procedurally defaulted. Petitioner has made no arguments in support of either the cause and prejudice exception or the miscarriage of justice exception. Accordingly, his claim of ineffective assistance of trial counsel is DENIED.

### 3. Violation of Right to a Fair Trial Claim

Petitioner argues that his right to a fair trial was denied when his accuser, J.G., was not asked to identify the accused during testimony. Petitioner, however, failed to present this claim for a full round of review in the Illinois courts: he raised it for the first time in his PLA to the Illinois Supreme Court appealing from the dismissal of his post-conviction petition. His claim, therefore, is procedurally defaulted. As Petitioner advances no arguments in support of either exception (cause

and prejudice or miscarriage of justice), his claim is DENIED.

### 4. Unconstitutional Charging Instrument Claim

Petitioner claims that the instrument used to charge him for the three counts of aggravated criminal sexual assault was unconstitutional. In state court, Petitioner raised this point only on appeal from the dismissal of his post-conviction petition. The Illinois Appellate Court dismissed the argument as forfeited on state procedural grounds, stating the claim should have been raised on direct appeal. By raising this claim only once in state court, Petitioner has not submitted it for a full round of review, and it is therefore procedurally defaulted. In addition, the Illinois Appellate Court disposed of the claim on state procedural grounds, which qualifies as an independent and adequate state ground for procedural default. See Coleman, 501 U.S. at 729-30. Petitioner raises no arguments in support of either the cause and prejudice exception or the miscarriage of justice exception. Therefore, his claim is DENIED as procedurally defaulted.

### 5. Insufficient Evidence Claim

Petitioner argues that his right to a fair trial was violated when the evidence was insufficient to prove him guilty beyond a reasonable doubt. He cites the fact that witness testimony was at times contradictory and alleges that his accusers perjured themselves. While it appears to this court that this claim could be procedurally defaulted, the court will address the claim on its merits.

A defendant is protected by the Due Process Clause against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). In federal habeas corpus proceedings, the "court has a duty to assess the historic facts when it is called upon to apply a constitutional standard to a conviction obtained in a state court." Jackson v. Virginia, 443 U.S. 307, 318 (1979). On review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original). On habeas review, the question becomes whether it was "objectively unreasonable for the Illinois Appellate Court to conclude that any rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found the essential elements of [aggravated criminal sexual assault] beyond a reasonable doubt." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003).

Petitioner was convicted of aggravated criminal sexual assault which, under then-current state law, required proof beyond a reasonable doubt that (1) the perpetrator is at least 17 years old and (2) committed an act of sexual penetration (3) with a victim under 13 years of age. 720 ILCS 5/12-14(b)(1) (1994). On appeal, Petitioner challenged the sufficiency of the evidence showing element (2), and the Illinois Appellate Court asked "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." Though the court cited state case-law, the standard applied by the court faithfully follows the standard laid out in Jackson. To show sexual penetration, the appellate court continued, "the testimony of the victim alone is sufficient," if credible. Petitioner challenges the credibility of J.G.'s testimony, as the child testified in the first trial that the incident took place in the kitchen and then, three years later, testified that it took place in the living room. The appellate court concluded that "[t]he jury could reasonably infer that penetration occurred from J.G.'s testimony that [Petitioner] put his finger in J.G.'s butt." Petitioner presents no evidence other than the aforementioned allegations of perjury, and therefore this court has no reason to believe that it was unreasonable for the Illinois Appellate Court to conclude that the evidence was sufficient to support Petitioner's conviction. Therefore, Petitioner's claim of insufficient evidence is DENIED.

### C. Ineffective Assistance of Appellate Counsel Claim

In his petition for writ of habeas corpus, Petitioner alleges that his appointed counsel was ineffective on appeal. However, he fails to identify counsel's conduct that he would categorize as constituting ineffective assistance. According to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must not only specify the grounds for relief, but state the facts supporting each ground. To be granted, any habeas corpus petition must meet these heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). Petitioner's ineffective assistance of appellate counsel claim is impermissibly vague and undeveloped in light of this rule, and is accordingly DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Dismiss/Deny Motion for Leave to Substitute Counsel of Record (#18) is DENIED as moot.

(2) Petitioner's Motion to Supplement his Petition for Writ of Habeas Corpus (#19) is GRANTED.

(3) Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#4) is DENIED.

(4) This case is terminated.

ENTERED this 20th day of June, 2008.

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE